IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,
          Plaintiff

          v.

COMMONWEALTH OF PENNSYLVANIA,
NINTH JUDICIAL DISTRICT,
CUMBERLAND COUNTY,

          and

CUMBERLAND COUNTY,

          and

S. GARETH GRAHAM, Individually

          and

JOSEPH OSENKARSKI, Individually
          Defendants

No.:  1:CV 01-0725

JUDGE KANE

FILED
HARRISBURG

JUL 0 5 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**BRIEF IN SUPPORT OF MOTION TO DISMISS FILED BY
CUMBERLAND COUNTY, OSENKARSKI AND GRAHAM**

I.     **STATEMENT OF THE FACTS**

In this action Barbara Varner sues the Commonwealth of Pennsylvania, 9th Judicial District [hereinafter "the Court"] and Cumberland County [hereinafter "the County"] under Title VII of the Civil Rights Act of 1964 for sexual discrimination, sexual harassment, and retaliation for asserting her claims of sexual discrimination.  Varner asserts that she is an employee of both the Court and the County although only the Court has the power to hire, discharge, and supervise her.

In Court II of the Complaint Varner sues the County, Graham and Osenkarski under the Pennsylvania Human Relations Act for sexual discrimination and retaliatory

conduct. Graham and Osenkarski are alleged to have directly discriminated against Varner and to have conspired "with the County and Court to engage in acts which violate the PHRA". No facts are pled to support the conclusion a conspiracy existed. The Court is not a defendant to the PHRA action.

The factual allegations of the Complaint assert numerous individual instances of alleged harassment by Graham. Varner alleges that she complained about these instances of harassment to Graham's supervisor, Osenkarski, who took no remedial action. Varner further alleges that Osenkarski himself has made inappropriate sexual comments in her presence. Varner alleges that as a consequence of her sex she has been given less desirable assignments than male probation officers and works under desperate and unfavorable terms and conditions of employment.

Varner alleges that she has complained to the County's director of Human Resources about Graham and Osenkarski's conduct which led to an investigation in which remedial recommendations were made that the County and Court refused to implement.

Varner further alleges that she was told by the Court's President Judge that she would just have to put up with the individual defendants' conduct and was restricted by the Judge from entering certain areas of the Courthouse where she needed to be to do her job.

Varner alleges that in December of 2000 she applied for a position as Program Director of the Cumberland County Appointed Special Advocate (CASA) Program, that she was the best applicant for the position, and was offered the position provided she rescind her charges of discrimination.

Varner alleges that she is an employee of the Court "to the extent that the Court has the statutory authority to hire, discharge and supervise her". She alleges she is an employee of the County "to the extent that the County sets her salary and compensation, she is subject to the County's personnel policies, she has been issued a County identification badge, and she has been referred to the County's personnel office to make her complaints of discrimination".

Varner claims entitlement to back pay, compensatory and punitive damages, and counsel fees.

## II.  ARGUMENT

### A.  If the Court and the County are joint employers as alleged by Plaintiff, the County shares in the Court's judicial immunity and therefore be dismissed from Count II of the Complaint arising under the Pennsylvania Human Relations Act.

Paragraph 10 of the Complaint states: "Varner is an employee of the County to the extent that the County sets her salary and compensation, she is subject to the County's personnel policies, she has been issued a County Identification Badge, and she has been referred to the County's Personnel Office to make her complaints of discrimination." Paragraph 11 states: "Varner is an employee of the Court to the extent that the Court has the statutory authority to hire, discharge, and supervisor her.

Count I of the Complaint, arising under the provisions of Title VII names both the Court and the County as her employer and seeks the joint payment of damages from each Defendant. Count II, however, arising under the provisions of the Pennsylvania Human Relations Act, names only the County as Plaintiff's employer and is completely silent with respect to the Court.

