ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,
    Plaintiff

v.

COMMONWEALTH OF PENNSYLVANIA,
NINTH JUDICIAL DISTRICT,
CUMBERLAND COUNTY,

  and

CUMBERLAND COUNTY

  and

S. GARETH GRAHAM, individually

  and

JOSEPH OSENKARSKI, individually,
    Defendants

CIVIL ACTION
NO: 1:CV 01-0725

JURY TRIAL DEMANDED

Judge Yvette Kane

## BRIEF IN OPPOSITION TO MOTION TO DISMISS
## FILED BY CUMBERLAND COUNTY, OSENKARSKI, AND GRAHAM

Introduction

    Plaintiff Barbara Varner files this brief in opposition to the Amended Motion to Dismiss filed by Cumberland County [hereinafter County] and the individual defendants, S. Gareth Graham [hereinafter Graham] and Joseph Osenkarski [hereinafter Osenkarski].

Counter-Statement of Questions Involved

    1.    Is the County entitled to judicial immunity from suit under the Pennsylvania Human Relations Act [hereinafter PHRA]?

2. Are supervisors Osenkarski and Graham subject to liability in their individual capacities under the Pennsylvania Human Relations Act?

3. May punitive damages be assessed against the County under Title VII?

Argument

Standard of Review on a Fed. R. Civ. P. 12(b)(6) Motion

Pursuant to Fed. R. Civ. P. 12(b)(6), in examining a motion to dismiss for failure to state a claim upon which relief can be granted, the question is whether the plaintiff is entitled to introduce evidence in support of her claims, not whether she will ultimately succeed in presenting them. Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); *see also* Redden v. ContiMortgage Corp., et al., 1999 U.S. Dist. LEXIS 19497, No. 99-4535, 1999 WL 1257280 (E.D. Pa., Dec. 22, 1999). The Court must accept as true all well pleaded factual allegations in the complaint and all reasonable inferences that can be drawn from them and must view them in the light most favorable to the non-moving party, in this case Varner. Scheuer, 416 U.S. at 236; *see also* Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court is required to "view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable" and to "draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir. 1998).

Because granting a motion to dismiss results in a determination on the merits very early in the case, dismissal is limited to instances where "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-250, 106 L. Ed. 2d 195, 109 S. Ct. 2893. Dismissal is appropriate only if it appears that plaintiff could prove no set of facts that would entitle her to relief. See Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir. 1997).

A. **THE COUNTY IS NOT ENTITLED TO JUDICIAL IMMUNITY FROM SUIT UNDER THE PHRA.**

Without direct citation to any authority, the County of Cumberland claims that it is entitled to "judicial immunity" because it "could be a joint employer with the Court." (Brief, pages 4 and 5). Varner has pleaded that both the Commonwealth of Pennsylvania, Ninth Judicial District, Cumberland County [hereinafter Court ] and the County are employers for purposes of Title VII and the PHRA. (Complaint, ¶¶ 10, 11, 13). Discovery will determine exactly which entity has what authority as an employer over Varner.

First, the County claims that the Court is "immune from suit under the PHRA," apparently relying upon First Judicial District of Pennsylvania v. Pennsylvania Human Relations Commission, 556 Pa. 258, 727 A.2d 1110 (Pa. 1999). The Court is not immune based upon the cited case. What the Pennsylvania Supreme Court held in First Judicial District is that the Pennsylvania Human Relations Commission, an administrative agency, could not assert jurisdiction over a court acting as an employer based upon the separation of powers doctrine. Under the separation of powers doctrine, the legislature may not exercise any power entrusted to the judiciary. The Pennsylvania Supreme Court reaffirmed its earlier decision in Court of Common Pleas of Erie v. PHRC, 546 Pa. 4, 682 A.2d 1246 (Pa. 1996),

holding that to allow an administrative agency created by the legislature to direct a court to act or not act in a personnel matter is prohibited. The Court's decision in First Judicial District did nothing to overrule the language contained in Erie. In fact, the Court called the First Judicial District holding "a logical extension of the holding in Erie." 556 Pa. at 263, 727 A.2d at 1112.

