IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,
    Plaintiff

v.

COMMONWEALTH OF PENNSYLVANIA,
NINTH JUDICIAL DISTRICT,
CUMBERLAND COUNTY,

and

CUMBERLAND COUNTY

and

S. GARETH GRAHAM, individually

and

JOSEPH OSENKARSKI, individually,
    Defendants

CIVIL ACTION
NO: 1:CV 01-0725

JURY TRIAL DEMANDED

Judge Yvette Kane

**BRIEF IN OPPOSITION TO MOTION TO DISMISS FILED
ON BEHALF OF COURT DEFENDANT, COMMONWEALTH
OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT**

Introduction

    Plaintiff Barbara Varner files this brief in opposition to the Motion to Dismiss filed by the Commonwealth of Pennsylvania, Ninth Judicial District [hereinafter Court Defendant].

Counter-Statement of Question Involved

    May punitive damages be assessed against the Court Defendant under Title VII?

Argument

### PUNITIVE DAMAGES CAN BE ASSESSED AGAINST THE COURT DEFENDANT.

Varner concedes that her claims for punitive damages arise under 42 U.S.C. § 1981a(b)(1), which allows a complaining party to recover punitive damages "against a respondent (other than a government, government agency or political subdivision)." The issue is whether the Court Defendant is excluded from Title VII liability for punitive damages by virtue of this language.

Plaintiff can find no case law in this Circuit since the enactment of the Civil Rights Act of 1991 that has addressed this issue and specifically held that a local court, when acting as an employer, cannot be liable for punitive damages in a Title VII case. The moving defendant has cited not a single case. The Pennsylvania courts consistently apply different criteria under the very specific definitions contained in state statutes. *See, e.g.* 42 Pa.C.S. § 102. There are no definitions of the three pertinent terms contained in the federal statute.

A local court does not fit squarely within any of the terms "government" "government agency" or "political subdivision"--particularly where it is acting just like any other private employer. The Court Defendant claims to be a "Commonwealth entity" and a "government entity" (Brief, p. 2). The Court Defendant does not specify whether it seeks to be excluded as a government or a government agency as used in the federal statute.

Pennsylvania's highest court has now determined that punitive damages are unavailable to a plaintiff suing only under state law. Hoy v. Angelone, et al., 554 Pa. 134, 720 A.2d 745 (1998). Previously, the federal courts did not need to address the precise issue posed here

because punitive damages could be obtained under the PHRA, if not Title VII.

The result of determining that a local court cannot be liable for punitive damages under Title VII is the wholly undesirable conclusion that a Pennsylvania court that tolerates sexual harassment by its employees and supervisory personnel will go unpunished. Even more egregious is the conclusion in a Title VII hostile work environment case that no monetary damages may be imposed to deter such conduct, particularly in situations where there may be no provable compensatory damages.

Varner urges this Court to find that the Civil Rights Act of 1991 exclusions were intended to apply only to the executive branch of the states and to state executive agencies, not to a local court. The Court Defendant does not fit squarely within the three named entities excluded from punitive damages. Moreover, as a matter of public policy, these exclusions should be strictly construed.

Conclusion

For all of the reasons set forth here, the Court's motion to dismiss with respect to punitive damages must be denied.

Respectfully submitted,

_Debra K. Wallet_
Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA  17011
(717) 737-1300
I.D. #23989

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER,<br>　　　Plaintiff | : |
| v. | : CIVIL ACTION<br>: NO: 1:CV 01-0725 |
| COMMONWEALTH OF PENNSYLVANIA,<br>NINTH JUDICIAL DISTRICT,<br>CUMBERLAND COUNTY, | : |
| and | : JURY TRIAL DEMANDED |
| CUMBERLAND COUNTY | : |
| and | : |
| S. GARETH GRAHAM, individually | : Judge Yvette Kane |
| and | : |
| JOSEPH OSENKARSKI, individually,<br>　　　Defendants | : |

## PROOF OF SERVICE

I, Debra K. Wallet, Esquire, hereby certify that on July 31, 2001, I served by regular first class mail, postage prepaid, a true and correct copy of the attached **BRIEF IN OPPOSITION TO MOTION TO DISMISS FILED ON BEHALF OF COURT DEFENDANT, COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT** addressed as follows:

　　James K. Thomas, II, Esq.
　　Paul J. Dellasega, Esq
　　THOMAS, THOMAS & HAFER, LLP
　　305 North Front St., 6th Floor
　　P.O. Box 999
　　Harrisburg, PA  17108

A. Taylor Williams, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

                                                 *Debra K. Wallet*

                                         Debra K. Wallet, Esq.
                                         24 N. 32nd Street
                                         Camp Hill, PA 17011
                                         (717) 737-1300
                                         I.D. #23989