

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BARBARA E. VARNER,                     :
                                       :
                    *Plaintiff,*       :        CIVIL ACTION
                                       :
                                       :        NO. 01-CV-01-0725
        vs.                            :
                                       :        *J./Cane*
                                       :
COMMONWEALTH OF PA, *ET AL.,*          :                              **FILED**
                                       :                              HARRISBURG, PA
                    *Defendants*       :
                                       :                              AUG 1 0 2001
                                       :
                                          MARY E. D'ANDREA, Cl
                                          Per _____ 9/9 _____
                                                      Deputy Clerk

**REPLY OF COURT DEFENDANT, COMMONWEALTH OF**
**PENNSYLVANIA, NINTH JUDICIAL DISTRICT, TO PLAINTIFF'S**
**BRIEF IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff has submitted a Brief in opposition to the Motion to Dismiss filed by Defendant

Commonwealth of Pennsylvania, Ninth Judicial District (hereinafter, "Court Defendant.")  The

instant Reply is submitted by Court Defendant in accordance with M.D.L.R. 7.7.

Plaintiff asserts that "a local court does not fit squarely within any of the terms

"government," "government agency" or "political subdivision," as set forth in 42 U.S.C.A.

§1981a (b)(1).  To the contrary, the federal courts have routinely held the Pennsylvania Courts--

even at the lowest levels (Traffic Court, District Justice Courts) to be state government entities.

While neither Title VII nor §1981a define "government," "government agency," or

"political subdivision," the Judicial Branch of government, is, quite plainly, "government."

Under the Pennsylvania Constitution, Article V, secs. 1, 2 and 10, the judicial power of

the Commonwealth of Pennsylvania is vested in a Unified Judicial System[1] over which the

---

[1]   The phrase "Unified Judicial System", as used in the Pennsylvania Constitution, is a term which encompasses the entire judicial system - the judicial branch of state government.  Pennsylvania Constitution, Art. V, sec. 1. *See* County of Allegheny v. Commonwealth, 517 Pa. 65, 534 A.2d 760 (1987).

Supreme Court of Pennsylvania exercises "general supervisory and administrative authority." By statutory definition, all courts and agencies of the Unified Judicial System are part of the "Commonwealth government" and, as such are state, rather than local agencies. 42 Pa.C.S. §102. Court Defendant here, the Ninth Judicial District is one of 60 statutory judicial districts established by 42 Pa.C.S. §901. The number and boundaries of judicial districts may be changed by the General Assembly only with the advice and consent of the Supreme Court of Pennsylvania.

As a component of the Unified Judicial System of the Commonwealth of Pennsylvania, the Ninth Judicial District is an entity of state government, *see*, Pennsylvania Constitution, Art. V, secs. 1, 4, 6, 7; 42 Pa.C.S. §§ 301, 501 *et seq.*, 761 *et seq.* Plaintiff herself acknowledges the state government status of Court Defendant by identifying the defendant as "Commonwealth of Pennsylvania, Ninth Judicial District," and Plaintiff's understanding is entirely correct.

Moreover, the Pennsylvania courts have consistently been found by the federal courts to be "government" or "government agencies" in contexts analogous to Title VII and §1981a (b)(1). Pennsylvania Courts are "government" for purposes of Eleventh Amendment immunity, and 42 U.S.C. §1983.

The Court Defendant is an arm of the state entitled to Eleventh Amendment immunity, nor is Court Defendant, as a part of state government, a "person" under §1983. As such, Court Defendant clearly qualifies as "government" or "government agency," under §1981a.

An unpublished opinion of the Third Circuit Court of Appeals, Golden v. Lindenmuth, et al., No. 94-1680 (Filed May 15, 1995)[disposition reported at 60 F.3d 814 (3rd Cir. 1995)], held that Philadelphia Traffic Court, a minor court within the First Judicial District of Pennsylvania, is an "an arm of the Commonwealth of Pennsylvania" in an Eleventh Amendment context. A true

2

and correct copy of the Golden opinion is attached hereto as Exhibit 1, and is cited to this Court as persuasive, rather than precedential authority.

