# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,                          :

               *Plaintiff,*          :           CIVIL ACTION

    vs.                                 :           NO. 01-CV-01-0725

                             :

COMMONWEALTH OF PA, *ET AL.,*               :

               *Defendants*          :

**FILED**

**OCT 30 2001**

PER _____

DEPUTY CLERK

## MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF
## DEFENDANT COMMONWEALTH OF PENNSYLVANIA,
## NINTH JUDICIAL DISTRICT

    **NOW COMES DEFENDANT**, Commonwealth of Pennsylvania, Ninth Judicial

District, and, pursuant to Rule 56, F.R.C.P., moves this Honorable Court for Summary Judgment,

averring in support thereof, as follows:

    1.    Plaintiff's federal claims against the Commonwealth of Pennsylvania, Ninth

Judicial District, are barred because such claims were untimely brought to the EEOC.

    WHEREFORE, Court Defendant requests this Honorable Court to grant judgment in its

favor and against Plaintiff, for the above-stated reasons, more fully set forth in the accompanying

Brief.

                                     Respectfully submitted,

                                     _____

                                     A. TAYLOR WILLIAMS, ESQUIRE
                                     Attorney I.D. No. 33149
                                     Administrative Office of PA Courts
                                     1515 Market Street, Suite 1414
                                     Philadelphia, PA 19102
                                     215-560-6300
                                     ***Counsel for Defendant, the Commonwealth***
                                     ***of Pennsylvania, Ninth Judicial District***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,                          :
                                            :        CIVIL ACTION
                          *Plaintiff,*      :
                                            :        NO. 01-CV-01-0725
            vs.                             :
                                            :
COMMONWEALTH OF PA, *ET AL.,*               :
                                            :
                          *Defendants*      :
                                            :

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF DEFENDANT COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT

### I.    INTRODUCTION

Plaintiff, Barbara Varner (hereinafter, "Plaintiff"), has brought the instant suit against Defendants Commonwealth of Pennsylvania Ninth Judicial District ("Court Defendant"), Cumberland County ("County Defendant"), and two individuals ("Individual Defendants") claiming she was sexually harassed and retaliated against in violation of Title VII.  As Plaintiff alleges in her Complaint, Court Defendant is a "District of the judicial branch of the Commonwealth of Pennsylvania," located in Cumberland County (Complaint, ¶ 2).

Pursuant to a subpoena served on the EEOC by Plaintiff's Counsel, the EEOC produced the record of the underlying administrative proceedings.  The relevant portions of the EEOC record are attached as exhibits hereto; the record evidences the following facts.

1.    The EEOC charge itself indicates that the charge against Court Defendant (EEOC number 170990490), was initially received by the EEOC on 1/07/1999 and transmitted to Defendant Court on 2/26/99.  (Exhibit A.)  The charge specifically alleged that the most recent incident of discrimination or harassment occurred on 5/26/98.

2.      The EEOC computerized intake sheet indicates that the charge (EEOC number 170990490), against Court Defendant was initially received by the EEOC on 1/07/1999, <u>226</u> days after the last alleged discriminatory incident.  (Exhibit B).

3.      The handwritten caselog (Exhibit C) indicates that on 1/07/99, the EEOC received and docketed the signed charge.  This handwritten caselog does not include the charge number, the respondent or the charging party, however, the date contained therein corresponds with the computerized EEOC intake sheet for EEOC charge number 170990490, which names Court Defendant as respondent.

4.      On June 16, 1997, more than a year and a half before filing her charge against Court Defendant, Plaintiff spoke by telephone with Joanne Hetzel, a representative of the Pennsylvania Human Relations Commission ("PHRC").  This telephone conversation was memorialized in a letter addressed to Plaintiff and dated June 16, 1997 (Exhibit D.)  The letter from the PHRC representative advises Plaintiff that Plaintiff is "an Officer of the Court, and, further, that the PHRC "do[es] not have jurisdiction over the employees of the various court systems of Pennsylvania due to a court ruling."  The letter, further, advised Plaintiff to contact the EEOC.

5.      After the telephone conversation with the PHRC representative on June 16, 1997, Plaintiff filed an EEOC charge against Cumberland County (Charge Number 170981689), docketed by the EEOC on 8/24/98.)  (Exhibit E)  Plaintiff did not, however, file a charge against the Court Defendant until she filed the charge referenced in paragraph 1 above (Exhibit A), which was initially received by the EEOC on 1/07/1999, 226 days following the last alleged discriminatory incident.

## II.    ISSUE PRESENTED

Whether Plaintiff's federal claims against the Commonwealth of Pennsylvania, Ninth

Judicial District of Pennsylvania, are barred because such claims were untimely brought to the

EEOC?

## III.    ARGUMENT

### A.    PLAINTIFF'S TITLE VII COMPLAINT IS TIME-BARRED FOR FAILURE TO FILE HER EEOC COMPLAINT WITHIN 180 DAYS OF THE LAST ALLEGED INCIDENT OF DISCRIMINATION.

The underlying EEOC record clearly shows that Plaintiff filed her charge of

discrimination against the Court Defendant on 1/07/1999.  See Charge of Discrimination, Exhibit

A, and EEOC Intake Record, Exhibit B.  Plaintiff's EEOC charge specifically alleged that the

most recent incident of discrimination or harassment occurred on 5/26/98.  The difference

between the date of the last alleged violation and the EEOC charge is 226 days. The charge

against the Court Defendant, filed 226 days after the alleged unlawful employment practice, is

untimely, and this subsequent federal suit must be dismissed because Plaintiff failed to timely

file her administrative charge of discrimination.

