**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER,<br>Plaintiff | : |
| v. | : CIVIL ACTION<br>: NO: 1:CV 01-0725 |
| COMMONWEALTH OF PENNSYLVANIA,<br>NINTH JUDICIAL DISTRICT,<br>CUMBERLAND COUNTY, | : |
| and | : JURY TRIAL DEMANDED |
| CUMBERLAND COUNTY | : |
| and | : Judge Yvette Kane |
| S. GARETH GRAHAM, individually | : |
| and | : |
| JOSEPH OSENKARSKI, individually,<br>Defendants | : |

FILED
HARRISBURG, PA
NOV 16 2001
MARY E. D'ANDREA, CLERK

**BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED
ON BEHALF OF COURT DEFENDANT, COMMONWEALTH
OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT**

Introduction

Plaintiff Barbara Varner files this brief in opposition to the Motion For Summary Judgment filed by the Commonwealth of Pennsylvania, Ninth Judicial District [hereinafter Court Defendant] that cited and relied upon documents from the EEOC. Plaintiff incorporates as undisputed facts additional portions of the documents subpoenaed from the EEOC as listed in the separately bound PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO COURT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

Counter-Statement of Questions Involved

Are Plaintiff's Title VII claims against the Court Defendant barred because of when she filed her charge of discrimination with the EEOC?

- A. Did Varner have 300 days to file with the EEOC where the jurisdiction of the PHRC, the referral agency, was in dispute and not finally decided by the state courts until April 26, 2000?

- B. Did the filing of a verified questionnaire including charges against the Court Defendant satisfy the timely filing requirement?

- C. Did the filing of a second charge on the same subject and specifically naming the Court Defendant as the Respondent constitute an amendment which relates back to the date of the first filed charge?

- D. Should the doctrine of equitable tolling be applied where the Plaintiff timely filed in the wrong forum?

- E. Should the doctrine of equitable tolling be applied where the EEOC delayed a year in preparing and docketing any formal charge for Plaintiff and where it delayed another six months in naming the Court as a respondent?

Argument

**PLAINTIFF'S CLAIMS AGAINST THE COURT DEFENDANT ARE NOT BARRED BECAUSE SHE TIMELY FILED WITH THE EEOC.**

    A.    **PLAINTIFF HAD 300 DAYS TO FILE WITH THE EEOC WHERE THE JURISDICTION OF THE REFERRAL AGENCY WAS IN DISPUTE.**

The Title VII statutory provision establishing the time for the filing of a charge is as follows:

> (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . ., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred. . . .

42 U.S.C. §2000e-5(e)(1).

The issue to be decided is the meaning of the phrase "State or local agency with authority to grant or seek relief from such practice." It is undisputed that prior to June 16, 1997, Varner attempted to file a charge against Cumberland County Juvenile Probation with the Pennsylvania Human Relations Commission (PHRC) which ultimately referred her to the EEOC. (Exhibit D).[1] Whether or not the PHRC had the authority to grant or seek relief is a matter of state law which was not decided until April 23, 1999 by the Pennsylvania Supreme Court in First Judicial District of Pennsylvania v. Pennsylvania Human Relations Commission,

---

[1] Exhibits to the Court Defendant's motion have been given letters. Exhibits to Varner's statement in opposition have been given numbers.

3

556 Pa. 258, 727 A.2d 1110, 1999 Pa. LEXIS 1161. The Supreme Court in <u>First Judicial District</u>, 556 Pa. at 262, described the state of the law prior to its holding "as allowing the commission's [PHRC's] involvement in some aspects of court personnel policies and practices, but not others." Consequently, at the time Varner contacted the PHRC in 1997 it cannot be said, as the Court Defendant states, that the PHRC had "no subject matter jurisdiction over discrimination or harassment claims against the state judiciary." Considering the uncertainty of the law, a plaintiff would have had no reason to know that the PHRC, the state agency with jurisdiction to investigate and remedy sexual harassment and discrimination cases, could not fully do so with respect to the state judiciary. Unlike the Plaintiff in <u>Benn v. First Judicial District of Pennsylvania</u>, 2000 U.S. Dist. LEXIS 6659 (E.D.Pa 2000), an ADA case, Varner does *not* concede that she had only 180 days to submit a charge to the EEOC.

