ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,       :
            Plaintiff       :
                            :
        v.                  :   CIVIL ACTION
                            :   NO: 1:CV 01-0725
COMMONWEALTH OF PENNSYLVANIA, :
NINTH JUDICIAL DISTRICT,    :
CUMBERLAND COUNTY,          :
                            :
    and                     :   JURY TRIAL DEMANDED
                            :
CUMBERLAND COUNTY           :
                            :
    and                     :
                            :   Judge Yvette Kane
S. GARETH GRAHAM, individually :
                            :
    and                     :
                            :
JOSEPH OSENKARSKI, individually, :
            Defendants       :

FILED
HARRISBURG, PA

NOV 16 2001

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO COURT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Barbara E. Varner responds to the Statement of Material Facts submitted by

the Court Defendant as follows:

1. - 3.  ADMITTED.

4.      It is ADMITTED that Plaintiff spoke by telephone with Joanne Hetzel, a

representative of the PHRC, which conversation was memorialized in a letter addressed to

Plaintiff and dated June 16, 1997.  It is further ADMITTED that the statement accurately

quotes the letter. It is DENIED that June 16, 1997 is "more than a year and a half before

filing her charge against Court Defendant." To the contrary, as indicated in the statements

below, Plaintiff does not agree that she failed to file a charge against the Court Defendant for

more than a year and a half after the June 16, 1997 conversation.

     5.    It is ADMITTED that Exhibit E to Court Defendant's motion shows a docketed

charge against Cumberland County dated 8/24/98. It is DENIED that this date is the date on

which the Plaintiff "filed a charge" against Cumberland County. It is further DENIED that no

charge against the Court Defendant was "filed until January 7, 1999." To the contrary, as

indicated in the statements below, Plaintiff's actions establish the filing of a charge against both

defendants much earlier.


     In support of Varner's opposition to the Court Defendant's motion for summary

judgment, the relevant portions of the EEOC record evidence the following facts:

     P1.    After the PHRC referred Varner to the EEOC by letter dated June 16, 1997

(Exhibit D to Court Defendant's motion), the EEOC served Notice of Charge of

Discrimination on Mr. Dan Hartnett, Personal and H.R. Director of Cumberland County, on

November 3, 1998. In this Notice of Charge of Discrimination under "circumstances of

alleged violation", a handwritten entry appears: "Note: original correspondence received by

EEOC on 6/18/97 to establish timely receipt for EEOC to process." (Exhibit 1).

     P2.    On July 11, 1997, Joan D. Gmitter, Charge Receipt Supervisor, wrote to

Plaintiff referencing Varner's correspondence dated June 18, 1997 and enclosed questionnaires

on Charge Information, Harassment, Sexual Harassment, Witness, and Remedy requesting

return of the completed questionnaires within "33 days from the date of the letter."  This letter

notified Varner: "Upon our receipt of the completed questionnaire(s), we will analyze the

information to determine whether or not your charge should be docketed by EEOC.  You will

be informed as to the decision in this matter and, if appropriate, what additional steps must be

taken in order for EEOC to complete this process."  (Exhibit 2).

P3.    Varner completed these questionnaires, signed and dated them on July 21, 1997.

The questionnaires included the statement: "I declare under penalty of perjury that I have read

the above statements and that they are true and correct."  Varner stated that the type of harm

was "Harassment/Discrimination by President Judge Sheely."  It also contains the statement:

"Recommendation was totally dismissed by judge because of past friendship with Mr. Graham

and his wife (who is a court stenographer and previously stenographer for this judge).  The

judge told me the men have always been 'asshole' buddies and Mr. Graham is acting like his

'old man.'"  (Exhibit 3, see especially Bates numbers 910062 and 910071).

P4.    Included among the EEOC files is a PHRC General Questionnaire dated May

13, 1997, signed by Varner with the statement "I hereby verify that the statements contained in

this complaint are true and correct to the best of my knowledge, information and belief.  I

understand that false statements herein are made subject to the penalties of 18 PA.C.S. Section

4904, relating to unsworn falsification to authorities."  Under "Name of Organization your

complaint is against" Varner wrote: "Cumberland County Juvenile Probation."  (Exhibit 4).

P5.    On September 4, 1997, Joan D. Gmitter wrote to Barbara Varner

acknowledging receipt of the completed questionnaires and advising her that a representative

"will analyze the information in your questionnaire(s) and previous correspondence to

determine whether your charge should be docketed by EEOC. You will be informed of the decision in this matter." The letter went on to state that if it is determined "that your charge is eligible for docketing, we will prepare a draft charge on an EEOC Charge Form and send that form to you . . .. However, because of the volume of correspondence received by this office, there may be a delay before you are contacted." (Exhibit 5).

P6.    Based on the Case Log for charge number 170981689, a charge was not drafted until July 15, 1998 and mailed to the Plaintiff on July 16, 1998. (Exhibit E to Court Defendant's motion).

P7.    The handwritten Case Log which corresponds to charge number 170990490, naming the Court Defendant as Respondent, has a handwritten notation: "this is a replacement charge for 170981689, which was docketed vs incorrect R + has been dismissed for LJ." (Exhibit C to Court Defendant's motion).

P8.    By letter dated November 3, 1998 the EEOC acknowledged charge number 170981689 against Cumberland County and told Varner that she "need do nothing further at this time." (Exhibit 6).

P9.    Charge number 180981689 contains allegations of retaliation by President Judge Sheely and President Judge George Hoffer. (Exhibit 7, Bates No. 910183).

P10.    Charge 170981689 and Charge 170990490 are virtually identical. (Compare Exhibit A to Court Defendant's motion with Exhibit 7).

P11.    By letter dated November 20, 2000, District Director Marie M. Tomasso sent

Varner and counsel a "Notice of Conciliation Failure".  The caption lists charge number

170981689 and the Respondent as "Cumberland County Probation Dept."  (Exhibit 8).

Respectfully submitted,


Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA  17011
(717) 737-1300
I.D. #23989

_Exh 1_

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Mr. Dan Hartnett
Personnel & H. R. Director
Cumberland County
One Courthouse Square, 3rd Flr
Carlisle, PA 17013

PERSON FILING CHARGE

Varner, Barbara E

THIS PERSON (check one)

[X] CLAIMS TO BE AGGRIEVED

[ ] IS FILING ON BEHALF OF ANOTHER

DATE OF ALLEGED VIOLATION

Earliest 11/20/96        _Most Recent_

~~Earliest~~               · 05/26/98

PLACE OF ALLEGED VIOLATION

Carlisle, PA

CHARGE NUMBER

170981689

## NOTICE OF CHARGE OF DISCRIMINATION
(See EEOC "Rules and Regulations" before completing this Form)

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[X] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [X] No action is required on your part at this time.

