ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER        :
                         :
         *Plaintiff*     :    No. 1:CV 01-0725
    v.                   :
                         :
COMMONWEALTH OF PENNSYLVANIA, *et al.* :    JURY TRIAL DEMANDED
                         :    JUDGE YVETTE KANE
         *Defendants.*   :

REPLY OF DEFENDANT, COMMONWEALTH OF PENNSYLVANIA,
NINTH JUDICIAL DISTRICT, TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

FILED
HARRISBURG, PA
DEC 0 3 2001
MARY E. D'ANDREA, CLERK
Per _____ / Deputy Clerk

I.   **REPLY ARGUMENT**

   A.   **THE JURISDICTION OF THE HUMAN RELATIONS COMMISSION
        WAS NOT IN DISPUTE AT THE TIME PLAINTIFF'S CLAIMS
        ACCRUED; THEREFORE, PLAINTIFF'S COMPLAINT AGAINST THE
        COURT DEFENDANT, WAS UNTIMELY FILED.**

   Plaintiff responds that, "at the time [Plaintiff] contacted the PHRC in 1997 it cannot be said" that the PHRC had no subject matter jurisdiction over discrimination or harassment claims against the state judiciary." (Plaintiff's Brief, p. 4.) However, it can indeed be said that the PHRC had no subject matter jurisdiction over Plaintiff's discrimination or harassment claims, because Plaintiff admits that she was so told in a telephone conversation and in the letter memorializing that telephone conversation on June 16, 1997. See Plaintiff's Statement of Material Facts in Opposition to Court Defendant's Motion for Summary Judgment, ¶4.

   The EEOC records clearly evidence, and Plaintiff admits that the PHRC told Plaintiff that it had no jurisdiction. Therefore, Plaintiff's argument that "a plaintiff would have had no reason

1

to know that the PHRC, the state agency with jurisdiction to investigate and remedy sexual harassment and discrimination cases, [1] could not fully do so with respect to the state judiciary" (Plaintiff's Brief, p. 4) is defeated by the facts of the case, and by Plaintiff's own admission.

In fact, Plaintiff did know from her interactions with the PHRC, that any remedy as to Court Defendant was required to be timely brought to the EEOC. Therefore, the reasoning of Benn v. First Judicial District, 2000 U.S. Dist. LEXIS 6659 (E.D. Pa. 2000), and the cases cited therein, is fully applicable to bar Plaintiff's suit against Defendant Court.

Moreover, Title VII itself states that a complainant has only 180 days to file if the FEP agency is without subject matter jurisdiction over a charge. 42 U.S.C. § 2000e-5(e)(1). Therefore, the statute itself provides a plaintiff, particularly a plaintiff represented by counsel (as Plaintiff was within the 180 day time period), with notice.

As the Court in Settecase v. Port Authority of NY, et al., 13 F. Supp.2d 530(1998), citing the statue and applicable EEOC regulations, stated, at p. 533:

> If the state does not have an agency that hears employment discrimination complaints, or if it does have such an agency but that agency does not have subject matter jurisdiction over the claims at issue, then the claimant must file her complaint with the EEOC within 180 days of the alleged violation:
> A jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency. Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

The Settecase court found that, even if an agency exists but cannot handle certain kinds of claims, a plaintiff is on notice of the 180 day filing requirement. Under the clear language of the statute and the regulations, a plaintiff has notice that, if the state agency has no jurisdiction

---

[1] Plaintiff should have been alerted to the jurisdiction issue from the Ison case, Court of Common Pleas of Erie County v. PHRC, 682 A. 2d 1246 (Pa. 1996); 653 A. 2d 1312 (Pa. Commw.Ct. 1994) (finding the PHRC without jurisdiction as to discharge of a court employee), both of which predate the events in the instant case.

2

over a charge (as Plaintiff admits she was specifically told by the PHRC), that the time limit for filing with the EEOC is 180 days.

### B. PLAINTIFF'S VERIFIED QUESTIONNAIRES DOES NOT SATISFY THE TIMELINESS INQUIRY.

Plaintiff claims that she filed a verified questionnaire containing allegations as to (then-President Judge) Sheeley. Plaintiff's argument cannot prevail as to the Court entity.

As the case stands, however, Plaintiff's verified questionnaire simply put the County on notice that Plaintiff had a claim against the County and put the County on Notice that Plaintiff alleged acts as to President Judge Sheely. Notice to the wrong respondent of Judge Sheeley's alleged actions, however, is not notice to the Court entity.

Plaintiff states that even in Benn, "a verified Charge Questionnaire was accepted as a charge," however that is not the issue in this case. In Benn, there was no question, as there is here, of whether the correct party had been named or noticed.

After filing the verified questionnaire, Plaintiff, through her counsel, specifically directed the EEOC that "the County is the employer." However, Plaintiff also names the court entity in her lawsuit even though Court Defendant, as an entity, was not named as a respondent until well without the 180-day filing period. Plaintiff's argument that the verified questionnaire should constitute the charge in this instance might be more convincing if, in her lawsuit, she had named Judge Sheely individually instead of the court entity.

