

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA E. VARNER, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 1:CV-01-0725 |
| v. | : | (Judge Kane) |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, NINTH JUDICIAL | : | **FILED** |
| DISTRICT, CUMBERLAND COUNTY; | : | HARRISBURG |
| CUMBERLAND COUNTY; S. GARETH | : | |
| GRAHAM, individually; and JOSEPH | : | SEP 3 0 2002 |
| OSENKARSKI, Individually, | : | MARY E. D'ANDREA, CLERK |
| Defendants. | : | Per_____ |
| | | DEPUTY CLERK |

## MEMORANDUM AND ORDER

Now before the Court are two motions to dismiss: (1) Defendants Cumberland County, Graham and Osenkarski's ("County Defendants") motion to dismiss (Doc. No. 6); (2) Defendant Commonwealth of Pennsylvania, Ninth Judicial District's ("Court Defendant") motion to dismiss (Doc. No. 8). The motions have been fully briefed and are ripe for disposition.

## I.    Background

This is a sex discrimination case brought by an employee of the Cumberland County Probation Department under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the 1991 amendments, Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII") (Count I); and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA") (Count II). Plaintiff brought Count I of this action against Cumberland County and the Court Defendant, alleging that both are her employers. Compl. ¶¶ 10-11, 13. Count II was brought against the County as well as against Gareth Grahm and Joseph Osenkarski, two of Plaintiff's supervisors at the time of the

alleged conduct. Plaintiff has alleged sex discrimination in the form of discriminatory treatment on the basis of her sex, sexual harassment, and a hostile work environment.

This Court has federal question jurisdiction over the Title VII claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court has supplemental jurisdiction over the Pennsylvania state law claims as arising from the same nucleus of facts as provided for in 28 U.S.C. § 1367.

County Defendants filed an amended motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 5, 2001, claiming that (1) the punitive damages claim against Cumberland County should be dismissed as a matter of law, (2) the PHRA claim should be dismissed against the County because it shares judicial immunity with the courts as a "joint-employer," and (3) the PHRA claim should be dismissed against the individual defendants because they are immune from suit under the PHRA. On July 18, 2001, Court Defendant filed a Rule 12(b)(6) motion to dismiss Plaintiff's punitive damages claim. Each of these motions will be addressed in turn.

## II.    Standard for Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

## III.    County Defendant's Motion to Dismiss

### A.    Punitive Damages Claim

Title VII allows a party to recover punitive damages in certain circumstances, but expressly exempts a "government, government agency, or political subdivision." 42 U.S.C. § 1981a(b)(1).[1] In her complaint, Plaintiff seeks punitive damages under Title VII against the County and Court Defendants. While Plaintiff asserts in her opposition brief that there is no case law specifically holding that a county cannot be liable for punitive damages and that it does not "fit squarely" within the exclusion terms of the statute, Pl.'s Br. at 9, it is difficult to imagine an entity more squarely fitting the definition of "government." Plaintiff even refers to the Defendant as the "county government" id., and as a "political subdivision." Compl. ¶ 3.

Cases within the Third Circuit that have applied the punitive damages exclusion to municipalities include: Carter-Herman v. City of Philadelphia, 1995 WL 764574 (E.D. Pa. 1995) (dismissing punitive damages claims against municipality); Hurley v. Atlantic City Police Dept., 1995 WL 854478 (D.N.J. 1995) (granting summary judgment to police department on punitive damages claim); Codrington v. Virgin Islands Port Authority, 911 F. Supp. 907 (D.V.I. 1996) (granting summary judgment in favor of Port Authority on punitive damages claim); Herman v. City of Allentown, 985 F. Supp. 569 (E.D. Pa. 1997) (granting judgment as a matter

---

[1]The statute reads:
A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.
42 USC § 1981a(b)(1).

of law in favor of municipality on punitive damages claim); <u>Curran v. Philadelphia Housing Authority</u>, 10 Nat'l Disability Law Rep. P 360, 1997 WL 587371 (E.D. Pa. 1997) (judgment as a matter of law granted in favor of housing authority on punitive damages claim); <u>McLaughlin v. Rose Tree Media Sch. Dist.</u>, 1 F. Supp. 2d 476 (E.D. Pa. 1998) (dismissing punitive damage claims for Title VII harassment against public school); <u>see also</u> <u>Baker v. Runyon</u>, 114 F.3d 668 (7th Cir. 1997) (Postal Service was "government agency" exempt from punitive damages under Title VII); <u>Miller v. Runyon</u>, 932 F.Supp. 276 (M.D. Ala.1996) (same). County and other local municipalities are clearly included in "government, government agency, or political subdivison." Therefore, the motion to dismiss the punitive damages claim against Cumberland County must be granted.

B.   <u>Immunity of County</u>

The County Defendant argues that as a "joint employer" with the Court Defendant, it must "share" the court's judicial immunity since the "inevitable end result of the 'Joint Employer' theory" is that "the County and the Court are treated as one single employer." Def.'s Br. at 5-6.   In <u>Graves v. Lowery</u>, the Court of Appeals for the Third Circuit held that a county could incur liability as a co-employer of employees of a state court. 117 F.3d 723 (3d Cir. 1997). In <u>First Judicial District of Pennsylvania v. PHRC</u>, the supreme court of Pennsylvania held that the Pennsylvania Human Relations Commission ("PHRC") lacks jurisdiction to hear complaints against the court because of separation of powers concerns. 727 A.2d 1110 (Pa. 1999). Defendant, offering no case support beyond these two seemingly unrelated decisions, urges the Court to extend its liability exposure as a co-employer from <u>Graves</u> to complete "judicial" immunity under the PHRA as a holding of <u>First Judicial District</u>. 727 A.2d 1110.

