UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA VARNER | Civil Action No. 1:01-CV-725 |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT, CUMBERLAND COUNTY, CUMBERLAND COUNTY, S. GARETH GRAHAM, individually, and JOSEPH OSENKARSKI, individually, | |
| Defendants. | |

FILED
HARRISBURG, PA
OCT 1 5 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT S. GARETH GRAHAM

Pursuant to Fed. R. Civ. P. 7, Defendant S. Gareth Graham ("Defendant" or "Graham") hereby answer the Complaint of Plaintiff as follows, denying each and every averment thereof except as expressly admitted by the following:

1. Admitted upon information and belief.

2.-3. The averments of paragraphs 2-3 are not directed to Defendant Gareth S. Graham and thus, no response is required. To the extent an answer is required, the allegations contained in paragraphs 2-3 of the Complaint are denied.

4. Admitted.

5.-11. The averments of paragraphs 5-11 are not directed to Defendant Gareth S. Graham and thus, no response is required. To the extent an answer is required, the allegations contained in paragraphs 2-3 of the Complaint are denied.

12.     Defendant admits only that jurisdiction lies with the Middle District of Pennsylvania. The remaining averments of paragraph 12 are denied.

13.     Defendant admits only employed by the Cumberland County Probation Department. The remaining averments contained in paragraph 13 of the Complaint are denied.

14.-15. The averments of paragraphs 14-15 are not directed to Defendant S. Gareth Graham and thus, no response is required. To the extent an answer is required, the allegations contained in paragraphs 14-15 of the Complaint are denied.

16.     Defendant denies the averments contained in paragraph 16 and each of its subparts except as expressly admitted below.

(a)     It is admitted only that on or about November 20, 1996, Varner delivered a female case to Graham's desk for his review and that Plaintiff relayed that the female's delinquency was related to her menstrual cycle. The remaining averments of this subparagraph are denied.

(b)     It is admitted only that Graham has been to Plaintiff's home, had given Plaintiff a birthday card on an unknown date and had a consensual sexual relationship with Plaintiff. The remaining averments of this subparagraph are denied.

(c)     Denied.

(d)     Denied.

(e)     It is admitted only that Graham, on occasion, discussed with Plaintiff his relation with his wife and that plaintiff discussed with Graham her relationship with her husband. The remaining averments of this subparagraph are denied.

(f)-(j) Denied.

843911v1

17. Defendant denies the averments contained in paragraph 17 and each of its subparts.

18.-19. The averments of paragraphs 18-19 are not directed to S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraphs 18-19 of the Complaint are denied and thus no response is required.

20. Denied

21. Denied

22. Denied

23. It is believed upon information and belief that an internal investigation was undertaken into Plaintiff's allegations; however, Graham was not involved in the investigation and thus has no further information.

24. Denied.

25. The averments contained in paragraph 25 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, Defendant is without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 25 of the Complaint, and therefore these allegations are denied.

26. The averments contained in paragraph 26 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraph 26 of the Complaint are denied. By way of further answer, Plaintiff has not, due to any actions or omissions of Graham, been subjected to harassment, retaliation, hostile work environment or sex discrimination.

843911v1

27. The averments contained in paragraph 27 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraph 27 of the Complaint are denied. By way of further answer, Plaintiff has not due to any actions or omissions of Graham, not been subjected to harassment, retaliation, hostile work environment or sex discrimination.

28. Denied.

29. Defendant denies that he or his wife engaged in "threatening actions" or sex discrimination against Plaintiff. Defendant is without information sufficient to form an opinion or belief as to remainder of the allegations contained in paragraph 29 of the Complaint, and therefore these allegations are denied.

30. Admitted.

31. Denied.

32. The averments contained in paragraph 32 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraph 32 of the Complaint are denied.

33. – 35. Denied.

36. Admitted.

37. Denied.

## COUNT I – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST THE COUNTY AND THE COURT

38.-47. The averments contained in paragraphs 38-47 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraphs 38-47 of the Complaint are denied.

WHEREFORE, Defendant S. Gareth Graham respectfully requests that the Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

## COUNT II – PENNSYLVANIA HUMAN RELATIONS ACT AGAINST THE COUNTY AND INDIVIDUALS GRAHAM AND OSENKARSKI

48. Denied.

49. The averments contained in paragraphs 49-53 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraphs 49-53 of the Complaint are denied.

54. Denied.

55. The averments contained in paragraph 55 of the Complaint are not directed to Defendant S. Gareth Graham and therefore, no response is required. To the extent that an answer is required, the allegations contained in paragraph 55 of the Complaint are denied.

56. Denied.

57. Denied.

WHEREFORE, Defendant S. Gareth Graham respectfully requests that the Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

843911v1

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained adequate discovery from Plaintiff or from third parties in connection with this action, and Defendant reserves the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust their administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and unclean hands.

843911v1

### SIXTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and for legitimate reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was not severe, outrageous, or pervasive.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her complaint was not timely filed after dismissal of her agency proceedings.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was welcome by her and not a violation of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged discriminatory, harassing or retaliatory conduct occurred more than 300 days prior to the filing of her agency complaints.

### TWELFTH AFFIRMATIVE DEFENSE

All actions taken by the answering Defendant were legitimate and nondiscriminatory and unrelated to Plaintiff's sex or any alleged protected activity undertaken by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the answering Defendant never acted in a willful, wanton, reckless or malicious manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant never acted with any improper, discriminatory or retaliatory motive or animus.

WHEREFORE, Defendant S. Gareth Graham respectfully requests that this Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

Respectfully submitted,

*David J. MacMain*
David J. MacMain (Attorney I.D. No. 59320)
MONTGOMERY MCCRACKEN WALKER &
  RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorney for Defendant,
S. Gareth Graham

843911v1

-8-

# CERTIFICATE OF SERVICE

I, L. Kristen Blanchard, hereby certify that on this 14th day of October, 2002, I caused a true and correct copy of the foregoing **Answer and Affirmative Defenses of Defendant S. Gareth Graham** to be served via First Class United States mail, postage prepaid upon the following:

Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA 17011

**Attorney for Plaintiff,
Barbara E. Varner**

Paul J. Dellasega, Esquire
Thomas, Thomas & Hafer
305 N. Front Street
P.O. Box 999
Harrisburg PA 17108

**Attorney for Defendant,
Cumberland County**

A. Taylor Williams, Esquire
Legal Counsel to the Court Administrator
of Pennsylvania
Administrative Office of Pennsylvania Courts
1515 Market Street
Philadelphia, PA 19102

**Attorney for Defendant,
Commonwealth Court of Pennsylvania, Ninth Judicial District**

Barbara O'Connell, Esquire
Sweeney & Sheehan, P.C.
1515 Market Street, 19th Floor
Philadelphia, PA 19102

**Attorney for Defendant,
Joseph Osenkarski**

*L. Kristen Blanchard*
L. Kristen Blanchard