Plaintiff's decision not to include the Court as party defendant in Count II is an inevitable consequence of the decision of the Supreme Court of Pennsylvania in First Judicial District of Pennsylvania v. Pennsylvania Human Relations Commission, 727 A.2d 1110 (Pa. 1999).  The issue there was whether the PHRC could assert jurisdiction over the Court in its capacity as an employer.[1]  An adult probation officer alleged that she was sexually harassed by a coworker who was subsequently suspended for thirty days and assigned to a different location.  Previous case law could be summarized as allowing the PHRC's involvement in some aspects of Court personnel policies and practices, but not others.  In First Judicial District the Supreme Court held that the PHRC has no jurisdiction of any type over the Courts because of the separation of powers doctrine.  The Supreme Court held that it was self evident that if the PHRC imposed methods of employee selection or supervision or discharge, or directed that certain working conditions rather than others must apply, Judges would have lost the power to control these aspects of the operation of the Courts.  Thus, the Court held as a principle of black letter law that a non judicial agency's involvement in running the Courts can never survive constitutional scrutiny, for no matter how innocuous the involvement may seem, the fact remains that if an agency of the executive branch instructs a court on its employment policies, of necessity, the Courts themselves are not supervising their operations.

Because the Court is, therefore, immune from suit under the PHRA, the County, if it is a joint employer with the Court as alleged by Plaintiff, should share that immunity.  Cumberland County acknowledges that under existing case precedent it is possible that

---

[1] Interestingly, the Plaintiff probation worker in First School District was not deemed a joint employee of the County as Varner alleges here.

it could be a joint employer with the Court.  See <u>Graves v. Lowery</u>, 117 F.3d 723 (3rd Cir. 1997).  Thus, if the Plaintiff has pled a joint employer relationship, for purposes of this Motion, the County must be considered a joint employer with the Court.

It is important to note that in this action the Plaintiff seeks not only monetary damages but injunctive relief.  Specifically, she seeks "a permanent injunction against continuing acts of discrimination and retaliation against Plaintiff for having reported instances of unlawful discrimination."  Alleged discriminatory conduct she seeks enjoined would require:

(1)    The Plaintiff being awarded additional seniority time over and above what she already has.  See Complaint, Paragraph 20 (d).

(2)    A change in the time when Plaintiff would be permitted to leave the office for Juvenile commitment trips.  See Complaint, Paragraph 20 (g).

(3)    A change in the work rules applicable to the Plaintiff.  See Complaint, Paragraph 20 (h).

(4)    A change in the areas of the Courthouse where Plaintiff is permitted to travel.  See Complaint, Paragraph 32 (b).

(5)    A change in her job position from Probation Officer to Program Director of the Cumberland County Court Appointed Special Advocate (CASA) Program.  See Complaint, Paragraph 32 (c).

Should the County be required to implement these remedies, it is certainly clear that the County will have to impact on the Court's ability to supervise its own operations or implement its own employment policies, the identical result prohibited by <u>First Judicial District</u>, supra.

5

Under the "Joint Employer" theory of liability the County and the Court are treated as one single employer. Requiring the County to correct employment practices relating to individuals who, by law, are hired, discharged and supervised by the Court is no different from requiring the Court to do these same things. It is the inevitable end result of the "Joint Employer" theory.

In view of these consequences it becomes readily apparent and logical that the County must share the Court's judicial immunity articulated in the First Judicial District, supra. To do otherwise would permit the PHRC to negatively impact the Court's ability to implement its own employment policies - a consequence which the Supreme Court of Pennsylvania appears to forbid in all circumstances. Therefore, Cumberland County should be dismissed as a Defendant to Count II of Plaintiff's Complaint.

**B.      Defendants Osenkarski and Graham are not subject to liability in their individual capacity under the provisions of the Pennsylvania Human Relations Act.**

Well established authority from this Court supports the proposition that supervisors and co-employees cannot be sued for employment discrimination in their individual capacities under the ADA, Title VII, or the Pennsylvania Human Relations Act (PHRA). Violanti v. Emery Worldwide A-CF Company, 847 F. Supp. 1251 (M.D. Pa. 1994).

In Violanti the Court examined the question of whether defendants could be sued in their individual capacities under the ADA, Title VII, or PHRA in the context of a defense motion to dismiss. While the Court acknowledged that at the time the circuit courts were split on the issue of individual liability under Title VII, ADA and PHRA, the Court ultimately concluded that it was not the intent of congress to establish a cause of

6

action for employment discrimination against individuals, supervisors and co-employees. Indeed, the Court stated that the proper focus is on the employer as a tool for eradicating discrimination in the workplace. 847 F. Supp. at 1256. Granting the motion to dismiss the defendants in their individual capacities, the Violanti Court held, in pertinent part:

> "Of all of the reasons expressed for permitting or not permitting or not permitting individual liability, we find those not extending liability the most persuasive and will follow their holdings. . . the same considerations apply to the imposition of individual liability under the PHRA. (Id. at 1257).