In Erie, the Supreme Court had specifically stated that Court employees are not without remedies: "After the PHRC dismisses their claims for lack of jurisdiction, such employees may file actions in the court of common pleas based on the rights granted by the PHRA [Pennsylvania Human Relations Act, 43 P. S. § 962(c)(1)]." 546 Pa. at 10, 727 A.2d at 1249. Therefore, the Court is certainly not immune from suit but merely excused from the administrative process that normally precedes a lawsuit in the court of common pleas. In this case, Varner did not file suit in federal court against the Court based on the PHRA. Plaintiff has every right to choose to file her federal court action against the Court exclusively under the federal statute, Title VII, rather than to file in state court under the state statute. Plaintiff's failure to file suit under the PHRA against the Court in this forum should not be construed as any concession that the Court is immune from suit under the PHRA. (See Brief, p. 4, where the County contends that "[p]laintiff's decision not to include the Court as party defendant in Count II is an inevitable consequence of the decision of the Supreme Court of Pennsylvania in First Judicial District . . .."). No controlling authority has held the Court to be immune from a PHRA suit.

Further, the County of Cumberland is not a judicial entity and could not enjoy judicial immunity even if judicial immunity were to apply to the Court. Again, the County

-4-

erroneously claims that injunctive relief may not be obtained against the County because it could not be obtained against the Court, which it describes as "the identical result prohibited by First Judicial District". (Brief, p. 5). As explained, the language in First Judicial District does not support the immunity argument.

The PHRA applies to "employers," which term is statutorily defined to include "the Commonwealth or any political subdivision or board, department, commission or school district thereof . . .." 43 P.S. §954(b). The state courts have held that the court of common pleas is an employer covered by the PHRA. Allegheny County v. Wilcox, 76 Pa. Cmwlth. Ct. 584, 593, 465 A.2d 47, 52 (Pa. Commonwealth, 1983), *appeal dismissed*, 507 Pa. 66, 488 A.2d 277 (Pa. 1985). The decision in First Judicial District does nothing to undermine the determination that the PHRA protects employees of the court system. This decision merely confirms that the Pennsylvania Human Relations Commission has no jurisdiction to infringe upon judicial functions.

The County fits the definition of "employer" for purposes of the PHRA, it enjoys no judicial immunity from suit, and it cannot be dismissed as a defendant in Count II of Plaintiff's Complaint.

B. **DEFENDANTS OSENKARSKI AND GRAHAM CANNOT BE DISMISSED BECAUSE THEY ARE SUBJECT TO SUIT UNDER THE PHRA.**

Both Graham and Osenkarski are identified in the complaint as supervisors of Varner. (Complaint, ¶¶ 16, 18). Graham told Varner not to talk to another female probation officer who had previously complained of sexual harassment. (Complaint, ¶ 16g). Graham also told

-5-

Varner directly that he and his immediate supervisor, Osenkarski, "punish" people who do not comply with what they demand or who fall out of favor with them. (Complaint, ¶ 17c). When Varner complained to Osenkarski about Graham's treatment, Osenkarski refused to get involved and stated that "now Mr. Graham is in charge." (Complaint, ¶ 18). When Osenkarski, as Chief of Probation, refused to remedy Graham's harassment, Varner complained to the County Personnel and Human Relations Director about Graham and Osenkarski. (Complaint, ¶ 21). After making her complaint, Graham threatened to retaliate against persons who were interviewed during the investigation. (Complaint, ¶¶ 21-24). Numerous other allegations of retaliation by both Graham and Osenkarski have been pleaded. Varner has put the defendants on notice that Graham and Osenkarski have aided and abetted violations of the PHRA by directly discriminating against Varner and by conspiring with the County and the Court to engage in acts with violate the PHRA; Osenkarski has done so by failing to act to prevent sex discrimination and harassment by his subordinates. (Complaint, ¶¶ 54, 55).