Moreover, Pennsylvania Courts have been considered state government entities for purposes of determining whether local courts can be sued under 42 U.S.C.A. §1983.

In Callahan v. City of Philadelphia, et al., 207 F. 3d 668 (3d Cir. 2000), the Third Circuit Court of Appeals squarely held that the Warrant Division and Eviction Unit of the Court of Common Pleas and the Municipal Court Eviction Unit of the First Judicial District are state government entities and do not constitute "persons" under 42 U.S.C. §1983, stating at p. 673:

> . . . the district courts repeatedly have held that all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes (citing cases).

The federal courts have consistently held that state courts are entities of state government entitled to Eleventh Amendment immunity and further, are not "persons" under §1983.[2] See, Reiff v. Philadelphia Court of Common Pleas, 827 F. Supp 319 (E.D. Pa 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under § 1983); Schwartz v. Philadelphia Court of Common Pleas, 1993 U.S. Dist. LEXIS 16004 (E.D. Pa. 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under § 1983); Robinson v. Court of Common Pleas of Philadelphia, 827 F. Supp. 1210 (E.D. Pa. 1993); (Court of Common Pleas of Philadelphia is a state entity entitled to 11th Amendment Immunity); Pokrandt v. Shields 773 F. Supp. 758, 764 (E.D.Pa. 1991) (Court of Common Pleas of Schuykill is a state entity which cannot be sued); Clark v. Court of Common Pleas of Chester County, 1992 U.S. Dist. LEXIS 1834 (E.D.Pa. 1992) Court of Common Pleas entitled to 11th Amendment immunity and is not a person for purposes of § 1983);

---

[2]    A defense that an entity is not a "person" for Section 1983 purposes does not raise a jurisdictional question, unlike a defense based on the Eleventh Amendment. Bolden v. SEPTA, 953 F.2d 807, 820-21 (3rd Cir. 1991). Nevertheless, both defenses argue for "arm of the state" status. It cannot be seriously disputed that such status does not equal government status for purposes of §1981a (b)(1).

In Re Colon v. Hart, 114 B.R. 890, 893 (Bkrtcy. E.D. Pa. 1990), appeal dismissed *sub nom*. Szostek v. Hart, 123 B.R. 719 (E.D. Pa. 1991), affirmed in part and appeal dismissed in part *sub nom*, In Re Colon, 941 F.2d 242 (3rd. Cir. 1991), (Philadelphia Traffic Court is a Commonwealth entity cloaked with Eleventh Amendment immunity); Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981)(Court of Common Pleas of Lehigh County immune from suit under § 1983).

In stating that Court Defendant has not defined whether it is government" or a "government agency," and therefore should not be considered exempt from punitive damages under §1981a, Plaintiff merely argues semantics.

The Judicial Branch of Pennsylvania government is a co-equal branch of state government. Moreover, even if Court Defendant were not a part of state government, but instead, as Plaintiff now attempts to characterize it, a "local county court," Court Defendant would be part of the county "political subdivision," and would, nonetheless be exempt from punitive damages. Finally, Plaintiff cites no caselaw for her assertion that the §1981a exemption from punitive damages should apply only to the executive branch of government.

For the foregoing reasons, and for those set forth in Court Defendant's Motion and Brief, Defendant Commonwealth of Pennsylvania, Ninth Judicial District, respectfully requests this Honorable Court to dismiss Plaintiff's claim for punitive damages.