#### 1.    PLAINTIFF FILED HER CHARGE OF DISCRIMINATION OUTSIDE THE PERMISSIBLE 180-DAY TIME PERIOD FOR THE FILING OF SUCH CHARGES AGAINST A COMPONENT OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA.

Timely filing of a charge of discrimination with the Equal Employment Opportunity

Commission is a prerequisite to filing a Title VII of the Civil Rights Act of 1964 complaint in

federal court.  42 U.S.C.S. @ 2000e-5(b).

Under Title VII, allegations of sexual harassment discrimination or retaliation, such as

those made by Plaintiff, must first be filed with the Equal Employment Opportunity

Commission, ("EEOC"), by filing a Charge of Discrimination with that agency. 42 U.S.C.

§2000e-5(e).  A Title VII plaintiff must file the Charge of Discrimination with the EEOC within 180 days of the alleged unlawful employment practice, or within 300 days if the charge is first made with the state fair employment practices agency.  Id.  If charges are not timely filed with the EEOC, they may not be considered by this Court.  United Airlines v. Evans, 431 U.S. 553, 554-55 (1977); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973); 29 C.F.R. § 1601.28(e)(1) (2000).

In this case, the EEOC record shows that Plaintiff filed her Charge of Discrimination against the Court Defendant with the EEOC on 1/07/1999, 226 days after the last alleged incident of discrimination.  See Exhibit A.  Ordinarily, in a state which has a state fair employment practices agency, a complainant has 300 days to file a charge with the EEOC.  However, Plaintiff's administrative charge is untimely filed because recent caselaw dictates that, where the state fair employment practices agency has no jurisdiction to process claims, only those claims arising within 180 days of the filing of the EEOC charge are viable.

The Pennsylvania fair employment practices agency (FEP) is the Pennsylvania Human Relations Commission, 29 C.F.R. § 1601.74.  However, the Pennsylvania Supreme Court has ruled that the PHRC has no subject matter jurisdiction over discrimination or harassment claims against the state judiciary.  The law is concisely explained in a recent Eastern District case.

In Benn v. First Judicial District of Pennsylvania, 2000 U.S. Dist. LEXIS 6659 (E.D.Pa. 2000), Judge Robreno found that, because the Pennsylvania Human Relations Commission lacks jurisdiction over claims against the First Judicial District, employees of the District must file their charge with the EEOC within 180 days of the alleged unlawful employment practice.  Judge Robreno stated, Id. at ** 5,6,7:

> Because Pennsylvania is a deferral state with a work sharing agreement, generally, even if an employee does not file a charge with the state agency, the

employee is entitled to the full 300 days in which to file a charge with the EEOC. [citations omitted].

Plaintiff, as a probation officer, however, was a court employee. The Pennsylvania Supreme Court has held that it would offend the separation of powers doctrine to allow the PHRC to decide whether plaintiff's Title VII claims were viable. See First Judicial Dist. v. Pennsylvania Human Relations Comm'n, 556 Pa. 258, 727 A.2d 1110, 1112 (Pa. 1999) (involving sexual harassment complaint by probation officer of First Judicial District and holding that PHRC "has no jurisdiction, because of the separation of powers doctrine, to adjudicate any complaints against the judicial branch"); see also Court of Common Pleas of Erie County v. Pennsylvania Human Relations Comm'n, 546 Pa. 4, 682 A.2d 1246, 1247-1249 (Pa. 1996) (affirming Commonwealth Court's decision that, under the separation of powers doctrine, PHRC cannot interfere with judicial function of discharging court personnel, specifically a juvenile probation officer). Thus, there is no "State or local agency with authority to grant or seek relief" with respect to plaintiff's ADA claims, so plaintiff is only entitled to 180 days in which to file a charge. See 29 C.F.R. §1601.13(a)(2) ("A jurisdiction having an FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation."); see also Settecase v. Port Auth. of N.Y. & N.J., 13 F. Supp. 2d 530, 533-35 (S.D.N.Y. 1998).

All of the allegations in Plaintiff's EEOC complaint occurred more than 180 days before the EEOC filing date of 1/07/99, and thus, are beyond the statutory period and barred as "not timely filed" with the EEOC. See Jones v. WDAS FM/AM Radio Stations, 74 F.Supp.2d 455, 462. (E.D. PA 1999). Plaintiff's federal Complaint also alleges continuing retaliation. However, Plaintiff's allegations of retaliation are barred for failure to exhaust her administrative remedies. No additional EEOC charge was filed specifically alleging the retaliation claimed in the Complaint. Moreover, the status of the retaliation claim as a "continuing violation" is dependent on the viability of the original filing with the EEOC, therefore the retaliation claim, must also be dismissed. Barrow v. New Orleans Steamship Ass'n, 932 F. 2d 473 (5th Cir. 1991) (retaliation charge must have a timely charge upon which to attach itself).

## 2.   EQUITABLE TOLLING IS NOT APPROPRIATE

In extraordinary cases, the filing period with the EEOC may be tolled. Equitable tolling may be appropriate: 1) where the defendant has actively misled the plaintiff respecting plaintiff's cause of action; 2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1387 (3d Cir 1994). None of these factors exist in the instant case. Moreover, due diligence is required to preserve an equitable tolling claim; that is, equitable tolling is only available if the plaintiff has exercised due diligence. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Robinson v. Dalton, 107 F. 3d 1018, 1023 (3rd Cir. 1997). To benefit from the equitable tolling doctrine, a plaintiff must establish that she could not have discovered the essential factual information bearing on her claim by the exercise of reasonable diligence. Oshiver, 38 F.3d at 1390. "The plaintiff who fails to exercise this reasonable diligence . . . loses the benefit of" the equitable tolling doctrine. Id.