The PHRC has subject matter jurisdiction over sex discrimination and sexual harassment cases. At the time Varner contacted in the PHRC in 1997, that agency had some jurisdiction to remedy discrimination against court employees. Consequently, Varner is entitled to the full 300 days to file her charge with the EEOC. If so, the Court Defendant apparently concedes that she filed a charge 226 days after the last alleged act of discrimination.

> B. **EVEN IF PLAINTIFF HAD ONLY 180 DAYS TO FILE WITH THE EEOC, VARNER SUBMITTED A VERIFIED QUESTIONNAIRE TO THE EEOC AS EARLY AS JULY 30, 1997 WHICH INCLUDED ALLEGATIONS AGAINST THE COURT.**

The Plaintiff signed a comprehensive statement of her allegations "under penalty of perjury" on July 21, 1997 which referred to "Harassment/Discrimination by President Judge

4

Sheely." It also contains the statement: "Recommendation was totally dismissed by judge because of past friendship with Mr. Graham and his wife (who is a court stenographer and previously stenographer for this judge). The judge told me the men have always been 'asshole' buddies and Mr. Graham is acting like his 'old man.'" (P3, Exhibit 3). Included among the EEOC files is a verified PHRC General Questionnaire dated May 13, 1997. Under "Name of Organization your complaint is against" Varner wrote: "Cumberland County Juvenile Probation." (P4, Exhibit 4).

The EEOC refers to the questionnaires as a "charge" and takes it upon itself to make a determination about preparing a draft charge on another form used by the EEOC and docketing the charge. On September 4, 1997, the EEOC wrote to Barbara Varner acknowledging receipt of the completed questionnaires and advising her that a representative "will analyze the information in your questionnaire(s) and previous correspondence to determine whether your charge should be docketed by EEOC. You will be informed of the decision in this matter." The letter went on to state that if it is determined "that your charge is eligible for docketing, we will prepare a draft charge on an EEOC Charge Form and send that form to you . . . . However, because of the volume of correspondence received by this office, there may be a delay before you are contacted." (P5, Exhibit 5, emphasis added). That delay turned out to be considerable.

The Third Circuit has determined that Title VII must be construed liberally to prevent its jurisdictional requirements from thwarting the statute's substantive policies. Glus v. G.C. Murphy Co., 562 F.2d 880 (3d Cir. 1977). Particularly where a complainant files her administrative complaint pro se, she should not be expected to anticipate the legal significance

5

that might be attached to whether particular individuals are named as respondents or merely named in the body of the complaint. Glickstein v. Neshaminy School District, 1997 U.S. Dist. LEXIS 16317 (E.D. Pa. 1997). In two cases under the Age Discrimination in Employment Act, the Third Circuit has approved as charges notices "of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." Bihler v. Singer Company, 710 F.2d 96, 99 (3d Cir. 1983); Rabzak v. County of Berks, 815 F.2d 17 (3d Cir. 1987). *See also* Smith v. Video Monitoring Services of America, L.P., 2000 U.S. Dist. LEXIS 15518 (E.D. Pa. 2000). Even in Benn v. First Judicial District of Pennsylvania, 2000 U.S. Dist. LEXIS 6659 (E.D.Pa 2000), a verified Charge Questionnaire was accepted by that Court as a "charge" sufficient to satisfy the timely filing requirement.

The EEOC regulations provide that under Title VII "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. §1601.9. The EEOC's regulations further clarify that a charge that fails to satisfy the technical requirements of a charge may nevertheless be sufficient to fulfill the charge-filing requirement: "Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." See 29 C.F.R. §1601.12(b).

What is clear from the case law in this circuit as well as the EEOC regulations, a party need not necessarily be named as the "respondent" in the charge; it is sufficient that the party be named in the body of the administrative charge. In the two verified questionnaires Varner charged Judge Sheeley with engaging in harassment and discrimination and named "Cumberland County Juvenile Probation" as the respondent. She specifically identified the

6

Court as participating in the harassment by condoning the conduct and engaging in additional sex discrimination. The retaliation of which Varner complains in her federal complaint grows directly out of the Judge's refusal to act to remedy the harassment and discrimination of Graham and Osenkarski. For these reasons, the verified questionnaires were of the kind manifesting Varner's intent to activate an investigation into the actions of the Court Defendant. They were sufficient to satisfy the timely filing requirement even if Varner is deemed to be held to the 180 day rule.