2. [X] Please submit by 12/14/98 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [X] Please respond fully by 12/14/98 to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Philadelphia District Office
The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA   19106-2515

[X] Enclosure:  Copy of Charge

Alfred L. Harris, Manager
_(Commission Representative)_

(215) 451-5800
_(Telephone Number)_

BASIS OF DISCRIMINATION

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [X] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

See enclosed Form 5, Charge of Discrimination. Note: Original Correspondence received by EEOC on 6/18/97 to establish timely receipt for EEOC to process.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|------|---------------------------------------------|-----------|
| 11/3/98 | Marie M. Tomasso | M. Tomasso |

EEOC  FORM 131  (Rev. 06/92)

RESPONDENT'S COPY
010184



*Exh 2*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 451-5800
TDD: (215) 451-5814
FAX: (215) 451-5804/5767

July 11, 1997

Our Reference: Varner vs Cumberland County

Ms. Barbara E. Varner
5 Maple Drive
Etters, Pa 17319

Dear Ms. Varner:

Your above-referenced correspondence dated June 18, 1997 has been received by this office of the U.S. Equal Employment Opportunity Commission (EEOC). EEOC enforces laws related to employment discrimination based on race, sex, color, religion, national origin, age (40 and over) and disability. The information you have provided indicates that the matter you complain of may be covered by the laws administered by EEOC. However, before we can actually docket your charge and begin the EEOC investigation, we must first obtain additional information from you.

In order to assist this office in obtaining that information, I have enclosed the following questionnaire(s):

> **Charge Information**
> **Harassment**
> **Sexual Harassment**
> **Witness**
> **Remedy**

Please complete and return all questionnaires to this office. Answer all the questions to the best of your ability and attach extra pages if necessary.

Upon our receipt of the completed questionnaire(s), we will analyze the information to determine whether or not your charge should be docketed by EEOC. You will be informed as to the decision in this matter and, if appropriate, what additional steps must be taken in order for EEOC to complete this process.

Please note that if you fail to return the completed questionnaire(s) to this office within 33 days from the date of this letter or fail to contact this office within that same 33-day period if there is need for further clarification, the EEOC will take no further action regarding your complaint. In that event, there will be no EEOC investigation and you will also have lost your federal private suit rights related to the laws administered by EEOC.

Your correspondence will be assigned to an EEOC representative for completion of the intake processing once you have returned the

910059

completed questionnaire(s).  If there are any questions in this matter, please call the undersigned at (215) 451-5803.

Thank you for your cooperation in this matter.

Sincerely,

Joan D. Gmitter
Charge Receipt Supervisor


Enclosures
    Questionnaire(s)

910060

Exh 3

Please immediately com̲p̲l̲e̲te entire form, including any atta̲c̲h̲e̲d questionnaires, and return the entire document to the U. S. Equal Employment Opportunity Commission ("EEOC"). Answer all questions as completely as possible. REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 300 days of the alleged discrimination.

## PERSONAL BACKGROUND INFORMATION:

Name: Mr./Ms. _Barbara E. Varner_

Address: _5 Maple Drive_

_Etters, Pa   17319_

Phone Number: (day) (_717_) _240-6524_ (night) (_717_) _938-9858_

Date of Birth: _1/13/49_  Soc. Sec. #: _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_  Race: _W._

## RESPONDENT INFORMATION (Employer, union, employment agency against whom the charge is being filed)

Respondent Name _Cumberland County_

**Address (If employer, the location where you actually worked or sought employment - If you worked out of your home, state that, and give the full address of the company home office or headquarters; if union or employment agency, the address where you conducted business)**

_1 Courthouse Square_

City/State/Zip Code _Carlisle Pa 17013_  /County _Cumberland_

Approximate total number of employees _1,048_

Type of business _County Court House_

**DATE OF HARM (last date any harm which you consider discriminatory happened):** _Friday July 11, 1997_

**TYPE OF HARM (the kind of discrimination that happened to you, for example, discharge, denial of hire, harassment):**

_Harassment / Discrimination by President Judge Shealy_

5/96

910062

QUESTIONNAIRE (p.2)

**BASIS** Check the basis of your complaint (the reason you believe the action was taken against you).

( )race          ( )color          ( )religion          (X)sex

( )national origin      (X)age          ( )disability          ( )retaliation

**Identify yourself in terms of the basis or bases you checked, for example, "I am black" or "I am a disabled person."**

_I am a female, age 48 who has been harassed and discriminated against in my employment with Cumberland Cnty_

**If you checked "retaliation," have you ever previously filed a charge with EEOC or another civil rights agency or complained to your employer about discrimination? ( )yes ( )no**

**If yes, please explain:** _____

_____

**If none of the above bases applies, describe the reason you believe the action was taken against you:** _____

_*Note: The last action was taken against me because I filed a complaint against my supervisor who is (as the judge said) a long time friend of his who has a family. He also told me he has been at my (male) supervisor's home for picnics (political). I was alleged to have caused upset in their home because of my complaint. The judge accused me of having an affair with my supervisor (not true). He stated (warned) me I would have to swear under oath if I took this complaint any further. The judge totally ignored the recommendations of the county solicitor stating that my supervisor is acting just like his "old man" did._

_Barbara E. Varner_
**Signature**

_7/21/97_
**Date**

Cn.  ●  .NFORMATION QUESTION`  ●  (p.3)

**CONTACT PERSON:** Please provide the name of an individual at a different address who is in the local area and who would know how to reach you.

Name _Richard Spidle_ _____ Relationship _Son_ _____

Address _211 E Portland ST_ _____

City _Mechanicsburg_ _____ State _Pa_ ____ Zip Code _17055_

Area Code/Telephone Number _717-795-1877_ _____

**ADDITIONAL INFORMATION**

1.   Choose one of the following:
     a) (X)  I want to file a charge.
     b) ( )  I DO NOT WANT to file a charge at this time.
     c) ( )  I want to speak with an EEOC Representative before this is filed as a charge.