After Plaintiff filed the questionnaire and directed the EEOC to name the County as the respondent, the EEOC, in considering the County's response, issued "a replacement charge," noting that the original charge was against "the wrong respondent." Plaintiff cites this action by the EEOC in her brief (at p. 8), for the proposition that the untimely charge against the Court is

3

merely an amendment, although the EEOC gave the charge against the Court a new charge number altogether. This EEOC issuance of a charge against the Court is an admission by the EEOC that the "wrong respondent" was in fact, named and given notice. Moreover, the EEOC's belief as to the timeliness of a charge is not determinative. Kocian v. Getty Refining & Marketing Company, 707 F. 2d 748 (3d Cir. 1983), at 754, n. 9.

Indeed, at the time the charge was finally lodged against the Court, Judge Sheely had been retired for over a year, having retired and left the control of the Court Defendant, on January 4, 1998. (See, document attached hereto as Reply Exhibit 1, authorizing the State Employee's' Retirement System to notify the state judiciary of Judge Sheely's retirement as of January 4, 1998.)

This case, like Dixon v. Philadelphia Housing Authority, 43 F. Supp. 2d 543 (E.D.Pa. 1999), is not the usual one where "where unnamed parties were individuals who had committed the allegedly discriminatory acts attributable to the named party, and the administrative complaint described the conduct and asserted that conduct was part of the discrimination by the named party." As in Dixon, Plaintiff here named only one entity as respondent in a timely charge, but did not name a second, insufficiently related entity in a timely charge. In Dixon, the court found that the plaintiff, under such circumstances, had not exhausted his EEOC remedies.

Moreover, the "identity of interest" exception to the rule that an entity not named in the underlying administrative complaint may not be sued is not applicable here. This exception only applies to plaintiffs who were not represented by counsel at the time that the administrative complaint was filed. Cronin v. Martindale Andres & Co., 159 F. Supp. 2d 1 (E.D.Pa. 2001)[citing cases].

4

Here, the EEOC file clearly shows that Plaintiff was represented within the 180 day period in which filing would have been timely, and clearly directed the EEOC to name the County as the employer-respondent. (See counsel's letter to EEOC dated August 7, 1998, Exhibit G to Court Defendant's Motion). Had Plaintiff's counsel directed that Court also be named, there would be no question as to timeliness.

Moreover, even if Plaintiff had not had direct involvement of counsel in the filing of the Complaint, the required factors set forth in Shafer v. Board of Public Education, 903 F. 2d 243, 251-52 (3rd Cir. 1990), are not met. Those cases indicate that there is an "identity of interest" sufficient to hold in an unnamed entity where: (1) the unnamed party received actual notice of the complaint; and (2) there is a shared commonality of interest between the named and unnamed parties.

The Notice of Charge of Discrimination (which, under 42 U.S.C. §2000e-5(b), is required to be served upon Respondent by the EEOC within 10 days of the charge), was finally transmitted to Court Defendant on 2/26/99, well without that 10 day time limit. No further factual record as to notice is available on the present record. However, it is clear that there is no commonality of interest between the named respondent County and the Court. The commonality of interest requirement essentially asks whether the interests of the named and unnamed parties are so similar "for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings." Dixon, supra; at 546, quoting Glus v. G.C. Murphy Co., 629 F. 2d 248, 251(3d Cir. 1980), vacated on other grounds, 451 U.S. 935(1981)).

In the instant case, where the county, under the law, has no right to hire, fire or supervise court employees, where the county is a county entity and the court is a state entity, the cases

5

are myriad which describe the lack of commonality of interest between Pennsylvania state courts and the counties in which they sit. See, e.g. Com. ex rel. Juiliante v. County of Erie, 657 A.2d 1245 (Pa. 1995).

Graves v. Lowery, 117 F.3d 723 (3d Cir. 1996) further illustrates, that, while, in some instances (there, the county actively investigated the plaintiffs' complaints against a judicial officer), the county may be found to be a co-employer with the state court entity, the interests of the county and court diverges as to conciliation concerns.[2] That is particularly true regarding transfers or other employment actions involving hiring, firing, transferring, supervising employees, which are the sole dominion of the Court and not the County under Pennsylvania law and the separation of powers doctrine. Juiliante, supra, at 1247. As Graves reports, the Court entity settled all claims against it, while the county made separate arguments applicable to its separate situation. The Court could not bind the County, nor the County, the Court. That is, of course, true in the instant case, as well. If, as the caselaw instructs, the issue is whether the entities have common conciliation abilities and concerns before the EEOC, it is clear that they do not.

### C   THE DOCTRINES OF RELATION BACK AND EQUITABLE TOLLING ARE EQUITABLE DOCTRINES WHICH DO NOT APPLY IN THE INSTANT CASE.

This section briefly replies to Plaintiff's assertions in sections C and D of her brief, where she argues that the untimely charge which eventually was brought against Court Defendant should be subject to the doctrines of "Relation Back" and "Equitable Tolling."