The <u>First Judicial District</u> case does not render courts immune from the PHRA as the

4

County Defendant asserts. It merely extends the Pennsylvania Supreme Court's holding in Court of Common Pleas of Erie County v. PHRC and overrules it to the extent that it permitted the PHRC any jurisdiction "to adjudicate any complaints against the judicial branch." First Judicial District, 727 A.2d at 1112; Court of Common Pleas of Erie County v. PHRC, 546 Pa. 4 (Pa. 1996) (determining that the PHRC had no jurisdiction to hear certain claims against the court but leaving open the possibility for jurisdiction over claims that would not violate the separation of powers doctrine); see also County of Allegheny v. Wilcox, 465 A.2d 47, 52 (Pa. Comwlth. 1983) (PHRC order for court to equalize pay did not violate separation of powers (this part of the holding was overruled by First Judicial District)). Thus, a court employee bringing a grievance under the PHRA would not bring it to the PHRC as the state agency but directly to the Equal Employment Opportunity Commission ("EEOC") as provided for in 42 U.S.C. § 2000e-5(e)(1). It is not even clear that the actual holding of First Judicial District would apply to the county– presumably, county employees would follow the grievance procedure outlined in the statute and regulations, which require filing first with the state agency, which in Pennsylvania is the PHRC. County Defendant has not attempted to show otherwise.

Indeed, the holding of First Judicial District includes the language Defendant clings to– "that a non-judicial agency's involvement in running the courts can never survive constitutional scrutiny"– but this Court is not a "non-judicial agency" such as the PHRC, and County Defendant's speculations as to the injunctive relief the county may have to implement have no bearing on the Court's ability to hear the PHRA claim against the County. There is nothing in the First Judicial District decision that leaves court employees outside the protection of the PHRA or that overrules the part of the holding of County of Allegheny v. Wilcox that includes a court as an employer within the meaning of the PHRA and thus subject to its anti-discrimination

5

provisions. 465 A.2d 47 (Pa. Comwlth. 1983); First Judicial District, 727 A.2d at 1112. This is

the plain reading of the statute itself, which states: "[t]he term 'employer' includes the

Commonwealth or any political subdivision or board, department, commission or school district

thereof . . . ." 43 P.S. § 954(b).

Further, Defendant offers no support for the proposition that if the court were immune

under the PHRA, the County would share that immunity. It simply asserts that "to do otherwise

would permit the PHRC to negatively impact the Court's ability to implement its own

employment policies– a consequence which the Supreme Court of Pennsylvania appears to

forbid in all circumstances." Def.'s Br. at 6. There is no merit to the argument that the county

will be shielded from discrimination suits as long as it unites itself in some way with the court.

Therefore, this portion of the motion to dismiss is denied.

     C.    Immunity of Individual Defendants

County Defendants also move to dismiss Graham and Osenkarski from Plaintiff's PHRA

claim based on the argument that the PHRA is "generally applied in accordance with Title VII."

In this Circuit, individual employees cannot be held liable under Title VII. Sheridan v. E.I.

DuPont de Nemours & Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc). In so holding, the

Court of Appeals reasoned that Congress did not intend Title VII to reach to employees in their

individual capacities. Id. The Court of Appeals has also explained that while the PHRA mirrors

Title VII in its employment discrimination provision of § 955(a), the PHRA "contemplates

liability that extends beyond that of Title VII" in § 955(e). Dici v. Pennsylvania, 91 F.3d 542,

552 (3d Cir. 1996). Section 955(e) forbids "any person, employer, employment agency, labor

organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by

this section to be an unlawful discriminatory practice...." 43 P.S. § 955(e). Although Defendants

argue that the harassers themselves cannot be held liable under this section, that argument has no merit. It is clear from the pleadings that Graham and Osenkarski are "persons" or "employees" under § 955(e) and that Plaintiff may be able to prove a set of facts that would implicate Graham and Osenkarski as proper defendants under the section for aiding and abetting the unlawful discriminatory practices of Plaintiff's employer. Therefore, dismissal is not appropriate.

## IV.    Court Defendant's Motion to Dismiss

For the same reasons discussed above, Plaintiff's punitive damages claim will be dismissed as to the Court Defendant. The court is clearly a "government, government agency, or political subdivision," and Plaintiff cannot recover punitive damages against it. 42 U.S.C. § 1981a(b)(1). Therefore, Court Defendant's motion to dismiss is granted.

**III.    Order**

It is hereby **ORDERED** that:

1.    County Defendant's Motion to Dismiss will be **GRANTED** in part and **DENIED** in part as follows:

    a.    The motion to dismiss punitive damages against Cumberland County is **GRANTED**;

    b.    All other portions of the motion to dismiss are **DENIED**.

2.    Court Defendant's Motion to Dismiss punitive damages claim is **GRANTED**.


Date: _____30 Sept_____, 2002

_____
Yvette Kane
United States District Judge

8