The Third Circuit Court of Appeals subsequently has spoken directly on the issue of whether individuals can be a proper defendant under Section 955(d)(e) of the PHRA. In Dici v. Commonwealth of Pennsylvania, 91 F.3d 542 (3rd Cir. 1996), the Third Circuit held that the PHRA is generally applied in accordance with Title VII. See Dici, 991 F.3d at 552; Davis v. Sheraton Society Home Motel, 907 F. Supp. 896, 899 N.1 (ED Pa. 1995).

As in Title VII cases where the Courts are now clear that individuals cannot now be defendants, the definition of an employer under the PHRA cannot be construed to include "employees"; indeed, "employee" is defined as a wholly different term under the Act. 43 P.S. Section 954(b)(c). The employment discrimination provisions of the PHRA declares only that "any employer" may be held liable.

Nonetheless, the Court referred to the provisions of another section of the PHRA, Section 955(e) which forbids "any person, employer, employment agency, labor organization or employee, to aid, abate, incite, compel or coerce the doing of any act

7

declared by this Section to be an unlawful discriminatory practice . . . "  43 P.S. Section 955(e).

Admittedly, Graham and Osenkarski qualify as "persons" under this section of the PHRA.  The question raised by Dici, therefore, is whether either of these individuals in this case may be a proper defendant under Section 955(e) for aiding and abetting the unlawful discriminatory practices of Varner's employer (whoever that might be).

In Dici, two employees were named as individual defendants.  The Court dismissed one and left the other in the case.

The individual dismissed by the Court, Brison, was the plaintiff's alleged chief harasser.  Although plaintiff had alleged that Brison and Monaco [the other individual defendant] failed "to take prompt remedial measures after having notification that discriminatory actions had occurred", the Court noted that no facts were alleged that would indicate that Brison aided or abetted plaintiff's employer in refusing to take prompt remedial action against any discrimination suffered by the plaintiff.  Rather, the complaint alleges that Brison was the one who committed all of the harassment.  This was not sufficient to make Brison a defendant under Section 955(e) of the PHRA.

Thus, actual harassment does not leave one subject to suit as an individual under Section 955(e) of the PHRA which is the cause of action specifically invoked by Plaintiff.  See Complaint, Paragraph 56.

Defendant Graham is identified in Varner's Complaint as the prime harasser.  However, nowhere in the Complaint is there any allegation of fact to show that Graham aided or abetted unlawful discriminatory practices by encouraging the County to take no prompt remedial action for the alleged discrimination suffered by Varner.  Dici requires

8

more than a single conclusory statement, without factual support, to retain an individual as a PHRA defendant.

In fact, if one is to accept at face value the allegations made by Varner, she clearly alleges that an investigation resulted from her complaints and this investigation resulted in recommendations to remedy the complaints.  From Varner's allegations she concludes the investigation was successful and vindicated her.  While that remains to be seen, the blame she places for the alleged recommendations not being implemented is not placed upon Graham nor Osenkarski.  Rather, she states that "the County and the Court have refused and continue to refuse to remedy the harassment, retaliation, hostile work environment and sex discrimination to which Varner has been subjected".  See Complaint at Paragraphs 25 through 27.

Moreover, Varner's attacks against the Court and County go beyond their alleged failure to institute unnamed recommendations resulting from some alleged investigation.  Varner, swinging into full gear, accuses the Court and the County of retaliating against her.  Her allegations are specifically directed against former President Judge Harold Sheely and current President Judge George Hoffer.  No allegation of the Complaint alleges that either Graham or Osenkarski had anything to do with this alleged retaliation by the President Judges.

With regard to Osenkarski, a conclusory allegation, again without any factual support, is made.  In Paragraph 55 Plaintiff asserts: "Osenkarski has aided and abetted violations of the PHRA by failing to act to prevent unlawful sexual discrimination and harassment by his subordinates".  The Complaint, however, contains no factual allegation to support that conclusion which was clearly inserted in the Complaint solely

for the purpose of attempting to make Osenkarski a proper party.  The Complaint, viewed as a whole, alleges that Osenkarski is a harasser, not that he has aided and abetted the County and the Court in attempting to foster and encourage discriminatory conduct.