The PHRA goes beyond Title VII in holding persons individually liable for certain actions and making it a violation of the PHRA for:

> . . . any person, employer, employment agency, labor organization or employe, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

43 P.S. § 955(e); see Glickstein v. Neshaminy School District, 1997 U.S. Dist. LEXIS 16317,

1997 WL 660636 (E.D. Pa. October 22, 1997).

The federal courts have distinguished between nonsupervisory and supervisory employees and imposed liability on supervisors on the theory that supervisory employees can share the discriminatory intent and purpose of the employer. Frye v. Robinson Alarm Co., 1998 U.S. Dist. LEXIS 1331, No. 97-0603, 1998 WL 57519 (E.D. Pa. Feb. 11, 1998). But the language of the statute unambiguously permits individuals to be held personally liable under the PHRA for retaliation or discrimination. Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552-53 (3d Cir. 1996); Heimbach v. Lehigh Valley Plastics, Inc., 2000 U.S. Dist. LEXIS 55, No. CIV. A. 99-2979, 2000 WL 14871, (E.D. Pa. Jan. 7, 2000).

In this manner, Section 955(e) of the PHRA differs from Title VII, (which holds only employers liable for discrimination while exempting individual employees from liability). *See generally*: Dici v. Commonwealth of Pennsylvania, 91 F.3d 542, 552-53 (3rd Cir. 1996). Thus, notwithstanding that the PHRA is generally applied in accordance with Title VII, in the appropriate factual scenario, an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory pursuant to § 955(e) for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision. Dici, *supra,* at 552-53 (3d Cir. 1996); Frye v. Robinson Alarm Co., 1998 U.S. Dist. LEXIS 1331, 1998 WL 57519, (E.D. Pa. 1998); Smith v. Pathmark Stores, Inc., 1998 U.S. Dist. LEXIS 8631, 1998 WL 309916, (E.D. Pa. 1998); Wien v. Sun Company, Inc., 1997 U.S. Dist. LEXIS 19220, 1997 WL 772810, (E.D. Pa. 1997); Glickstein, supra.

The District Court for the Eastern District of Pennsylvania has explained the situation as follows:

> Thus several courts within this district have held that a supervisor who fails to take action to prevent discrimination, even when it is his or her own conduct at issue, can be liable under §955(e). See, e.g., Wasserman v. Potamkin Toyota, Inc., 1998 U.S. Dist. LEXIS 16769, 1998 WL 744090 (E.D. Pa. Oct. 22, 1998); Kohn v. Lemmon Co., 1998 U.S. Dist. LEXIS 1737, 1998 WL 67540 (E.D. Pa. Feb. 19, 1998); Frye v. Robinson Alarm Co., 1998 U.S. Dist. LEXIS 1331, 1998 WL 57519 (E.D. Pa. Feb. 11, 1998); Glickstein v. Neshaminy School Dist., 1997 U.S. Dist. LEXIS 16317, 1997 WL 600636 (E.D. Pa. Oct. 22, 1997); Wein v. Sun Co. Inc., 936 F. Supp. 282, 283-84 (E.D. Pa. 1996).

Morasco v. Pennsylvania Department of Transportation, et al., 1998 U.S. Dist. LEXIS 19491, 19494.

Varner has pleaded sufficient facts to bring both Graham and Osenkarski within the language of PHRA Section 955(e). The County cites only to Dici and one pre-Dici case, but ignores the numerous federal cases cited above which recognize the potential of imposing Section 955(e) liability on individuals, particularly supervisors, who fail to take action to prevent discrimination. In addition, Varner has clearly pleaded facts that Graham and Osenkarski, in consort, have acted to obstruct compliance with the PHRA. Discovery may reveal additional actions on their part to convince the Court and the County to refuse to implement recommendations made by those investigating Varner's allegations.