Respectfully submitted,

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
215-560-6300
**Counsel for Defendant, the Commonwealth**
**of Pennsylvania Ninth Judicial District**

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARBARA E. VARNER, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | NO. 01-CV-01-0725 |
| vs. | : | |
| | : | |
| COMMONWEALTH OF PA, *ET AL.,* | : | |
| | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on August 9, 2001, she personally caused to be served upon the following a true and correct copy of the foregoing *Reply of Court Defendant, Commonwealth of Pennsylvania, Ninth Judicial District, to Plaintiff's Brief in Opposition to Motion to Dismiss,* by mailing same first class, postage pre-paid, U.S. mail to:

Debra Wallet, Esquire
24 North 32nd Street
Camp Hill, PA 11701
*Attorney for Plaintiff*

Paul J. Dellasega, Esquire
*Thomas, Thomas & Hafer, LLP*
305 North Front Street, 6th Floor
POB 999
Harrisburg, PA 17108-0999-0999
*Attorneys for Graham, Osenkarski
and Cumberland County*

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, Pennsylvania 19102
(215) 560-6300
***Counsel for Defendant, the Commonwealth of
Pennsylvania Ninth Judicial District***

EXHIBIT 1

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 94-1680

FRANK GOLDEN

Appellee,

vs.

DON C. LINDENMUTH; CITY OF PHILADELPHIA;
PHILADELPHIA POLICE DEPARTMENT; PHILADELPHIA
TRAFFIC COURT; LILLIAN H. PODGORSKI, Sued
Individually and in official capacity,
jointly and severally liable

Philadelphia Traffic Court and The
Honorable Lillian H. Podgorski,

Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 94-cv-02123)

District Judge:  Honorable Clarence C. Newcomer

ARGUED DECEMBER 5, 1994

BEFORE:  STAPLETON, ROTH and LEWIS, Circuit Judges.

(Filed   MAY 1 5 1995

## OPINION OF THE COURT

LEWIS, Circuit Judge.

This case calls upon us to determine the immediate appealability under the collateral order rule of an order denying the Rooker-Feldman doctrine as a defense. In the case of Bryant v. Sylvester, ___ F.3d ___ (3d Cir. 1995), we concluded that the denial of a Rooker-Feldman defense does not give rise to a collateral order. Because the issue of the immediate appealability of claims under the collateral order rule "is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a 'particular injustice' averted by a prompt appellate court decision," Digital Equipment Corporation v. Desktop Direct, Inc., 114 S. Ct. 1992, 1996 (1994), our task in this case is greatly simplified. Applying our holding and reasoning in Bryant to this case, we conclude that the district court's order denying the defendants their Rooker-Feldman defense is not immediately appealable. We will therefore dismiss the defendants' appeal of the district court's denial of their Rooker-Feldman defense for lack of appellate jurisdiction.

This case also requires us to determine whether the Philadelphia Traffic Court is entitled to Eleventh Amendment immunity. We believe that the Traffic Court is so entitled, and will reverse the district court to the extent it failed to afford

2

the Traffic Court the full measure of Eleventh Amendment immunity to which it is entitled.

## I.

In February of 1993, the plaintiff-appellee Frank Golden ("Golden") was charged with multiple traffic offenses. Pursuant to these charges, Golden was required to appear in the Philadelphia Traffic Court and defend against a potential fine, jail term and a suspension of his driving privileges. Following a hearing, the Honorable Lillian Podgorski found Golden guilty of the charged traffic offenses. Golden then appealed the guilty verdict to the Court of Common Pleas, Quarter Sessions, for the County of Philadelphia. Golden prevailed before the Court of Common Pleas and on June 28, 1993, the charges against him were dismissed.