The EEOC record proves that Plaintiff knew, as early as June 16, 1997, that Plaintiff is "an Officer of the Court, and, further, that the PHRC "do[es] not have jurisdiction over the employees of the various court systems of Pennsylvania due to a court ruling," because Ms. Hetzel, the representative of the PHRC, gave Plaintiff this information in a telephone conversation, and memorialized the conversation in a letter that same date. (Exhibit D.) The letter, further, advised Plaintiff to contact the EEOC. Nonetheless, thereafter, Plaintiff filed an EEOC Complaint naming the County of Cumberland, a separate branch of local government. The EEOC caselog later noted that the charge against the County named the "incorrect

respondent."[1]  (EEOC Caselog, Exhibit C.)

The facts, therefore, show that Plaintiff did not file an EEOC charge against the Court Defendant until one and one half years following her initial conversation with and letter from the PHRC, advising her to go to the EEOC because she is an "Officer of the Court," and that the PHRC can not take jurisdiction over "employees" of the "court systems of Pennsylvania."

Plaintiff filed a Complaint against Cumberland County in 1998.  At the time of the 1998 filing, Plaintiff had legal counsel, at least as early as August 1998.  Counsel wrote a letter dated August 7, 1998 (Exhibit G), in which Counsel transmitted "corrections and additions" to the draft charge.  Counsel's letter specifically stated:

"Please note that 'Cumberland County' is the employer."

Counsel further stated, "I have had my client sign the form requesting dual filing which is enclosed. You know, however, that this is where we started and the PHRC declined jurisdiction."

Thus, Plaintiff had legal representation during the 180-day period, and filed the charge against the County Defendant with the assistance of counsel.  Plaintiff and her counsel knew that the PHRC had declined jurisdiction, but never filed a timely charge against the Court Defendant. This is true even though Counsel's letter references the denial of jurisdiction and the PHRC's letter clearly explained that PHRC jurisdiction was denied because Plaintiff is a Court employee. These facts, too, mitigate against equitable tolling, because equitable tolling is less appropriate when the litigant is not inexperienced nor proceeding *pro se*. Kocian v. Getty Refining & Marketing Co., 707 F. 2d 748, 753, 755 (3rd Cir. 1983).

---

[1]        The Caselog for the EEOC charge against Court Defendant also notes that the claim against the county, docketed at Charge No. 170981689, has been dismissed for LJ (lack of jurisdiction). Exhibit C. The caselog in the charge against the County indicates also that CP (Charging Party) "is not employed by Resp. (Respondent, Cumberland County). Exhibit E.  However, although the EEOC originally intended to dismiss that claim against the County for lack of jurisdiction, it did not actually do so. See Determination as to Charge Number 170981689, against County Defendant, Exhibit F.

Plaintiff's failure to heed the advice given by the PHRC that she was an employee of Court Defendant, and that her claim could not be processed by the PHRC, but only by the EEOC, displays a lack of due diligence; to allow a plaintiff to successfully invoke equitable tolling in such circumstances would convert "a remedy available only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines." Robinson v. Dalton, supra, at 1023.

Plaintiff did not timely file a charge against Court Defendant with the EEOC. No extraordinary circumstance prevented Plaintiff from timely filing her charge with the EEOC as to Court Defendant. Indeed, the PHRC advised her in June 1997 that she was a Court employee whose claims could only be processed by the EEOC and not the PHRC. Plaintiff simply failed to use due diligence to timely file the required charge against the Court Defendant. Thus, there are no factors that would trigger the application of the doctrine of equitable tolling, and Court Defendant's Motion should be granted.

## IV.    CONCLUSION

Because Plaintiff did not file a timely EEOC charge against the Court Defendant, none of the allegations against Court Defendant contained in Plaintiff's Complaint may be considered by this Court.

Moreover, Plaintiff, as a matter of law, is not entitled to equitable tolling. The filing of a charge with the EEOC is a jurisdictional prerequisite to a judicial complaint. <u>Waiters v. Parsons</u>, 729 F. 2d 233, 237 (3rd Cir. 1984). Because the administrative prerequisites to filing this lawsuit have not been timely met, summary judgment must be granted as to the case against Court Defendant.

Respectfully submitted,

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
215-560-6300
***Counsel for Defendant, the Commonwealth
of Pennsylvania Ninth Judicial District***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,                                :
                                                  :        CIVIL ACTION
                              *Plaintiff,*         :
                                                  :        NO. 01-CV-01-0725
              vs.                                 :
                                                  :
COMMONWEALTH OF PA, *ET AL.,*                     :
                                                  :
                              *Defendants*        :
                                                  :

## CERTIFICATE OF CONCURRENCE and NONCONCURRENCE

Undersigned counsel contacted Counsel for Plaintiff and Counsel for Defendant County by electronic mail (e-mail). Debra Wallet, Esquire, Plaintiff's counsel, does not concur in this Motion. Paul Dellasega, Esq., Counsel for the County of Cumberland, does concur this Motion.