    **C.    THE FILING OF A SECOND CHARGE ON THE SAME SUBJECT AND SPECIFICALLY NAMING THE COURT DEFENDANT AS THE RESPONDENT CONSTITUTES AN AMENDMENT WHICH RELATES BACK TO THE DATE OF THE FIRST FILED CHARGE.**

The regulations of the EEOC incorporate the well known concept of an amendment's relating back to the date of the original complaint. "[A]mendments alleging additional acts which constitute unlawful employment practices relating to or growing out of the subject matter of original charge will relate back to the date the charge was first received." 29 C.F.R. §1601.12(b). In determining the content of the original complaint for purposes of applying this regulation, the courts frequently mention that charges are most often drafted by someone not well versed in the law. Accordingly, the scope of the original charge should be liberally construed. *See, e.g.,* Tillman v. City of Boaz, 548 F.2d 592, 594 (5th Cir. 1977). Once a charge is filed with the EEOC, the Third Circuit has held that the "scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which

7

can reasonably be expected to grow out of the charge of discrimination. <u>Hicks v. ABT Associates, Inc.</u>, 572 F.2d 960, 966, 1978 U.S. App. LEXIS 12982 (3d Cir. 1978).

The original charge naming Cumberland County as the respondent contained allegations against Judges Sheely and Hoffer. (Exhibit 7, Bates No. 910183). The EEOC could reasonably be expected to investigate the actions of the County Court as a result of that charge. The EEOC is not even consistent in referring to a "respondent." EEOC Form 5 for charge 170981689 lists the employer as "Cumberland County" (Exhibit 7) but the Notice of Conciliation Failure for this same charge lists as Respondent "Cumberland County Probation Dept." (P11, Exhibit 8).

In Varner's case, the EEOC itself notes that the charge specifically listing the Court Defendant as Respondent was intended to replace charge 170981689 filed against the County Defendant docketed August 24, 1998, based upon Exhibit E. The handwritten Case Log which corresponds to charge number 170990490 naming the Court Defendant as Respondent has a handwritten notation: "this is a <u>replacement charge for 170981689</u>, which was docketed vs incorrect R + has been dismissed for LJ." (P7, Exhibit C to Court Defendant's motion, emphasis added). Most significant, Charge 170981689 and Charge 170990490 are virtually identical. (P10, Compare Exhibit A with Exhibit 7).

Therefore, Charge 170990490 should be deemed an amendment to Charge 170981689 and relate back to at least August 24, 1998, if not earlier[2]. The August 24, 1998 formally docketed charge refers to discriminatory and retaliatory actions by both Judges Sheely and

---

[2] The EEOC documents suggest that the EEOC considered "timely receipt for EEOC to process" to be June 18, 1997. (P1, Exhibit 1).

8

Hoffer in the body of the charge. (Exhibit 7, Bates No. 910183). If the most recent incident of discrimination or harassment against the Court Defendant is deemed to be 5/26/98 (see Statement 1 in Court Defendant Brief), then an August 24, 1998 formally docketed charge is well within the 180 days.

### D. IN THE ALTERNATIVE, EQUITABLE TOLLING APPLIES BECAUSE PLAINTIFF TIMELY FILED IN THE WRONG FORUM.

In extraordinary cases, the filing period with the EEOC may be tolled. Equitable tolling is appropriate: 1) where the defendant has actively misled the plaintiff respecting plaintiff's cause of action; 2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F. 3d 1380, 1387 (3d Cir 1994). Due diligence is required to preserve an equitable tolling claim; that is, equitable tolling is only available if the plaintiff has exercised due diligence. *See* Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997).

In this case, Varner went to the PHRC and completed a verified PHRC General Questionnaire dated May 13, 1997 and stated that her complaint was against "Cumberland County Juvenile Probation." President Judge Sheely is mentioned as a management employee who failed to rectify her complaints. (P4, Exhibit 4). On this record we do not know exactly when this document was received by the PHRC but it had to have been prior to June 16, 1997 when the questionnaire was returned to Varner. (Exhibit D). She unquestionably acted with

9

due diligence in seeking assistance from the PHRC but this turned out to be the wrong forum because of a state court controversy over the separation of powers doctrine. If it is determined that her filing with the EEOC is somehow late, Varner fits squarely within the third prong of the Oshiver equitable tolling criteria in that "plaintiff has timely asserted his or her rights mistakenly in the wrong forum."