I can be contacted at (area code/telephone number) _717-240-6524_ _____. The best days and times to contact me are _8-3:00  M-F_ _____.

2.   Indicate which of the following applies:
     a)      ( )  I have not filed a charge with any other agency concerning these same matters.
     b)      (X)  I have filed a charge with the agency/agencies named below concerning these same matters:
             Name of Agency _Human Relations Commission_
             Date Filed _May 19 1997_
             Agency docket number _covid not handle because of Court employment_  *see atta
     c)      ( )  I am scheduled for an interview with the agency named below:
             Name of Agency _____
             Date of Scheduled Interview: _____
             Location of Interview _____
             Name of Interviewer _____
     d)      ( )  I have received a Questionnaire to be completed from the agency named below:
             Name of Agency _____
     e)      ( )  I mailed the Questionnaire back to the agency named above on or about:
             _____

b) Cumberland County Personnel Director -Dan Hartnett
Complaint began 4/8/97.

910064

Chairperson
ROBERT JOHNSON SMITH
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
GREGORY J. CELIA, JR.
Executive Director
HOMER C. FLOYD
Regional Director
KAABA BRUNSON

COMMISSIONERS
JOSEPH J. BORGIA
W.D. CHRISNER III
CARL E. DENSON
ALVIN E. ECHOLS, JR.
RUSSELL S. HOWELL
ELIZABETH C. UMSTATTD
SYLVIA A. WATERS
DANIEL D. YUN



**COMMONWEALTH OF PENNSYLVANIA**
**HUMAN RELATIONS COMMISSION**
Harrisburg Regional Office
Uptown Shopping Plaza
2971-E North Seventh Street
Harrisburg, PA  17110-2123
(717) 787-9780 (Voice)
(717) 787-7279 (TT)

Writer's Direct Dial:

June 16, 1997

Barbara E. Varner
5 Maple Drive
Etters, PA  17319

Dear Ms. Varner:

This will confirm our telephone conversation of June 16, 1997 where we discussed your filing a complaint against Cumberland County Juvenile Probation.  As a Juvenile Probation Officer, you are an Officer of the Court and enforce the decisions of the Cumberland County Court of Common Pleas under the direction of President Judge Sheely.

As I explained, we do not have jurisdiction over the employees of the various court systems of Pennsylvania due to a court ruling.  I suggested you should contact the EEOC and provided their address and telephone number.  You do plan to contact them.

Per your request, I am returning your questionnaires and letter that you initially sent to the Commission.  The Commission has retained the originals and I am sending you copies of them. I hope this is satisfactory.

I am sorry for any inconvenience the delay in stating our lack of jurisdiction has caused you.

Sincerely,

Joanne Hetzel
Human Relations Representative

910065

# ● HARASSMENT QUESTIONNAIRE ●

Provide <u>specific</u> examples of all alleged verbal and/or physical harassment. Be as exact as you can be in describing each act of harassment (e.g., the exact words that were said and/or the exact nature of any physical harassment). If more space is needed for any response, please use additional pages.

1.     For each act of alleged harassment, indicate the following:

   a)     Detailed description of the harassment, including dates:

Mr Graham has stated to me that he has no plan to hire anymore middle aged people or women (I am a 48 yr old female). He has stated that all divorced women are angry at men (I am a divorced-remarried woman).

Mr Graham has stated to me that my seniority and promotion possibilities are not based on seniority alone - There are other things to be considered winking at me interpreted by me to mean sexual innuendos. Several Times Mr Graham has stated that I need to satisfy the Community, the victim and hesitating smiling suggestively in my direction, leaving an unanswered question when he discussed the three areas of the Juvenile probation balanced approach.

continued ...

   b)     Name and title of person(s) doing the harassment and the working relationship of each person to you (e.g., immediate supervisor, co-worker):

S. Gareth Graham Supervisor - previously (before Sept. 1996) Mr. Graham was a probation officer II in charge of Training and mentoring to me as a new employee.
Joseph Ozenkarski Chief Juvenile Probation Officer

5/96

910066

[Sexual Harassment Questionnaire]

**Use this form to continue the answer or response to any of the 1   items.  Indicate the item number.**

11/20/96

Mr. Graham has harassed me regarding a female juvenile on my caseload. The girl had suicidal problems related to PMS. When I noted this medical condition in her social history, Mr. Graham responded "Jesus Christ, do I need to get a Peter Peter in my office." Mr. Graham said this statement in front of a male coworker.

2/19/96

Mr. Graham has harassed me and a female coworker in regard to our activities following a commitment trip for a juvenile. Mr. Graham called us both liars and questioned where we were on our trip checking the odometer reading on the county car. He also took 1 hour of overtime from both of us. This followed a full explanation by both of us regarding foggy conditions and an accident we avoided by taking an auxillary route. Mr. Graham later screamed at me on two occasions that all juvenile commitment trips begin at 8:00 AM (a policy never established before nor enforced on any male PO's) I have observed numerous male PO's leaving for trips throughout the day. This is not an issue when either I or the other female PO take trips with male PO's.

Mr. Graham has screamed at me numerous times while I was seated at my desk in my individual office. He has physically moved towards me in an aggressive manner with his finger pointed in my face as he approaches. Mr. Graham has wadded a piece of paper from a file and threw it angrily at my desk in front of me. He has been angry to the point of moving personal pictures around on my desk, with his face red and veins protruding in his neck.

Mr. Graham and Mr. Ozenkoski have stated they "punish" people who don't comply with them or who have fallen out of favor with them. This can include adding cases disproportionally, making degrading comments, keeping private files on them and instructing me not to talk to another female PO who previously brought sexual

harassment charges against Mr Ozenkarski. The charge at that time was Mr Ozenkarski (along with Mr Graham) has called females in the office the "Cunt Club."

4/2/97 I have been harassed and admonished by Mr Graham for taking issues to Mr Ozenkarski, the Chief when Mr Graham refused to discuss an issue and told me to get out of his office. I was following the chain of command in an effort to resolve the issue Mr Ozenkarski was response was to state that Mr Graham is in charge and he does not want involved. Mr Ozenkarski has washed his hands of all responsibilities as chief stating he has put his "Fucking 35 yrs in and Mr Graham is in charge".