---

[2] It should be noted that, since the Third Circuit considered Graves v. Lowery, the counties and courts have even less in common, as state funding of the Courts mandated in County of Allegheny is phased in, county-paid personnel have become full state employees and the courts move gradually toward "unification" in accordance with Pennsylvania State Ass'n of County Comm'rs v. Commonwealth, 681 A.2d 699 ( Pa. 1996).

6

These are both equitable doctrines which do not apply in the instant case. As to equitable tolling, see <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F. 3d 1380, 1387 (3d Cir 1994) and other cases cited in Court Defendant's original Brief. As to relation back, See, <u>Brunet v. City of Columbus</u>, 1 F. 3d 390 (6th Cir. 1993)(relation back is equitable principle). Equity cannot save Plaintiff's claim as to Court Defendant.

    This is simply not a case where equitable principles are applicable. It is not a case where the EEOC misled the Plaintiff, or was dilatory in preserving the administrative rights of an innocent plaintiff. In our case, the Plaintiff, through her counsel, specifically told the EEOC that the County was the employer, even knowing that the PHRC had declined jurisdiction over her complaints because the PHRC said the claims were properly against the Court. The PHRC can, and does, routinely take jurisdiction over claims against Pennsylvania's counties. See, e.g. <u>Douris v. County of Bucks</u>, 2001 U.S. Dist. LEXIS 9282 (E.D.Pa.2001)(PHRC complaint against county filed with and processed by PHRC).

    The EEOC and indeed, the County (and the Court, if it had had notice of such a situation), upon such specific direction from counsel as to which employer should be named, could reasonably have assumed that--for whatever reason--Plaintiff preferred not to press a charge against the Court as the employer.

    In this case, a knowledgeable Plaintiff, through her counsel, directed the filing of an administrative charge against a specific employer-respondent. In such a case, under caselaw previously cited in Court Defendant's Motion, a plaintiff may not invoke equitable doctrines. Moreover, as argued above, there can be no relation back to an original charge or questionnaire

7

where sufficient commonality of interest does not exist between the County and the Court entities.

## II. CONCLUSION

For these reasons and those cited in Court Defendant's Motion, Court Defendant respectfully requests this Honorable Court to dismiss the claims against it, because Plaintiff's administrative remedies as to Defendant Court have not been timely exhausted.

Respectfully submitted,

*signature*

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102
215-560-6300

*Counsel for Defendant, the*
*Commonwealth of Pennsylvania*
*Ninth Judicial District*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER, :
: CIVIL ACTION
*Plaintiff,* :
: NO. 01-CV-01-0725
vs. :
:
COMMONWEALTH OF PA, *ET AL.,* :
:
*Defendants* :

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 30, 2001, she personally caused to be served upon the following a true and correct copy of the foregoing *Reply to Plaintiff's Brief in Opposition for Summary Judgment filed on behalf of Court Defendant, Commonwealth of Pennsylvania, Ninth Judicial District*, by mailing same first class, postage pre-paid, U.S. mail to:

James K. Thomas, II, Esquire
Paul J. Dellasega, Esquire
*Thomas, Thomas & Hafer, LLP*
305 North Front Street, 6th Floor
POB 999
Harrisburg, PA 17108-0999
*Attorneys for Cumberland County*

John Gerard Devlin, Esquire
*John Gerard Devlin & Associates, P.C.*
100 Pine Street
Suite 260
Harrisburg, PA 17101
*Attorneys for Graham, Osenkarski*

Debra Wallet, Esquire
24 North 32nd Street
Camp Hill, PA 11701
*Attorney for Plaintiff*

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, Pennsylvania 19102
(215) 560-6300
**Counsel for Defendant, the Commonwealth of Pennsylvania Ninth Judicial District**

# REPLY EXHIBIT 1

# EXHIBIT 1

NOV-29-01 THU 05:39 PM    ADMIN OFFICE PA COURTS        FAX NO. 717+7952086                P. 02



**COMMONWEALTH OF PENNSYLVANIA**
**STATE EMPLOYES' RETIREMENT SYSTEM**
HARRISBURG REGIONAL COUNSELING CENTER
30 NORTH THIRD STREET, ROOM 319
HARRISBURG, PA 17101



Agency:

_Dave Frankforter_
_AOPC_

I, _Harold Sheely_, have completed retirement papers with _22.2639_ years of service and with a termination date of _1/3/98_ and a **retirement date of** _1/4/98_.

I have been directed to my agency personnel office/employe benefits coordinator for information about life insurance, leave payments, final pay transactions, and health benefits (only if applicable).

I authorize the State Employes' Retirement System to provide this notification to my agency.

_Harold E. Sheely_                              _12/16/97_
Signature                                          Date

SS#: _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_

_Karen Kramer_
SERS RETIREMENT COUNSELOR

COURT ADMINISTRATOR
FISCAL OFFICE

DEC 22 97

RECEIVED

REV. 10/92