The fact is that Osenkarski, like Graham, is accused of being a sexual harasser, which is simply not actionable under Section 955(e).  See Complaint, Paragraphs 18 through 20.

It is clear from the Complaint that Varner did not view Graham and Osenkarski as people who could remedy her complaints.  Rather, she viewed them as the harassers. She did not go to Osenkarski and Graham for relief.  Rather, as indicated in Paragraph 21, "Varner complained about harassment and sexual harassment by Graham and Osenkarski to Dan Hertnett, County Personnel and Human Resources Director".

For purposes of this Pretrial Motion to Dismiss the Court must assume the factual allegations made by the Plaintiff, no matter how weird or bizarre, to be true.  Accepting her allegations as true, it is clear that Varner has painted the individual defendants as harassers rather than as conspirators, aiders, and abettors.  Under Pennsylvania law the conduct of which the individual defendants are accused is not actionable under PHRA Section 955(e) and they must, therefore, be dismissed from Count II of the Complaint.

C.    **Punitive damages cannot be assessed against any of the Defendants under the provisions of Title VII.**

Plaintiff's claim for punitive damages under Title VII cannot overcome the barriers erected by 42 U.S.C. Section 1981(a).  That law allows the prevailing party in a Title VII

action to claim compensatory and punitive damages in certain circumstances.   42

U.S.C. Section 1981(a)(b)(1) states as follows:

> "A complaining party may recover punitive damages under this Section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an agreed individual."

Thus, in <u>Varner v. Illinois State University</u>, 150 F.3d 706 (7th Cir. 1998) the Circuit

Court emphasized:

> Congress' explicit exclusion of the states as respondents that may be subject to punitive damages claims under Title VII.   See 42 U.S.C. Section 1981(a)(b)(1) "a complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision). . ." No similar exclusion exists with respect to claims for compensatory damages.  See Id. Section 1981(a)(b)(2).  Congress would have had no need to provide this explicit exception to the CRA's expanded remedies unless it understood the remainder of those remedies, including compensatory damages claims – to apply to the states.

(<u>Id</u>. at 718).  Accord:  <u>Erikson v. Hunter</u>, 932 F. Supp. 1380 (M.D. Fla. 1996); <u>Clark v.</u>

<u>City of Macon Georgia</u>, 860 F. Supp. 1545 (M.D. Ga. 1994); <u>Beth v. Spespy</u>, 854 F.

Supp. 735 (D. Kan. 1994).

Defendants Osenkarski and Graham are not parties to the Title VII action.  The

only issue therefore is whether the Court and the County are a government, government

agency or political subdivision.  If so, punitive damages may not be assessed against

them.

Cumberland County is a governmental agency.  Pennsylvania Counties have

repeatedly been held to be governmental agencies and as such are not liable for

punitive damages under Title VII.   See, eg., <u>Dauphin County v. Pennsylvania Social Service Union</u>, 375 A.2d 1353 (Pa. Cmwlth. 1977), vac. on oth. grds. 382 A.2d 999; <u>Franklin County Prison Board v. Commonwealth, Pennsylvania Labor Relations Board</u>, 406 A.2d 29 (Pa. Cmwlth. 1979), app. after remand 417 A.2d 1138 (Pa. 1980). Accordingly, Cumberland County may not be sued for punitive damages under Title VII by virtue of the Civil Rights Act of 1991 and that portion of Count I which alleges entitlement to punitive damages must be stricken with prejudice.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Cumberland County, Osekarski and Graham asks for the following relief:  (1) That Count II of the Complaint be dismissed.  (2)  That Plaintiff's claim for punitive damages be stricken.  (3)  That Osenkarski and Graham be dismissed from County II as defendants in their individual capacity.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

By:_____
James K. Thomas, II, Esquire
Atty No.: 15613
Paul J. Dellasega, Esquire
Atty. No.:  23146
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA  17108
(717) 255-7602

Attorney for Defendants

DATE: 7-5-01

:133323.1

12

## CERTIFICATE OF SERVICE

I, Paul J. Dellasega, Attorney for Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Howard M. Holmes, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102

Debra K. Wallet, Esquire
24 North 32nd Street
Camp Hill, PA  17011

**THOMAS, THOMAS & HAFER, LLP**

By: _____
Paul J. Dellasega, Esquire

DATED:  7/5/01