Even if some higher standard for personal liability is imposed under the PHRA, without the benefit of discovery, it cannot be said that "no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-250, 106 L. Ed. 2d 195, 109 S. Ct. 2893. For these

reasons, Graham and Osenkarski cannot be dismissed at this stage.

### C.   PUNITIVE DAMAGES CAN BE ASSESSED AGAINST THE COUNTY.

Varner concedes that her claims for punitive damages arise under 42 U.S.C. § 1981a(b)(1), which allows a complaining party to recover punitive damages "against a respondent (other than a government, government agency or political subdivision)." The issue is whether a county government is excluded from Title VII liability for punitive damages by virtue of this language.

Plaintiff can find no case law in this Circuit since the enactment of the Civil Rights Act of 1991 that has addressed this issue and specifically held that a county government cannot be liable for punitive damages in a Title VII case. The moving defendants have cited none. The Pennsylvania courts consistently apply different criteria under the very specific definitions contained in state statutes. *See, e.g.* 42 Pa.C.S. § 102. There are no definitions of the three pertinent terms contained in the federal statute.

A county does not fit squarely within any of the terms "government" "government agency" or "political subdivision"--particularly where it is acting just like any other private employer and not engaging in typical governmental functions such as taxation or zoning. Even the defendants here who have raised the issue do not specify which of these three terms encompasses the County of Cumberland. They use the term "governmental agency" which is not a term used in Section 1981a(b)(1).

Pennsylvania's highest court has now determined that punitive damages are unavailable to a plaintiff suing only under state law. Hoy v. Angelone, et al., 554 Pa. 134, 720 A.2d 745

(1998). Previously, the federal courts did not need to address the precise issue posed here because punitive damages could be obtained under the PHRA, if not Title VII.

The result of determining that a county cannot be liable for punitive damages under Title VII is the wholly undesirable conclusion that a Pennsylvania county that tolerates sexual harassment by its employees and supervisory personnel will go unpunished. Even more egregious is the conclusion in a Title VII hostile work environment case that no monetary damages may be imposed to deter such conduct, particularly in situations where there may be no provable compensatory damages.

Varner urges the Court to find that the Civil Rights Act of 1991 exclusions were intended to apply only to the executive branch of the states and to state executive agencies, not to a county. The County does not fit squarely within the three named entities. Moreover, as a matter of public policy, these exclusions should be strictly construed.

Conclusion

For all of the reasons set forth here, the Amended Motion to Dismiss must be denied on all three issues.

Respectfully submitted,

_____
Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA  17011
(717) 737-1300
I.D. #23989

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER,<br>        Plaintiff | : |
| v. | : CIVIL ACTION<br>: NO: 1:CV 01-0725 |
| COMMONWEALTH OF PENNSYLVANIA,<br>NINTH JUDICIAL DISTRICT,<br>CUMBERLAND COUNTY, | : |
| and | : JURY TRIAL DEMANDED |
| CUMBERLAND COUNTY | : |
| and | : |
| S. GARETH GRAHAM, individually | : Judge Yvette Kane |
| and | : |
| JOSEPH OSENKARSKI, individually,<br>        Defendants | : |

## PROOF OF SERVICE

I, Debra K. Wallet, Esquire, hereby certify that on July 23, 2001, I served by regular first class mail, postage prepaid, a true and correct copy of the attached **BRIEF IN OPPOSITION TO MOTION TO DISMISS FILED BY CUMBERLAND COUNTY, OSENKARSKI, AND GRAHAM** addressed as follows:

> James K. Thomas, II, Esq.
> Paul J. Dellasega, Esq
> THOMAS, THOMAS & HAFER, LLP
> 305 North Front St., 6th Floor
> P.O. Box 999
> Harrisburg, PA  17108

A. Taylor Williams, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

                                              *Debra K. Wallet*
                                          Debra K. Wallet, Esq.
                                          24 N. 32nd Street
                                          Camp Hill, PA 17011
                                          (717) 737-1300
                                          I.D. #23989