Golden brought this lawsuit against the Traffic Court of Philadelphia and Judge Podgorski (collectively referred to as "Judicial Defendants"). Also named as defendants were a Philadelphia Police Officer, Don Lindenmuth, the Philadelphia Police Department and the City of Philadelphia. Golden takes issue with the conduct of the Traffic Court proceedings, claiming they were unconstitutional in that there was a lack of admissible evidence as well as a failure to produce his accusers. Golden further claims that Judge Podgorski knew that he was not guilty but nevertheless found him guilty of the charged offenses. Golden claims that his treatment at the hands of the defendants

3

violated his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

The Judicial Defendants filed a motion to dismiss for failure to state a claim, in which they raised the defenses of judicial immunity, Eleventh Amendment sovereign immunity and Rooker-Feldman.[1] In granting the motion in part and denying it in part, the district court stated:

> Defendants' motion is granted concerning the request for damages, and denied concerning the request for injunctive relief. A defendant judge is immune from a suit for damages when acting in "his [or her] 'judicial' capacity" and when he [or she] has "jurisdiction over the subject matter before him [or her]." Defendant Judge acted in her judicial capacity with respect to the traffic court matter and, therefore, is immune from a suit for damages. Plaintiff, however, has set forth allegations that may entitled Plaintiff to injunctive relief.

Appendix at 54. This appeal followed. According to the Judicial Defendants, the district court should have dismissed all of Golden's claims against Judge Podgorski under the Rooker-Feldman doctrine, and should have dismissed all of Golden's claims against the Traffic Court pursuant to the Eleventh Amendment.

## II.

Applying the reasoning set forth in Bryant, we conclude that we lack appellate jurisdiction to hear the Judicial

---

1.    The Philadelphia Police Department also filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The district court granted this motion on the ground that the Police Department lacks a corporate existence separate from the City of Philadelphia. The granting of this motion is not an issue before us in this appeal.

4

Defendants' appeal of the district court's order denying their
Rooker-Feldman defense. An order denying the Rooker-Feldman
defense is not among the "narrow class" of decisions that do not
terminate the litigation, but must, "in the interest of
'achieving a healthy legal system,' nonetheless be treated as
'final.'" Digital Equipment Corporation, 114 S. Ct. at 1995
(citation omitted). Having so concluded, the only remaining
issue in this appeal concerns the scope of the immunity afforded
to the Traffic Court under the Eleventh Amendment. We turn to
this issue now.

## III.

It is by now well-established that the denial of a
motion to dismiss raising Eleventh Amendment[2] immunity as a
defense is immediately appealable pursuant to 28 U.S.C. § 1291.[3]
See Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy,
Inc., 113 S. Ct. 684 (1993). We therefore have appellate
jurisdiction to consider the Judicial Defendants' appeal to the

---

2.     The Eleventh Amendment provides that "[t]he Judicial power
of the United States shall not be construed to extend to any suit
in law or in equity, commenced or prosecuted against one of the
United States by Citizens of another State . . . ." U.S. Const.,
Amend. XI. This immunity, of course, has long been held to
extend to suits brought against a state by a citizen of that
state. See Hans v. Louisiana, 134 U.S. 1 (1890).

3.     28 U.S.C. § 1291 provides:

> The courts of appeals . . . shall have
> jurisdiction of appeals from all final
> decisions of the district courts of the
> United States . . . .

5

extent it challenges the district court's denial of the Traffic Court's claim of entitlement to Eleventh Amendment immunity.

Golden concedes that the Philadelphia Traffic Court is an arm of the Commonwealth of Pennsylvania. See Golden's Brief at 11. Had Golden not conceded this point, however, we would still draw the same conclusion: the Traffic Court of the County of Philadelphia is an arm of the Commonwealth of Pennsylvania and as such, is entitled to the same immunity afforded Pennsylvania under the Eleventh Amendment. In this regard, we are in complete accord with the reasoning set forth by the United States Bankruptcy Court for the Eastern District of Pennsylvania in In re Colon, 114 B.R. 890 (Bkrtcy. E.D. Pa. 1990). There the court found the Philadelphia Traffic Court to be an arm of the state based upon the following considerations:

> Article V § 1 of the Pennsylvania Constitution establishes a "unified judicial system," the language of which expressly includes Philadelphia Traffic Court. Furthermore, 42 Pa.C.S.A. § 102 states that the "government of the Commonwealth [includes] the courts . . . of the unified judicial system and excludes municipal agencies." Thus, Philadelphia Traffic Court is made part of the state government.