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102
215-560-6300

***Counsel for Defendant, the***
***Commonwealth of Pennsylvania***
***Ninth Judicial District***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,                          :

                *Plaintiff,*            :         CIVIL ACTION

                          :         NO. 01-CV-01-0725

      vs.                           :

COMMONWEALTH OF PA, *ET AL.,*               :

               *Defendants*            :

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 29, 2001, she personally caused

to be served upon the following a true and correct copy of the foregoing *Motion For Summary*

*Judgment and Brief in Support thereof, filed on behalf of Court Defendant, Commonwealth of*

*Pennsylvania, Ninth Judicial District,* by mailing same first class, postage pre-paid, U.S. mail to:

Debra Wallet, Esquire             Paul J. Dellasega, Esquire
24 North 32nd Street              *Thomas, Thomas & Hafer, LLP*
Camp Hill, PA 11701             305 North Front Street, 6th Floor
*Attorney for Plaintiff*             POB 999
                                 Harrisburg, PA 17108-0999-0999
                                 *Attorneys for Graham, Osenkarski*
                                 *and Cumberland County*

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, Pennsylvania 19102
(215) 560-6300

**Counsel for Defendant, the Commonwealth**
**of Pennsylvania, Ninth Judicial District**

Exh A

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| PERSON FILING CHARGE |
| --- |
| Varner, Barbara E |

Mr. George E Hoffer
President/Judge
Common Pleas Ct Of Cumberland Cty.
One Courthouse Square
Carlisle, PA 17013

| THIS PERSON (check one) |
| --- |
| [X] CLAIMS TO BE AGGRIEVED |
| [ ] IS FILING ON BEHALF OF ANOTHER |

| DATE OF ALLEGED VIOLATION | |
| --- | --- |
| *Earliest* | *Most Recent* |
| 11/20/1996 | 05/26/1998 |

| PLACE OF ALLEGED VIOLATION |
| --- |
| Carlisle, PA |

| CHARGE NUMBER |
| --- |
| 170990490 |

### NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[X] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [■] No action is required on your part at this time.

2. [X] Please submit by 4/12/99 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [X] Please respond fully by 4/12/99 to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Philadelphia District Office
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA   19106-2515

Howard Gurmankin, Supervisor
*(Commission Representative)*

(215) 451-5740
*(Telephone Number)*

[X] Enclosure:  Copy of Charge

| BASIS OF DISCRIMINATION |
| --- |
| [ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [X] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER |

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
| --- | --- | --- |
| 2/26/99 | Marie M. Tomasso | M. Tom |

EEOC FORM 131 (Rev. 06/92)

This form is affected by the Pri~~~~ Act of 1974; See Privacy Act Statement ~~~~ ~e ☐ EEOC | 170990490

completing this form.

Pennsylvania Human Relations Commission ~~~~~~ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
| --- | --- |
| Ms. Barbara E. Varner | (717) 938-9858 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| --- | --- | --- |
| .5 Maple Drive, Etters, PA  17319 | | 01 /18 /49 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE,
STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME Court of Common Pleas of Cumberland County | NUMBER OF EMPLOYEES, MEMBERS Cat D (501+) | TELEPHONE *(Include Area Code)* (717) 240-6265 |
| --- | --- | --- |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| .One Courthouse Square, Carlisle, PA .17013 | | 041 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
| --- | --- |
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
| --- | --- |

☐ RACE      ☐ COLOR      ☒ SEX      ☐ RELIGION      ☐ NATIONAL ORIGIN

☒ RETALIATION   ☒ AGE      ☐ DISABILITY ☐ OTHer *(Specify)*

EARLIEST 11/20/96    LATEST 5 /26/ 98

☒ CONTINUING ACTION

THE PARTICULARS ARE  *(If additional space is needed, attach extra sheet(s)):*

See attached sheets.

Notarial Seal
Jennifer L. Garner Notary Public
Camp Hill Boro. Cumberland County
My Commission Expires Aug. 27 2001

*Barbara E. Varner*

*Jennifer L. Garner*

Notarial Seal
Jennifer L. Garner, Notary Public
Camp Hill Boro, Cumberland County
My Commission Expires Aug. 27 2001

| ☒ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *When necessary for State and Local Requirements* |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Day, month, and year)* |
| Date         Charging Party *(Signature)* | |

EEOC FORM 5 (Rev. 06/92)

EEOC CHARGE NO.

The Particulars Are:

I.       On December 4, 1989 I was hired by Cumberland County as a Caseworker.  On
February 7, 1995, I was transferred as a Probation Officer I to the Cumberland County
Probation Department.  On or about November 20, 1996 to the present, I have been
harassed and sexually harassed by S. Gareth Graham, Supervisor, and Joseph Osenkarski,
Chief, more particularly as follows:

       a.  On or about November 20, 1996, I gave my supervisor, Mr. Graham, a social
history of a female juvenile with suicidal tendencies related to premenstrual problems.
Mr. Graham responded:  "Jesus Christ, do I need to get a peter meter in my office?"  This
was said to me in front of a male co-worker.  The comment was degrading and humiliating
to me as a female.

       b.  In January, 1996, Mr. Graham indicated an interest in me sexually by giving me
an inappropriate and personal birthday card and by inappropriate touching.  On May 1,
1996, Mr. Graham appeared uninvited at night at my home.  Mr. Graham knocked on my
hotel room door requesting entrance and called my room repeatedly during a training
session at Penn State October 21-23, 1996.  When I showed a lack of interest in his sexual
overtures, his attitude toward me became more hostile.

       c.  On several occasions, Mr. Graham has told me explicit stories regarding his
"sexual problems" with his wife who works as a stenographer for Cumberland County
Courts.  For example, while traveling on a business trip with me on December 11, 1996,
he discussed his wife's masturbation habits and her refusal to have sex with him.  He told
me he would keep a calendar of these events and threatened to "get even" with her.  I
suggested counseling for him and his wife.  He immediately denied any need for
counseling, started screaming about it, and began to drive the vehicle at a very high rate of
speed which frightened me.  Mr. Graham would brag about smashing his wife's figurine
collection against their fireplace and destroying her birthday cake in front of his young
daughters to "punish her."  I felt this was a message to me that he would retaliate against
me.

       d.  Mr. Graham has told me not to talk to another female probation officer, Kerry
(Vohs) Houser, who had previously brought sexual harassment charges against Mr.
Osenkarski.