Immediately after being turned away from the PHRC on June 16, Varner corresponded with the EEOC which acknowledged her "correspondence dated June 18, 1997." (Exhibit 2). Therefore, Varner acted diligently both before and after she sought assistance from the PHRC.

E.  **IN THE ALTERNATIVE, EQUITABLE TOLLING APPLIES BECAUSE PLAINTIFF WAS PREVENTED BY THE EEOC FROM ASSERTING HER RIGHTS WHERE THE EEOC DELAYED FROM JUNE 18, 1997 TO JULY 15, 1998 IN PREPARING ANY CHARGE AFTER RECEIVING SUFFICIENT INFORMATION FROM THE PLAINTIFF TO DO SO AND FAILED TO LIST THE COURT AS A RESPONDENT UNTIL JANUARY 7, 1999.**

The EEOC, the administrative agency with the expertise to identify and remedy unlawful discrimination, is expected to determine how a charge should be prepared and who should be named as a respondent based upon the factual information submitted by the Plaintiff in her verified questionnaire. Here, the EEOC assured Varner that it would file a charge on her behalf and even predicted that there could be a delay in completing this process. (Exhibit 5). Varner did what she was obligated to do to initiate the administrative process. If the EEOC caused the charge to be untimely because of its own inability to prepare any charge for nearly a year, then this administrative failure is precisely the kind of situation envisioned in the concept of equitable tolling. *See* Oshiver, supra.

10

Varner first went to the PHRC in a timely fashion. The PHRC apologized for its "delay" in telling her that she would have to go to the EEOC. (Exhibit D). Varner made contact with the EEOC just two days later. When Varner was sent a comprehensive questionnaire and given 33 days to return it, she did so promptly. If the EEOC delayed or was inept in failing to name all of the parties as "respondents" in the charge, these failings should not be used to punish a plaintiff who pursued her administrative claims with diligence. As the Third Circuit commented in <u>Hicks</u>, *supra,* 572 F.2d at 966: "If the EEOC's investigation is unreasonably narrow or improperly conducted, the plaintiff should not be barred from his statutory right to a civil action."

Based upon the facts here, if there is a timeliness issue, the doctrine of equitable tolling would prevent the grant of summary judgment in favor of the Court Defendant.


<u>Conclusion</u>

For all of the reasons set forth here, the Court Defendant's motion for summary judgment based upon the alleged untimely filing of an EEOC administrative charge must be denied.

Respectfully submitted,

*Debra K. Wallet* 
Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA 17011
(717) 737-1300
I.D. #23989

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER,<br>    Plaintiff | : |
| v. | : CIVIL ACTION<br>: NO: 1:CV 01-0725 |
| COMMONWEALTH OF PENNSYLVANIA,<br>NINTH JUDICIAL DISTRICT,<br>CUMBERLAND COUNTY, | : |
| and | : JURY TRIAL DEMANDED |
| CUMBERLAND COUNTY | : |
| and | : |
| S. GARETH GRAHAM, individually | : Judge Yvette Kane |
| and | : |
| JOSEPH OSENKARSKI, individually,<br>    Defendants | : |

## PROOF OF SERVICE

I, Debra K. Wallet, Esquire, hereby certify that on November 16, 2001, I served by regular first class mail, postage prepaid, a true and correct copy of the attached **BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED ON BEHALF OF COURT DEFENDANT, COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT** addressed as follows:

James K. Thomas, II, Esq.
Paul J. Dellasega, Esq.
THOMAS, THOMAS & HAFER, LLP
305 North Front St., 6th Floor
P.O. Box 999
Harrisburg, PA 17108

A. Taylor Williams, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102

John Gerard Devlin, Esquire
JOHN GERARD DEVLIN & ASSOCIATES, P.C.
100 Pine Street, Suite 260
Harrisburg, PA  17101

*Debra K. Wallet* (signature)
Debra K. Wallet, Esq.
24 N. 32nd Street
Camp Hill, PA 17011
(717) 737-1300
I.D. #23989