12/12/96 Mr Graham has told me explicit stories regarding sexual problems with his wife. He has explained how she masturbates beside him at night, but refuses him sex. He stated he wakes up and finds the bed shaking and pulls her hand out of her panties and finds it all "wet". When I told him several times I did not want to hear about this and suggested couples counseling, he responded by accelerating his vehicle to over 95 mph screaming he has no problem. I have been told if I can't take any of the talk, I should go back to social work.

Mr Graham has harassed me regarding office

010068

procedures. Procedures followed by other male PO's
are not acceptable when I follow the same procedure.
This has been verified by a male PO who has
commented "we can do it this way, but Mr
Graham will not allow you to do it this way".
I have also been harassed by Mr Graham
for revealing information regarding his and
Mr Ozenkarski's out of the office questionable
activities using county equipment or representing
themselves as PO's of authority to get products and
services.

4/4/97  Mr Graham has harassed me by stating loudly
in The public office that I have no "Fucking sense,
no fucking Training, and no fucking ability".
This could be heard by the entire office and
public. This ranting continued for approximately
10 minutes.

3/95  Mr Graham has let me know his sexual
intensions covertly since my employment began.
Mr Graham patted my behind during Training
at the local prison. Mr Graham has given me
1/18/96 an inappropriate birthday card. Mr Graham
has checked my personal calendar, found out
unknown when my husband was out of town and came
4/1/96 to my home. Screaming my name from the back
5/2/96 of my yard. I told him my husband was home

HARASSMENT QUESTION...

2    If you were sub... ● to unwanted harassment, was you... ●...loyment status in any way threatened if you did not go along with the harassment? For example, did the harasser tell you that you would be discharged, would receive a lower evaluation, would not receive a pay raise or promotion? If your answer is yes, provide specifics about what was told to you

Mr Graham stated, That he would write me up take me to the Chief and Judge after I told him I was offended by his sexual and angry comments. I was told by Mr Graham That promotions are based on more than seniority (sexually interpreted) and that I need to satisfy (winking in my direction) the community the victim and interpreted to mean him (Mr Graham and Mr Osenkarski arbitrarily moved me lower on our seniority list (against the judges order) after the Probation dept split into Juvenile and Adult. Mr Graham said if I don't like it, make my case with the Judge. I did - nothing changed. This affects promotions

3.    Did you inform the person doing the harassment that you objected to what was said or being done? If yes, what did you say? What was the response, if any?

I told Mr Graham I was offended by his comments of sexual favors for promotions which enraged him. He increased the angry yelling comments and said he would write me up Take me to the Chief and Judge. when I told him I didn't want to hear specific sexual details of his personal life.        recommended counseling he sped up to 95 mph screaming he has no problem. He also let me Know that he destroyed items at home to punish his wife. (I took this as a warning). These Two men have always bragged about punishment. The Sheriff of our county agrees that Mr Graham would retaliate against me if major charges were made against him such as firing.

4.    Did you report the harassment to any employer official or representative?  (X)yes ( )no
If yes, indicate the following:

a)    Name of person  Dan HartNett

b)    Job title  Personnel Director - Cumberland Co.

910070

c)   Which aspects of harassment did you report?

*Sexual, Yelling, Screaming, Swearing - all that enclosed in report*

d)   When did you report this harassment?

*April 3, 1997*

e)   Did you report this harassment orally or in writing?

*Both.*

f)   If in writing, do you have a copy of the complaint?

*Yes enclosed attached*

g)   What happened as a result of your complaint?   *copy enclosed attached*

*An internal investigation was undertaken until July 11, 1997. Recommendation was totally dismissed by judge because of past friendship with Mr Graham and his wife (who is a court stenographer and previously stenographer for this judge.) The judge told me the men have always been "asshole" buddies and Mr Graham is acting like his "old man." No changes in the office. Mr Graham got 3 days on the street of his choice (2 being a weekend)*

910071

HARASSMENT QUESTIONNAIRE (p. 4)

5.   Other than as described in #4 above, did you tell any co-workers about any act or acts
of harassment? If yes, provide the following information  *Many witnessed the*
*activities*

a)   Name/address/phone number of co-worker(s)

Debra Green      717-240-6270    Mark Galbraith 717-240-
                                                      626
Kerry Houser     717-240-6283    Greg Miller 717-240-6
Bill Brandt      717-240-6266
Laurie Walter   Marietti Sullivan 717-737-1980   Attorney Debra
                                                     Walter
b)   Indicate which act or acts of harassment you mentioned and the date you   717-737-
mentioned the acts.                                                            1300

Many witnessed the office incidents
Other sexual harassment was disclosed early
fall, 1996 - all incidents were eventually disclosed

c)   When did you tell the person or persons?

Fall 1996

6.   To the best of your knowledge, have any other current or former employees been
subjected to similar harassment? If yes, provide the following for each such employee,
adding extra pages if needed?

a)   Name  Kerry Houser, Debra Green, Bill Brandt

b)   Job title _____

c)   Address/phone number

Kerry - 717-240-6283
Debra -  "    6270
Bill -  "   "  6266

910072

d)   Description of harassment received

Sexual - Kerry - 1993 ongoing covertly where
people are told not to talk to her - she is described by
Mr Graham as being an angry divorced woman.
Unfair Treatment of Debra regarding office procedures
usually in connection with me.
Bill Brandt - retaliation for testifying regarding
Kerry Hauser's complaint

e)   Name and job title of each person doing the harassment

S Gareth Graham
Joseph Osenkarski

f)   Approximate date(s) of harassment

Kerry Hauser - 1993 - present
Debra - 1996 - 1997          Bill Brandt - 1993 —

g)   How are you aware that this other harassment occurred?

Directly being told by 3d parties & observation

910073

HARASSMENT QUESTIONNAIRE (p. 5)

7.  Were there any other witnesses to harassment? If so, provide the name and job title of each such witness, along with his/her telephone number and address if you know them, and indicate which incident(s) the individual witnessed.

| | | | |
|---|---|---|---|
| Jen Crem | 717-290- | 6265 | in office |
| Darby Christlieb | " " | 6273 | " " |
| Sam Phillis | " " | 6279 | " " |
| Renia Boyles | | 7824 | " " |
| Debra Green | " " | 7270 | " " |

**I declare under penalty of perjury that I have read the above statements and that they are true and correct.**

_Barbara E Vamen_                              7/21/97
**Signature**                                   **Date**

910074

*seniority list*

*on call*    Exh 4

## PA Human Relations Commission Use Only

Docket No. _____

EEOC No. _____

Social Security No. _____ / _____ / _____

PHRC can investigate complaints of discrimination in: (1) Employment based upon race, color, religion, ancestry, age (40 and above), sex, national origin, non-job related handicap or disability, known association with a handicapped or disabled individual, possession of a diploma based on passing a general education development test, or willingness or refusal to participate in abortion or sterilization; and (2) Public Accommodations based upon race, color, religion, sex, ancestry, national origin, handicap or disability, known association with a handicapped or disabled person, use of a guide or support animal due to blindness, deafness or physical handicap or because the user is a handler or trainer of such animals.