> In addition, the Governor of Pennsylvania appoints the President Judge of Philadelphia Traffic Court. 42 Pa.C.S.A. § 325(c). The tenure and salary of the court judges are established by state statute. 42 Pa.C.S.A. § 3152(a)(1); 65 P.S. § 366.2(f.1). Their compensation is paid by the state. Const. art. V, § 16(a). The funds which Traffic Court collects are apportioned between the state and the municipality. 42 Pa.C.S.A. § 3571(b). Finally, while the operating funds for the court and its non-judicial personnel are

6

currently paid by the municipality, the Pennsylvania Supreme Court has held that it is the duty of the Commonwealth to pay for these expenses, because the courts are a part of the unified judicial structure of the state. County of Allegheny v. Commonwealth, 534 A.2d 760 (1987).

In re Colon, 114 B.R. at 893. Under our case law, see, e.g., Peters v. Delaware River Port Authority, 16 F.3d 1346 (3d Cir. 1994), these considerations are more than adequate to establish the Traffic Court's status as an arm of the Commonwealth shielded from suit in federal court by the Eleventh Amendment.

According to the defendants, the Eleventh Amendment shields the Traffic Court not only from federal suits for damages but also from federal suits seeking injunctive relief. We agree with the defendants, and, perhaps more importantly, the Supreme Court also agrees. In Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 113 S. Ct. 684 (1993), the Supreme Court explained that while the Eleventh Amendment does not bar suits for prospective relief against state officers, the Eleventh Amendment does act as a bar against all lawsuits against states and their agencies, "regardless of the relief sought." Id. at 688.

As noted above, the district court granted the Judicial Defendants' motion to dismiss only to the extent it sought dismissal of Golden's claims for damages. The district court thus left intact Golden's claim against the Traffic Court for injunctive relief. To the extent the district court's order failed to afford the Traffic Court the full measure of immunity

7

from suit in federal court to which it is entitled under <u>Puerto Rico Aqueduct & Sewer Authority</u>, we will reverse.

### IV.  CONCLUSION

For the reasons discussed above, we will dismiss for lack of appellate jurisdiction the defendants' appeal of the district court's order denying their <u>Rooker-Feldman</u> defense, and will reverse the district court to the extent it left standing Golden's claim against the Philadelphia Traffic Court for injunctive relief.

---

TO THE CLERK:

Please file the foregoing opinion.

Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### No. 94-1680

## FRANK GOLDEN

### vs.

DON C. LINDENMUTH; CITY OF PHILADELPHIA;
PHILADELPHIA POLICE DEPARTMENT; PHILADELPHIA TRAFFIC COURT;
LILLIAN H. PODGORSKI, Sued Individually and in
official capacity, jointly and serverally liable

Philadelphia Traffic Court and The
Honorable Lillian H. Podgorski,
Appellants

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C.Civil No. 94-cv-02123)

Present: Stapleton, Roth and Lewis, Circuit Judges

## JUDGMENT

This cause came on to be heard on the record from the
United States District Court for the Eastern District of
Pennsylvania and was argued by counsel December 5, 1994.

94-1680

Page 2

On consideration whereof, it is now here ordered and adjudged by this Court upon consideration of the judgment of the said District Court entered June 8, 1994, it is hereby ordered that the appeal is dismissed for lack of appellate jurisdiction insofar as the defendants seek to appeal the denial of their Rooker-Feldman defense.  It is further ordered and adjudged that the said June 8, 1994 judgment, be, and the same is hereby reversed to the    extent it left standing Mr. Golden's claim against the Philadelphia Traffic Court for injunctive relief. All of the above in accordance with the opinion of this Court.

ATTEST:

*P. Douglas Sisk*

Clerk

Dated: May 15, 1995