e. Mr. Graham told me that my seniority and promotional possibilities are not based on seniority alone, but on the need to "satisfy" all parties involved. He said this with a suggestive smile and while he was making other sexual innuendoes.

f.  Both Mr. Graham and Mr. Osenkarski continually call attention to my gender and make inappropriate comments about other females. For example, Mr. Graham has made comments to me about how dark he believes a young female's "bush" is.  On or about April 7, 1997. Mr. Osenkarski made a comment in front of me about a young female intern's breasts:  that she had a nice set of "jahoobee's".

g. When I have told Mr. Graham that I do not want to hear his sexual comments and that I find the "f" word offensive, he told me that if I can't take it I can go back to doing social work (my former job).

h. When I followed the chain of command and went to Mr. Osenkarski. Mr. Graham's supervisor, to complain about the treatment, I was told by Mr. Osenkarski that he does not want to get involved.  He told me that he has put his "F------ 35 years in and now Mr. Graham is in charge."

i. After I rebuffed Mr. Graham's overtures, he retaliated against me in the following manner:

1.  Mr. Graham has screamed at me numerous times, most notably on occasions from December 1996 through May, 1997 and embarrassed me in front of co-workers.  He physically moves toward me in an aggressive manner.  On April 16, 1997, he threw wadded paper at me.  He frequently points in my face, most notably in an incident February 2, 1997.  He told me directly that he and Mr. Osenkarski "punish" people who do not comply with what they demand or who fall out of favor with them.

2.  On April 4, 1997, in front of the entire office, with members of the public present. Mr. Graham stated loudly that I have no "f------ sense, no f------- training. and no f------ ability."  On most occasions when he screams at me, he uses the "f" word in direct address to me.

3.  Prior to September 9, 1996, seniority lists used total number of years employed by the county.  Because I was hired while this was the policy, I was told that I would receive the benefit of this provision.  New hires would get seniority only for time in

2

EEOC CHARGE NO.

the Probation Department. I am the only person who has not been given the benefit of county seniority. Bill Brandt (male, aged late-20's) was moved ahead of me on the seniority list although I had more county seniority time than he. In March, 1998, Mr. Brandt was promoted ahead of me. After I complained, Mr. Brandt's promotion was taken down and we both got promoted in June, 1998. I was told that Mr. Brandt is male and "would eventually have a family" so he would need the money more than me. Although other male Probation Officers (e.g. Lyle Herr, Mike Peiper, and Gary Graham) have been given the benefit of the county-wide seniority. I have not. On the posted seniority list. Mr. Brandt is still ahead of me. If another promotion becomes available. Brandt will have more seniority than me.

4. I have been accused of having lied about a delay in returning from a business trip with another female probation officer because we had to drive through fog. Although the other female confirmed the facts, we were both docked pay and subjected to restrictions not placed on the other male probation officers.

5. Male Probation Officers may leave on juvenile commitment trips at any time throughout the day. Mr. Graham has enforced an 8:00 a.m. leaving time for myself and the other female probation officers. Female Probation Officer are not subject to the same rules as the male Probation Officers.

6. I was told by Mr. Graham in January, 1997 that all divorced females are angry at men. In April, 1997, Mr. Graham told my coworkers the same thing. I am a divorced female.

II.    On April 8, 1997, I complained about Mr. Graham and Mr. Osenkarski to Dan Hartnett, Cumberland County Personnel and Human Resources Director. I made specific reference to harassment and sexual harassment. On April 25, 1997, I wrote an extensive memorandum entitled "Harassment/Discrimination in Cumberland County Probation Department." Although I was told that an internal investigation had been done, the recommendation that some action be taken against Mr. Graham was rejected by President Judge Harold Sheely. I believe that this is because of his past friendships with Mr. Graham. I was told by Judge Sheely that Mr. Graham and Mr. Osenkarski have been "asshole buddies" for years. Judge Sheely accused me of having an affair with Mr. Graham, which is totally untrue. Although Mr. Graham received a short "disciplinary" suspension. I believe that he lost no pay. No one dealt specifically with the issues of harassment or sex discrimination. Mr. Graham has threatened to retaliate against persons who were interviewed during the "investigation."

3

a.  I continue to be treated differently because of my sex, female, and I am in constant fear of reprisal and physical harm.

b.  On October 27, 1997, during a training session on Sexual Harassment in the Workplace, Mr. Graham positioned himself in a manner that allowed him to glare and stare at me with narrowed eyes.

c.  On November 3, 1997, I was walking toward the courthouse.  Mrs. Graham exited her car and walked toward me, stopping in the street.  She stood at the curb glaring at me with narrowed eyes and clenched teeth and remained until I was directly in front of her.  I felt physically threatened.

d.  On December 4, 1997, I was waiting outside the courtroom when Mrs. Graham walked toward me narrowing her eyes and clenching her teeth.

e.  On several occasions, Mr. Graham has walked directly at me, only moving aside when he was a few steps away.  I am afraid for my physical safety as long as Mr. Graham is permitted to be near me.

f.  On March 3, 1998 I was walking from my parking lot to the Courthouse.  As I walked around the corner of a building, I was confronted by Mr. and Mrs. Graham.  Mrs. Graham was on the outside of the street.  I attempted to walk around her when she forcefully bumped into me.

g.  On May 22, 1998, I was exiting my car in the parking lot.  Mrs. Graham was parking her car behind mine.  She walked up to within two or three steps behind me and stayed in that position for the entire walk into the building.

III.    I have been discriminated against because of my age (Date of Birth: January 18, 1949) in that Mr. Graham informed me that he had no plans to hire any more "middle aged females."