# IN-4 FORM   GENERAL QUESTIONNAIRE
### Questionnaire on the incident you are complaining about.

Rev. 11-94

To avoid rewriting your answers, please read this short questionnaire from beginning to end before filling out your answers to individual questions. Please answer every applicable question as fully as possible, and to the best of your present knowledge, information and belief. If you are unsure of your answer, please say so. It is your responsibility to notify this Agency of a change of address or times of unavailability. Failure to notify this Agency may result in dismissal of the matter.

Name _Barbara E. Varner_

Address _S. Maple Dr_

City _Etters_ State _Pa_ ZIP Code _17319_

County _York_ Telephone No. H _(717) 938-9858_ W _(717) 240-6524_

May we call you at work? Yes _X_ No _____

**Caution:** Failure to correctly identify the name of the legal entity you are complaining about will hinder the processing of your complaint. Bring pay stubs, W-2 forms, contracts, etc. to aid in verification of the name and address.

Name of Organization your complaint is against:

Name _Cumberland County Juvenile Probation_

Address _1 Courthouse Square 3rd Floor_

City _Carlisle_ State _Pa_ ZIP Code _17013_

Type of Business _Probation office_

County _Cumberland_ Telephone No. _717-240-6265_

Number of employees who work at the organization named above. Please check one.

Less than 4 _____   15 to 100 _X_   201 to 500 _____   Unknown _____

4 to 14 _____   101 to 200 _____   501 plus _____

910049

IN-4 FORM          General Questionnaire          (page 2)

Name and address of person who will know how to contact you and who does not reside in your home.

Name _Richard Spidle_

Address _211 E. Portland St_

City _Mechanicsburg_          State _Pa_          ZIP Code _17055_

Telephone No. H (717) 795-1877          W ( )

In this Questionnaire, you will see the word "class" mentioned. **Class means the person's race, sex, age, ancestry, religion and so on.** Depending on the issues in the complaint, you may belong to two or more classes. For example, a Black female could belong to two classes: race/Black and sex/female. A White male could belong to race/White and sex/male. All persons named in the complaint or questionnaire should be identified by their class as follows: John Doe (White male), John Doe (under age 40), Jane Doe (Black female). For example, if your complaint is based on race, include the race of all persons mentioned. If it is a sex complaint, mention the sex of all persons mentioned.

1. **Discrimination means difference of treatment.** Please explain what happened to you and why you feel you were treated differently. In other words, what happened to persons of a <u>different class</u> that makes you feel they received more favorable treatment than you.

_2 males - Administration arbitrarily moved my name lower on the seniority list. This affects future promotions (this was against the judge's ruling and occurred after the dept split into 2 dept. Juvenile (Adult) A younger male was moved above my name._

_Unfair treatment of myself (48 yr female) & another female (3c) regarding travel guidelines and work directives. Supervisor screams, intimidates and constantly uses the word "Fuck" at me and about me._

2. If you believe the organization treated you this way because of one or more of the reasons listed below, please check those reasons. If you believe the employer treated you this way for a reason which is not listed, explain what you believe to be the reason.

| | | |
|---|---|---|
| _X_ Sex | ___ Ancestry | _X_ Age (40+) Date of Birth ___ |
| ___ Race | ___ National Origin | ___ Use of guide dog or support animal |
| ___ Color | ___ GED | ___ Participation in/or refusal to participate in Abortion/Sterilization |
| ___ Religious Creed | _X_ Retaliation | ___ Non-job related handicap/disability Identify your disability ___ |

3. Did you complain to management about the problem(s)? Identify the name and title of the person to whom you complained and describe what action was taken by management.

_S Gareth Graham (supervisor - perpetrator) more problems resulted continued harass..._
_Joe Osenkarski (chief) refused to get involved stating S Gareth Graham in charge._
_President Judge Shely said he would rectify seniority issue - nothing res..._
_Dan Hartnett - personal director - nothing resolved as of 5/14/99_

**IN-4 FORM**          **General Questionnaire**          (page 3)

4.    Has anyone else been treated as you were?  Please list them and identify by Race, Sex, Age, etc.

Name                                    Race, Sex, Age, etc.

Debra Green                             Cauc F 30

Kerry Houser                            Cauc F 35

4a.    What happened to him or her? _Nothing - County is aware of this issue also_

5.    Name other people who have been treated differently.  Please list them and identify their Race, Sex, Age, etc.

Name                                    Race, Sex, Age, etc.

Kerry Houser                            Cauc. Female 35

Debra Green                             Cauc. Female 30

5a.    What happened to him or her? _Kerry filed Sexual Harassment charges against her supervisor at the time J. Osenkarski (male) handled internally - no charge for Mr. Osenkarski, - court punishment for Kerry and male who testified (Bill Brandt) occurred 1993_

6.    Because of the action taken against you, did you suffer any monetary loss or lose benefits.  Please include any out-of-pocket expenses.

_Small amount for legal bills (so far) 25ᵒᵒ - health wise I have suffered daily bouts of diarrhea, Sleeplessness, nervous problems_

6a.    What have you done to make up for the loss(es) or benefit(s) you have listed above.

_passed all information unto Personnel Director of the County (4/8/91)_

910050

**IN-4 FORM**           **General Questionnaire**           (page 4)

7.  Have you filed a complaint about this matter with any other commission or agency?  If so, please specify the Commission or agency and the date you filed, to the best of your recollection.

Name of Agency or Commission  _Personnel Director Cumberland C. Dan Hartzell_

Date Filed  _April 8, 1997_

Docket No.  _N A_

8.  Have you taken any court action regarding this matter?  If so, please specify in what court and the date you filed, to the best of your recollection.  _No_

Name of Court  _____  Date Filed  _____

City  _____  County  _____  State  _____


If there are other facts you feel should be considered, record these on the last page of the questionnaire (Continuation Page).