IV.    I complained on June 4, 1997, December 23, 1997, February 4, 1998, March 3, 1998, March 31, 1998, and June 1, 1998 in writing and numerous times verbally about continued threatening actions by Mr. and Mrs. Graham and continued discrimination to the Personnel and Human Relations Director.  After these complaints, I have been retaliated against.

4

a. President Judge Sheely asked me in December, 1997 why I went to the Personnel Director with my complaints and suggested that I should not continue to make my complaints to Personnel. He told me that I would just have to "put up with it."

b. After my complaints about Mrs. Graham, on May 26, 1998 I was restricted by now President Judge George Hoffer from going into the probation offices in the third floor east wing of the courthouse, a location where I need to be to do my job. To the best of my knowledge, Mrs. Graham has not been restricted in her movements.

c. In March, 1998, Mr. Graham was moved to the Adult Probation Department and Mr. Thomas Boyer became the new supervisor of the Juvenile Probation Department, joined later by Mr. Henry Thielmann as a second supervisor. I continue to be treated differently from other male probation officers.

V.  I have been suffering physical symptoms of stress which have caused me to seek medical treatment. I have sought counseling in order to try to cope with the constant tension in the workplace. I am embarrassed and humiliated by the way I have been treated by my employer, particularly after making complaints which were confirmed by my co-workers.

*Exh B*

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE RECORD

---------------------------------------------------------------------------

CHARGE NUMBER: 170990490

---------------------------------------------------------------------------

CHARGING PARTY INFORMATION:
```
    Varner, Barbara E (Ms.)      SOC SEC #: 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     GENDER: F
    5 Maple Drive                BIRTHDATE: 01181949        RACE  : O
    Etters, PA 17319             COUNTY   : York            ORIGIN: O

(H) (717) 938-9858               JOB TITLE:
(W) (717) 240-6265               EXCLUDE CP NAME FROM 131/131a: N
```
---------------------------------------------------------------------------

RESPONDENT INFORMATION:
```
    Common Pleas                 R TYPE    : E
    One Courthouse Square        R COUNTY  : 041
    Carlisle, PA 17013           SMSA CODE : 3240
                                 SIC CODE  : 921
    (717) 240-6265               FUNCTION  :
SUPERVISOR NAME :                EEO ID#   :
SUPERVISOR TITLE:                # EMPLOY  : Cat A (15-100)
```
---------------------------------------------------------------------------

```
RECEIVED DATE: 010799    RCVD OFFICE: 170        INTAKE STAFF: HG
THIS OFF DATE: 010799    ACCT OFFICE: 170        INTAKE UNIT : 2
DOV, FIRST   : 112096    FEPA OFFICE: 17F        INQUIRY DATE: 010799
DOV, LAST    : 052698    FEPA CHG NO:
```
---------------------------------------------------------------------------

```
STATUTE: TA                 PROC TYPE: O      FEDERAL XFER:
BASIS  : GP OA OR           CONT. ACT: N      FEDERAL CODE:
ISSUES : P3 S4              SOURCE   : A
```
---------------------------------------------------------------------------

RESPONDENT CONTACT INFORMATION:          CHARGING PARTY CONTACT INFORMATION:
```
    Hoffer, George E (Mr.)
    President/Judge
    Common Pleas Ct Of Cumberland Cty.
    One Courthouse Square
    Carlisle, PA 17013
    Phone: (717) 240-6265
```

---------------------------------------------------------------------------

ACTION CODE:
```
    B4 DATE:        OFFICE:      BY:     TO :      RSN:
    B5 DATE:        OFFICE:      BY:     TO :      RSN:
    B6 DATE:        OFFICE:      BY:     CAT:      CT1:        NEP:
    G1 DATE:        OFFICE:      BY:     STP:
    A0 DATE:        OFFICE:      BY:     TO :      RSN:
```
---------------------------------------------------------------------------

DATA COMPLETE: Y
DATE UPLOADED: 011499

---------------------------------------------------------------------------

COMMENTS:

Exh C

# CASE LOG

| CHARGE NO. | RESPONDENT | CHARGING PARTY |
|---|---|---|
| | | |

| DATE | ACTION | ENTERED BY |
|---|---|---|
| 12/14/98 | Draft charge sent to CP | |
| | ~~CHARGE DOCKETED~~ | |
| 1/7/99 | rec'd. signed charge <br> Docketed | |
| 1/13/99 | 131 to R w/out charge | |
| 2/22/99 | rec'd FAX from CP | |
| 2/26/99 | 131 to R w/th charge & RFIs (2) + <br> Request for Co. Statement | |
| note: | this is a replacement charge for 170981689, <br> which was docketed w. incorrect R & <br> has been dismissed for CT. | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | Charge package forwarded to CR/TIU | |
| | Charge package received in CR/TIU | |
| | Open charges against Respondent:     NONE      YES (see form) | |
| 1/13/99 <br> 2/26/99 | 131/131A forwarded to Respondent | |
| 2/26/99 | CP/CP Attorney letter forwarded | |
| | 212A forwarded to State/Local Agency | |
| 2/26/99 | Forwarded to Enforcement Manager    AW | −    B4 |
| | Received by Enforcement Manager | B5 |
| 3/3/99 | Forwarded to Enforcement Supervisor    T-2 | G1 |
| | Assigned to Investigator | G1 |

010005

*Exh D*

Chairperson
ROBERT JOHNSON SMITH
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
GREGORY J. CELIA, JR.
Executive Director
HOMER C. FLOYD
Regional Director
KAABA BRUNSON

COMMISSIONERS
JOSEPH J. BORGIA
W.D. CHRISNER III
CARL E. DENSON
ALVIN E. ECHOLS, JR.
RUSSELL S. HOWELL
ELIZABETH C. UMSTATTD
SYLVIA A. WATERS
DANIEL D. YUN