I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 PA.C.S. Section 4904, relating to unsworn falsification to authorities.

_Barbara E. Vance_                                    _5/13/97_
Signature                                              Date

_5 Maple Dr_
Address

_Peters        Pa 17319      ( 717 ) 938-9858_
City, State and ZIP Code                    Telephone Number

**CONTINUATION PAGE**

For use if additional pages are needed to answer any question(s). Indicate the question number that is being answered before each response below.

Made a statement in regard to "Peter Meters" after I referenced a females suicidal / Pms problems in a social history.

Opening & loading stated for approximately 10 mins that I have no Fucking Sense, Ability, Experience. (This was heard by most of the office and anybody who walked in the office)* note I received a commendable evaluation in 11/96

Mr Ozenkarski, made a statement regarding a young female intern's breasts in front of me calling them a good set of "Jehoobees".

Mr Graham has constantly changed the procedures that I am to follow in regard to my casemanagement. He has instructed me to follow the Sr Probation officers procedures. When I have done that he then changes his mind; He has verbally thrown me out of his office; thrown a wadded piece of paper at me in anger. He has threatened to write me up take me to see the judge (our boss) or the chief when I have said I didn't want to hear about his sex problems or disliked hearing "fuck" all the time or disliked being yelled at. I have been told to go back to doing social work if I can't take it.

Mr Graham has stated that I have to satisfy the victim, community, and ..... winking at me in regard to probations response to crime. This was interpreted by me to mean sexual innuendos.

Mr Graham has banged on my hotel room door in Oct 1996 during a DUI conference. He called my room numerous times trying to get my attention and company which I refused. He became very angry at me. The harassment has escalated since that time and since Mr Graham was promoted to Supervisor in early fall 1996. Before he was a PO2 assigned to provide me with training.



*Exh 5*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 451-5800
TDD: (215) 451-5814
FAX: (215) 451-5804/5767

September 4, 1997

Our Reference:  Varner vs. Cumberland County

Barbara E. Varner
5 Maple Drive
Etters, PA 17319

Dear Ms. Varner:

We have received the completed questionnaire(s) which you returned to this office.  Your correspondence will now be assigned to the EEOC representative named below for completion of the intake processing.  That representative will analyze the information in your questionnaire(s) and previous correspondence to determine whether your charge should be docketed by EEOC.  You will be informed of the decision in this matter.

If it is determined that your charge is eligible for docketing, we will prepare a draft charge on an EEOC Charge Form and send that form to you for your review and approval or, if necessary, we will contact you by telephone and/or by letter to obtain additional information prior to preparing a draft charge.  However, because of the volume of correspondence received by this office, there may be a delay before you are contacted.

Once a signed Charge Form is received, your charge will be docketed and will thereafter be forwarded to an Enforcement Unit for further EEOC processing.

Thank you for your cooperation in this matter.

Sincerely,

Joan D. Gmitter
Charge Receipt Supervisor

910202



**Equal Employment Opportunity Commission**



Exh 6

Philadelphia District Office
The Bourse, Suite 400 21 S. Fifth Street
Philadelphia, PA 19106-2515

Respondent: Cumberland County
Charge No.: 170981689

Nov. 3, 1998

Ms. Barbara E Varner
5 Maple Drive
Etters, PA 17319

Dear Ms. Varner:

This is to acknowledge your charge of employment discrimination against the above respondent. The information you provided indicates that your charge is subject to:

    [X]  Title VII of the Civil Rights Act of 1964 (Title VII)

    [X]  The Age Discrimination in Employment Act (ADEA)

    [ ]  The Americans with Disabilities Act (ADA)

    [ ]  The Equal Pay Act (EPA)

The paragraph(s) checked below apply to your case:

[ ]  Please sign, date and return the enclosed Charge of Discrimination which was drafted from your correspondence.

[X]  You need do nothing further at this time. We will contact you when we require further information or assistance. [X] A copy of your charge or [ ] notice of your charge will be provided to the respondent within 10 days of our receipt of your charge as required by our procedures. Please refer to the above charge number whenever you contact us about your charge.

[ ]  We infer from your correspondence that you are hesitant to have your charge disclosed to the respondent. However, your legal rights may not be preserved unless the respondent receives timely notice of your charge. PLEASE CALL US IMMEDIATELY to discuss this matter.

[ ]  To arrange an interview, please call me during office hours (listed below). Please ask for me or, if I am busy, ask to speak to another member of the Intake Staff. If you have to call long distance, please call collect.

**FILE COPY**

910186

Ms. Barbara E Varner
Page Two

[X]   The Commission's regulations require that you notify this office of
      any change in address and keep us informed of any prolonged absence
      from your current address.  Your failure to cooperate in this matter
      may lead to dismissal of your charge.

[X]   You should be aware that the Commission will provide a copy of your
      charge to the below listed agency in accordance with our procedures.
      If your charge is processed by that agency, you may be required to
      swear to or affirm your signature before a notary public or an
      official of the agency.  Agency: Pennsylvania Human Relations Comm.

[X]   If your charge is investigated by the above agency, they will inves-
      tigate and resolve your charge under their statute.  Under section
      1601.76 of EEOC's regulations, you are entitled to request that EEOC
      perform a Substantial Weight Review of the agency's final finding.
      To secure this review, you must request it in writing to this office
      within 15 days of your receipt of the agency's final finding in your
      case.  Otherwise, we will generally adopt the agency's finding as
      EEOC's.

                                   Sincerely,


                                   Alfred L. Harris
                                   Enforcement Manager



Office Hours:  Monday - Friday,  8:00 - 4:30
Telephone   :

Exh 7

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☒ EEOC | 170981689 |

Pennsylvania Human Relations Commission _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Barbara E. Varner | (717) 938-9858 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5 Maple Drive, Etters, PA  17319 | | 01/18/49 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE
STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Cumberland County | Cat D (501+) | (717) 240-6265 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| One Courthouse Square, Carlisle, PA  17013 | | 041 |

| | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | EARLIEST           LATEST |
| ☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ OTHER *(Specify)* | 11/20/96      /  / |
| | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

See attached sheets.