**COMMONWEALTH OF PENNSYLVANIA**
**HUMAN RELATIONS COMMISSION**
Harrisburg Regional Office
Uptown Shopping Plaza
2971-E North Seventh Street
Harrisburg, PA  17110-2123
(717) 787-9780 (Voice)
(717) 787-7279 (TT)

Writer's Direct Dial:

June 16, 1997

Barbara E. Varner
5 Maple Drive
Etters, PA  17319

Dear Ms. Varner:

This will confirm our telephone conversation of June 16, 1997 where we discussed your filing a complaint against Cumberland County Juvenile Probation.  As a Juvenile Probation Officer, you are an Officer of the Court and enforce the decisions of the Cumberland County Court of Common Pleas under the direction of President Judge Sheely.

As I explained, we do not have jurisdiction over the employees of the various court systems of Pennsylvania due to a court ruling.  I suggested you should contact the EEOC and provided their address and telephone number.  You do plan to contact them.

Per your request, I am returning your questionnaires and letter that you initially sent to the Commission.  The Commission has retained the originals and I am sending you copies of them. I hope this is satisfactory.

I am sorry for any inconvenience the delay in stating our lack of jurisdiction has caused you.

Sincerely,

Joanne Hetzel
Human Relations Representative

910065

*Exh E*

# CASE LOG

| CHARGE NO. 170981689 | RESPONDENT *Cumberland Co* | | CHARGING PARTY *Varner, B* |
|---|---|---|---|
| **DATE** | **ACTION** | | **ENTERED BY** |
| 7-30-97 | **Correspondence received in CR/TIU** | | *jdg* |
| 9-4-97 | **Letter to PCP of Receipt** | | *jdg* |
| | Reviewed for Assignment to ISA *Pmw* | | |
| 9-10-97 | **Assigned to ISA** | | |
| 7-15-98 | Charge drafted.  Phoned PCP & reviewed charge. | | pmw |
| 7-16-98 | Charge mailed to PCP for signature.  Ltr #4080. | | pmw |
| 8-6-98 | Spoke to PCP's Attorney re charge. | | pmw |
| 8-10-98 | Rec'd copy of re-drafted charge from Atty Debra K. Wallet. | | pmw |
| 8-11-98 | Charge package submitted to Supv JDG for review. | | pmw |
| 8-14-98 | Supv JDG ret'd charge package.  Call Atty & discuss charge.  Have Atty retype charge & mail to EEOC. | | pmw |
| 8-17-98 | Charge form mailed to Atty Debra K. Wallet. | | pmw |
| 8-24-98 | Rec'd signed dated charge from Atty Wallet on behalf of CP.  Charge Docketed. | | pmw |
| 8-26-98 | Case submitted to supv. JDG. | | pmw |
| | Case forwarded to Enforcement. | | |

910157

# CASE LOG

| CHARGE NO. | RESPONDENT | CHARGING PARTY |
|---|---|---|
| 170981689 | | |
| DATE | ACTION | ENTERED BY |
| | Signed Charge Received | |
| | DOCKETED | |
| | See previous Case Log for prior actions | |
| | | |
| 9/28/98 | 131 to R without charge | |
| 11/3/98 | 131 to R with charge & RFI & Request | |
| | for Pos. statement | |
| | | |
| | | |
| | | |
| 3/18/99 | Case reviewed — DISMISS | |
| | CP is not employed by Resp. | |
| | | |
| | | |
| | | |
| | | |
| 9.22.98 | Charge package forwarded to CR/TIU | |
| 9/23/98 | Charge package received in CR/TIU | |
| | Open charges against Respondent:   NONE   YES (see form) | |
| 9/23/98 | 131/131A forwarded to Respondent | |
| 11/3/98 | CP/CP Attorney letter forwarded (to CP & CP Atty) | |
| | 212A forwarded to State/Local Agency | |
| 11/3/98 | Forwarded to Enforcement Manager _____ Aut _____ | |
| | Received by Enforcement Manager | |
| 11/9/98 | Forwarded to Enforcement Supervisor _____ T-2 _____ | |
| | Assigned to Investigator _____ | |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
INTAKE RECORD

```
------------------------------------------------------------------
CHARGE NUMBER: 170981689
------------------------------------------------------------------
CHARGING PARTY INFORMATION:
    Varner, Barbara E (Ms.)     SOC SEC #: 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    GENDER: F
    5 Maple Drive               BIRTHDATE: 011849         RACE  : W
    Etters, PA 17319            COUNTY   : York           ORIGIN: O

(H) (717) 938-9858              JOB TITLE: Probation Officer
(W) (717) 240-6524             EXCLUDE CP NAME FROM 131/131a: N
------------------------------------------------------------------
RESPONDENT INFORMATION:
    Cumberland County                R TYPE   : G
    One Courthouse Square, 3rd Flr   R COUNTY : 041
    Carlisle, PA 17013               SMSA CODE: 3240
                                     SIC CODE : 922
    (717) 240-6265                   FUNCTION :
SUPERVISOR NAME : President Judge Sheely   EEO ID# :
SUPERVISOR TITLE: Dan Hartnett,Person'l Dir  # EMPLOY : Cat D (501 +)
------------------------------------------------------------------
RECEIVED DATE: 082498    RCVD OFFICE: 170       INTAKE STAFF: PW
THIS OFF DATE: 082498    ACCT OFFICE: 170       INTAKE UNIT : 1
DOV, FIRST  : 071197     FEPA OFFICE: 17F       INQUIRY DATE: 061897
DOV, LAST   : 052698     FEPA CHG NO:
------------------------------------------------------------------
STATUTE: TA              PROC TYPE: O           FEDERAL XFER:
BASIS  : GF OA           CONT. ACT: N           FEDERAL CODE:
ISSUES : S4              SOURCE   : A
------------------------------------------------------------------
RESPONDENT CONTACT INFORMATION:      CHARGING PARTY CONTACT INFORMATION:
    Hartnett, Dan (Mr.)                  Spidle, Richard (Son) (Mr.)
    Personnel & H. R. Director           211 East Portland Street
    Cumberland County                    Mechanicsburg, PA 17055
    One Courthouse Square, 3rd Flr       Phone: (717) 795-1877
    Carlisle, PA 17013
    Phone: (717) 240-6265


------------------------------------------------------------------
ACTION CODE:
    B4 DATE:        OFFICE:      BY:     TO :    RSN:
    B5 DATE:        OFFICE:      BY:     TO :    RSN:
    B6 DATE:        OFFICE:      BY:     CAT:    CT1:       NEP:
    G1 DATE:        OFFICE:      BY:     STF:
    A0 DATE:        OFFICE:      BY:     TO :    RSN:
------------------------------------------------------------------
DATA COMPLETE: Y
DATE UPLOADED: 082898
------------------------------------------------------------------
COMMENTS:
```