Notarial Seal
Jennifer L. Garner, Notary Public
Camp Hill Boro, Cumberland County
My Commission Expires Aug. 27 2001

| ☒ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and local Requirements)* |
|---|---|
| | *(signature)* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | *Barbara E. Varner* |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date          Charging Party *(Signature)* | August 20, 1998 |

EEOC FORM 5 (Rev. 06/92)

910178

EEOC CHARGE NO. 170981689

The Particulars Are:

I.      On December 4, 1989 I was hired by Cumberland County as a Caseworker.  On February 7, 1995, I was transferred as a Probation Officer I to the Cumberland County Probation Department.  On or about November 20, 1996 to the present, I have been harassed and sexually harassed by S. Gareth Graham, Supervisor, and Joseph Osenkarski, Chief, more particularly as follows:

a.  On or about November 20, 1996, I gave my supervisor, Mr. Graham, a social history of a female juvenile with suicidal tendencies related to premenstrual problems. Mr. Graham responded:  "Jesus Christ, do I need to get a peter meter in my office?"  This was said to me in front of a male co-worker.  The comment was degrading and humiliating to me as a female.

b.  In January, 1996, Mr. Graham indicated an interest in me sexually by giving me an inappropriate and personal birthday card and by inappropriate touching.  On May 1, 1996, Mr. Graham appeared uninvited at night at my home.  Mr. Graham knocked on my hotel room door requesting entrance and called my room repeatedly during a training session at Penn State October 21-23, 1996.  When I showed a lack of interest in his sexual overtures, his attitude toward me became more hostile.

c.  On several occasions, Mr. Graham has told me explicit stories regarding his "sexual problems" with his wife who works as a stenographer for Cumberland County Courts.  For example, while traveling on a business trip with me on December 11, 1996, he discussed his wife's masturbation habits and her refusal to have sex with him.  He told me he would keep a calendar of these events and threatened to "get even" with her.  I suggested counseling for him and his wife.  He immediately denied any need for counseling, started screaming about it, and began to drive the vehicle at a very high rate of speed which frightened me.  Mr. Graham would brag about smashing his wife's figurine collection against their fireplace and destroying her birthday cake in front of his young daughters to "punish her."  I felt this was a message to me that he would retaliate against me.

d.  Mr. Graham has told me not to talk to another female probation officer, Kerry (Vohs) Houser, who had previously brought sexual harassment charges against Mr. Osenkarski.

910179

e. Mr. Graham told me that my seniority and promotional possibilities are not based on seniority alone, but on the need to "satisfy" all parties involved. He said this with a suggestive smile and while he was making other sexual innuendoes.

f. Both Mr. Graham and Mr. Osenkarski continually call attention to my gender and make inappropriate comments about other females. For example, Mr. Graham has made comments to me about how dark he believes a young female's "bush" is. On or about April 7, 1997, Mr. Osenkarski made a comment in front of me about a young female intern's breasts: that she had a nice set of "jahoobee's".

g. When I have told Mr. Graham that I do not want to hear his sexual comments and that I find the "f" word offensive, he told me that if I can't take it I can go back to doing social work (my former job).

h. When I followed the chain of command and went to Mr. Osenkarski, Mr. Graham's supervisor, to complain about the treatment, I was told by Mr. Osenkarski that he does not want to get involved. He told me that he has put his "F------ 35 years in and now Mr. Graham is in charge."

i. After I rebuffed Mr. Graham's overtures, he retaliated against me in the following manner:

1. Mr. Graham has screamed at me numerous times, most notably on occasions from December 1996 through May, 1997 and embarrassed me in front of co-workers. He physically moves toward me in an aggressive manner. On April 16, 1997, he threw wadded paper at me. He frequently points in my face, most notably in an incident February 2, 1997. He told me directly that he and Mr. Osenkarski "punish" people who do not comply with what they demand or who fall out of favor with them.

2. On April 4, 1997, in front of the entire office, with members of the public present, Mr. Graham stated loudly that I have no "f------ sense, no f------- training, and no f------ ability." On most occasions when he screams at me, he uses the "f" word in direct address to me.

3. Prior to September 9, 1996, seniority lists used total number of years employed by the county. Because I was hired while this was the policy, I was told that I would receive the benefit of this provision. New hires would get seniority only for time in

2

the Probation Department. I am the only person who has not been given the benefit of county seniority. Bill Brandt (male, aged late-20's) was moved ahead of me on the seniority list although I had more county seniority time than he. In March, 1998, Mr. Brandt was promoted ahead of me. After I complained, Mr. Brandt's promotion was taken down and we both got promoted in June, 1998. I was told that Mr. Brandt is male and "would eventually have a family" so he would need the money more than me. Although other male Probation Officers (e.g. Lyle Herr, Mike Peiper, and Gary Graham) have been given the benefit of the county-wide seniority, I have not. On the posted seniority list, Mr. Brandt is still ahead of me. If another promotion becomes available, Brandt will have more seniority than me.

4.  I have been accused of having lied about a delay in returning from a business trip with another female probation officer because we had to drive through fog. Although the other female confirmed the facts, we were both docked pay and subjected to restrictions not placed on the other male probation officers.

5.  Male Probation Officers may leave on juvenile commitment trips at any time throughout the day. Mr. Graham has enforced an 8:00 a.m. leaving time for myself and the other female probation officers. Female Probation Officer are not subject to the same rules as the male Probation Officers.

6.  I was told by Mr. Graham in January, 1997 that all divorced females are angry at men. In April, 1997, Mr. Graham told my coworkers the same thing. I am a divorced female.

II.    On April 8, 1997, I complained about Mr. Graham and Mr. Osenkarski to Dan Hartnett, Cumberland County Personnel and Human Resources Director. I made specific reference to harassment and sexual harassment. On April 25, 1997, I wrote an extensive memorandum entitled "Harassment/Discrimination in Cumberland County Probation Department." Although I was told that an internal investigation had been done, the recommendation that some action be taken against Mr. Graham was rejected by President Judge Harold Sheely. I believe that this is because of his past friendships with Mr. Graham. I was told by Judge Sheely that Mr. Graham and Mr. Osenkarski have been "asshole buddies" for years. Judge Sheely accused me of having an affair with Mr. Graham, which is totally untrue. Although Mr. Graham received a short "disciplinary" suspension, I believe that he lost no pay. No one dealt specifically with the issues of harassment or sex discrimination. Mr. Graham has threatened to retaliate against persons who were interviewed during the "investigation."