910158





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 451-5800
TDD: (215) 451-5814
FAX: (215) 451-5804/5767

Barbara Varner
5 Maple Drive
Etters, PA 17319

        Charging Party,

                   CHARGE NO.: 170981689

Cumberland County
One Courthouse Square, 3rd floor
Carlisle, PA 17013

        Respondent.

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

All requirements for coverage have been met. Charging Party alleged that Respondent discriminated against her by subjecting her to sexual harassment and later retaliated against her for protesting the harassment in violation of Title VII of the Civil Rights Act of 1964, as amended and further harassed her because of her age, 48 in violation of the Age Discrimination in Employment Act.

Charging Party was hired on December 4, 1989, as a Caseworker and became a Probation Officer I on February 7, 1995. Charging Party currently works in Respondent's Juvenile Probation Division.

Charging Party alleges that between January 1996 and December 1996, she was subjected to sexual harassment by her former supervisor. The sexual harassment consisted of lewd comments such as "Jesus Christ, do I need to get a peter meter in my office," and descriptions of his wife's masturbation habits as well as inappropriate touching. During this period, Charging Party first protested these actions to the alleged harasser who told her to leave if she was uncomfortable with his demeanor, and then to the harasser's supervisor, who informed her that he was not going to address the problem because he had no intentions of jeopardizing his position with Respondent.

From December 1996 through May 1997, Charging Party was subjected to retaliatory treatment by the harasser, and indirectly by his supervisor. Her supervisor began to belittle her and yell at her in front of staff as well as in full view of his supervisor.

Charging Party submitted a formal complaint to Personnel on April 8, 1997. The former Judge reprimanded the harasser in July 1997, by suspending him but allowed him to remain in the department. The supervisor was demoted by the new judge in the Spring of 1998.

Charging Party continues to be subjected to retaliatory treatment by management. Recently Respondent offered to give Charging Party a position she had requested, provided she rescind her charges against Respondent. Charging Party refused and was informed that her application could not be seriously considered because of the charges she filed against Respondent.

Charging Party alleges three other issues: denial of seniority due to her previous complaints of harassment, intimidation by the harasser's wife, denial of access to parts of the building where the alleged harasser's wife worked and age discrimination in the form of derogatory comments about age which the supervisor made in Charging Party's presence.

Respondent agrees that in March 1998, Charging Party's supervisor was removed from his position by the new judge. Respondent admitted that Charging Party accused the harasser's wife of harassment, but does not believe the wife's actions were equivalent to harassment. Respondent asserts Charging Party is not restricted in her movements.

Regarding the seniority issue, Respondent asserted that Charging Party's alleged denial of seniority was the result of a reorganization and was not intended to effect Charging Party's seniority.

Witness testimony confirms that Charging Party was subjected to sexual harassment and hostile treatment thereafter by her supervisor.

Regarding the move to another position, Respondent has not officially commented on Charging Party's assertions, but maintains that the best candidate, suited for the position, will be selected. There is evidence that Respondent stated that Charging Party's obtaining the position is contingent upon her dropping the pending charges.

Based on the foregoing, there is evidence to show that Charging Party was a victim of sexual harassment, and was later subjected to retaliatory treatment in the form of demeaning treatment in front of staff, as well as denial of change in position. There is no evidence to suggest that any of this treatment was motivated by age discrimination.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise

them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission,

_September 15, 2000_
DATE

Marie M. Tomasso
District Director

910175

Exh 9

*Law Offices of*
**DEBRA K. WALLET**
24 N. 32nd STREET
CAMP HILL, PA 17011
PHONE: (717) 737-1300
FAX: (717) 761-5319

August 7, 1998

Pearlene M. Williams,
   Investigator Support Assistant
U.S. Equal Employment Opportunity Commission
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515

                Re: Barbara E. Varner

Dear Ms. Williams:

    Thank you for speaking with me yesterday about the draft charge. Enclosed are some corrections and additions which my client and I have prepared. It was easier to retype it in my office than to write on your draft. I understand that you will have to send this back to my client after it has been retyped on the charge form.

    Please note that "Cumberland County" is the employer.

    I have had my client sign the form requesting dual filing which is enclosed. You know, however, that this is where we started and the PHRC declined jurisdiction.

    Please call me if you have questions or if I can assist in any way..

                Sincerely yours,

                Debra K. Wallet

DKW/s
Encl. (2)
cc: Barbara E. Varner

910191