3

910181

EEOC CHARGE NO. 170981689

    a.  I continue to be treated differently because of my sex, female, and I am in constant fear of reprisal and physical harm.

    b.  On October 27, 1997, during a training session on Sexual Harassment in the Workplace, Mr. Graham positioned himself in a manner that allowed him to glare and stare at me with narrowed eyes.

    c.  On November 3, 1997, I was walking toward the courthouse.  Mrs. Graham exited her car and walked toward me, stopping in the street.  She stood at the curb glaring at me with narrowed eyes and clenched teeth and remained until I was directly in front of her.  I felt physically threatened.

    d.  On December 4, 1997, I was waiting outside the courtroom when Mrs. Graham walked toward me narrowing her eyes and clenching her teeth.

    e.  On several occasions, Mr. Graham has walked directly at me, only moving aside when he was a few steps away.  I am afraid for my physical safety as long as Mr. Graham is permitted to be near me.

    f.  On March 3, 1998 I was walking from my parking lot to the Courthouse.  As I walked around the corner of a building, I was confronted by Mr. and Mrs. Graham.  Mrs. Graham was on the outside of the street.  I attempted to walk around her when she forcefully bumped into me.

    g.  On May 22, 1998, I was exiting my car in the parking lot.  Mrs. Graham was parking her car behind mine.  She walked up to within two or three steps behind me and stayed in that position for the entire walk into the building.

III.    I have been discriminated against because of my age (Date of Birth:  January 18, 1949) in that Mr. Graham informed me that he had no plans to hire any more "middle aged females."

IV.    I complained on June 4, 1997, December 23, 1997, February 4, 1998, March 3, 1998, March 31, 1998, and June 1, 1998 in writing and numerous times verbally about continued threatening actions by Mr. and Mrs. Graham and continued discrimination to the Personnel and Human Relations Director.  After these complaints, I have been retaliated against.

4

910182

EEOC CHARGE NO. 170981689

a. President Judge Sheely asked me in December, 1997 why I went to the Personnel Director with my complaints and suggested that I should not continue to make my complaints to Personnel. He told me that I would just have to "put up with it."

b. After my complaints about Mrs. Graham, on May 26, 1998 I was restricted by now President Judge George Hoffer from going into the probation offices in the third floor east wing of the courthouse, a location where I need to be to do my job. To the best of my knowledge, Mrs. Graham has not been restricted in her movements.

c. In March, 1998, Mr. Graham was moved to the Adult Probation Department and Mr. Thomas Boyer became the new supervisor of the Juvenile Probation Department, joined later by Mr. Henry Thielmann as a second supervisor. I continue to be treated differently from other male probation officers.

V.    I have been suffering physical symptoms of stress which have caused me to seek medical treatment. I have sought counseling in order to try to cope with the constant tension in the workplace. I am embarrassed and humiliated by the way I have been treated by my employer, particularly after making complaints which were confirmed by my co-workers.

910183



*Exh 8*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

21 South 5ᵗʰ Street, Suite 400
Philadelphia, PA 19106-2515
(215) 451-5800
TTY (215) 451-5814
FAX (215) 451-5804, 5767 & 5838

Barbara Varner
5 Maple Drive
Etters, PA 17319

                              Charging Party

v.                                                    Charge Number 170981689

Cumberland County Probation Dept.
One Courthouse Square
Carlisle, PA 17013

                              Respondent

                    <u>NOTICE OF CONCILIATION FAILURE</u>

The Equal Employment Opportunity Commission (EEOC) has determined that its efforts to conciliate this charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII), have been unsuccessful.  Title VII requires that a federal government suit against a state or local agency must be brought by the U.S. Department of Justice (DOJ).  The charge file will be referred to the DOJ for review to determine whether the U.S. Government will file suit on behalf of the Charging Party.

If the DOJ decides to bring a lawsuit on behalf of the Charging Party under Title VII, the Charging Party will have the right to seek to intervene in such an action.  If the DOJ decides that it will not bring a civil action based on this charge, it will issue the Charging Party a Notice of Right to Sue.  This would enable Charging Party to sue the Respondent in Federal District Court on his own behalf provided that the suit is filed within 90 days of receipt of that Notice.

If you have any further questions in this matter, you may write to the Department of Justice at the following address:

          Chief, Employment Litigation Section
          Civil Rights Division
          U.S. Department of Justice
          Washington, DC 20530

Please refer to the charge number and case hading shown above if you write to the Department of Justice.

910163

It is requested that where suit is filed that the Charging Party notify EEOC at the above address by letter and copy of the complaint.

On behalf of the Commission,

_____11-20-00_____
Date

Marie M. Tomasso
District Director

cc: Debra K. Wallet, Esq. (For Charging Party)
    Paul J. Dellasega, Esq. (For Respondent)

910164

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,            :
         Plaintiff           :
                                  :
       v.                      :    CIVIL ACTION
                                    :    NO: 1:CV 01-0725
COMMONWEALTH OF PENNSYLVANIA, :
NINTH JUDICIAL DISTRICT,        :
CUMBERLAND COUNTY,           :
                                    :
   and                          :    JURY TRIAL DEMANDED
                                    :
CUMBERLAND COUNTY         :
                                    :
   and                          :
                                    :    Judge Yvette Kane
S. GARETH GRAHAM, individually   :
                                    :
   and                          :
                                    :
JOSEPH OSENKARSKI, individually,  :
         Defendants        :

## PROOF OF SERVICE

     I, Debra K. Wallet, Esquire, hereby certify that on November 16, 2001, I served by

regular first class mail, postage prepaid, a true and correct copy of the attached **PLAINTIFF'S**

**STATEMENT OF MATERIAL FACTS IN OPPOSITION TO COURT DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT** addressed as follows:

        James K. Thomas, II, Esq.
        Paul J. Dellasega, Esq.
        THOMAS, THOMAS & HAFER, LLP
        305 North Front St., 6th Floor
        P.O. Box 999
        Harrisburg, PA  17108

A. Taylor Williams, Esquire
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102

John Gerard Devlin, Esquire
JOHN GERARD DEVLIN & ASSOCIATES, P.C.
100 Pine Street, Suite 260
Harrisburg, PA  17101


Debra K. Wallet, Esq.
24 N. 32nd Street
Camp Hill, PA 17011
(717) 737-1300
I.D. #23989