ORIGINAL


10-17-02
sc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER,<br>        Plaintiff | :<br>:<br>: No.:  1:CV 01-0725 |
| v. | :<br>: |
| COMMONWEALTH OF PENNSYLVANIA,<br>NINTH JUDICIAL DISTRICT,<br>CUMBERLAND COUNTY, | :<br>: JURY TRIAL DEMANDED<br>: |
| and | :<br>: |
| CUMBERLAND COUNTY, | : |
| and | :<br>: |
| S. GARETH GRAHAM, Individually | : JUDGE YVETTE KANE |
| and | : |
| JOSEPH OSENKARSKI, Individually<br>        Defendants | :<br>: |

FILED
HARRISBURG, PA
OCT 1 6 2002
MARY E. D'ANDREA, CLERK
Per _____
       Deputy Clerk

### ANSWER OF CUMBERLAND COUNTY
### TO PLAINTIFF'S COMPLAINT

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied.

10. It is denied that Varner is an employee of the County.

11. It is admitted that Varner is an employee of the Court.

12. Paragraph 12 contains conclusions of law to which no Answer is required. Should the Court nonetheless require an Answer, Paragraph 12 is denied.

13. It is specifically denied that Varner is an employee of the County.

14. Admitted.

15. It is admitted that on or about February 7, 1995, Varner became a probation officer in the Cumberland County Probation Department. The remaining allegations of Paragraph 15 are denied.

16. Denied.

A-J. Based on information supplied to the County by Mr. Graham, the County denies the allegations of subparagraphs A through J.

17. Denied.

A-E. Based on information supplied to the County by Mr. Graham, the County denies the allegations of subparagraphs A through E.

18. Based on information supplied to the County by Mr. Osenkarski, the County denies the allegations of Paragraph 18.

19. Denied.

A-E. Based on information supplied to the County by Mr. Osenkarski, the County denies the allegations of subparagraphs A through E.

20. Denied.

A-H. After reasonable investigation the County is without knowledge or information sufficient to form a belief as to the allegations of subparagraph A which are therefore denied.

21. Admitted.

22. Denied as stated. Admitted that Varner did write a written document relating to alleged harassment and discrimination in the Cumberland County Probation Department.

23. Denied as stated. Admitted that a solicitor from the County interviewed various court employees for the purpose of providing to the County legal advice regarding Varner's allegations that had been made to the County.

24. Based on information supplied to it by Mr. Graham, the County denies the allegations of Paragraph 24.

25. Denied as stated. The County does not have power to implement any type of recommendation that pertains to a Court employee.

26. Denied.

27. Denied.

28. Denied.

A. Based on information supplied to the County by Mr. Graham, the County denies the allegations of subparagraph A.

B. Based on information supplied to the County by Mr. Graham, the County denies the allegations of subparagraphs B.

C-E. Based on information supplied to the County by Mr. Graham, the County denies the allegations of subparagraphs C through E. Upon information and belief the County avers that the allegations referred to in subparagraph E were the subject of a criminal charge brought by Varner against

3

Mrs. Graham. Based on information and belief, Mrs. Graham was found not guilty of the criminal charges brought by Varner.

      F.      Based on information supplied to the County by Mr. Graham, the County denies the allegations of subparagraphs F.

29.      Denied as stated. It is admitted that Varner did complain to the County's HR Director both in writing and verbally at various times about alleged threatening actions and alleged sex discrimination.

30.      Based on information supplied to the County by the Court, the County believes that the allegations of paragraph 30 are accurate.

31.      Based on information supplied to the County by Mr. Osenkarski, the County denies the allegations of paragraph 31.

32.      Denied.

      A.      Based on information supplied to the County by the Court, the County denies the allegations of subparagraph A.

      B.      Based on information supplied to the County by the Court, the County denies the allegations of subparagraph B.

      C.      Admitted.

      D.      Denied.

      E.      Denied.

      F.      Denied.

      G.      Denied.

      H.      Denied as stated. In or about September 2000 the County attempted to settle a disputed claim to which, inter alia, Varner was a party but the settlement effort is not accurately described in subparagraph H.

I.   It is specifically denied that Varner was the best qualified applicant for the position. The County is without knowledge or information sufficient to form a belief as to what Judge Guido told Varner and that allegation is therefore denied. However, it is averred that Judge Guido, as part of his judicial duties, was required to interview and offer a position as Director of the Casa Program to the best qualified applicant and that Varner was not the best qualified applicant.

J.   Denied.

33.   Denied. To the contrary, Varner has created conduct disruptive in nature by falsely accusing a co-employee of sexual harassment when he terminated their consensual sexual relationship.

34.   Denied.

35.   Denied.

36.   Admitted. Denied that such charges were timely filed.

37.   Paragraph 37 is a conclusion of law to which no answer is required. Should the Court nonetheless require an answer the allegations of paragraph 37 are denied.

38.   Paragraph 38 is a conclusion of law to which no answer is required. Should the Court nonetheless require an answer, the allegations of paragraph 38.

39.   Denied.

40.   Denied.

41.   Denied.

42.   Admitted and denied. Admitted that a right to sue letter was issued on or about January 29, 2001. Denied that such right to sue letter gave Varner a right to bring a private civil action regarding all of the allegations set forth in this Complaint.

5

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Paragraph 48 is a conclusion of law to which no answer is required. Should the Court nonetheless require an answer, the allegations of paragraph 48 are denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## NEW MATTER – AFFIRMATIVE DEFENSES

58. Upon information and belief the County avers that Plaintiff Varner had a consensual sexual affair with Defendant Graham which Graham terminated. As a consequence of Graham's termination of their consensual sexual affair, Plaintiff Varner began to complain of sexual harassment.

59. Neither Varner, Graham or Osenkarski are employees of the County.

60. The County does not have the authority to hire, discharge or supervise either Varner, Graham or Osenkarski.

61. The County did not have the authority to name, appoint or otherwise designate the Director of the new position opening for the CASA Program.

62. Mrs. Graham is a Court employee.

63. The County does not have the authority to hire, discharge or supervise Mrs. Graham.

64. Plaintiff's Complaint fails to state a claim for which relief may be granted.

65. Plaintiff's Complaint is barred by the statute of limitations or, alternatively, by her failure to file timely administrative Complaints before either the PHRC or the EEOC.

66. If the County and Court are "joint employers" a concept which the County expressly denies, then the County is entitled to whatever immunity from suit that is possessed by the Court.

67. Varner's consensual sexual affair with Defendant Graham lasted for several years.

68. The proximate cause of the allegations of the Complaint regarding sexual harassment, which are expressly denied by the County, was the negative feelings engendered by Graham's voluntary termination of his several years long consensual sexual affair with Varner.

69. The County has met its obligations under the Supreme Court's decisions of <u>Faragher and Ellsworth</u> and, therefore, even were the factual allegations of Plaintiff's Complaint true, the County would owe Plaintiff no liability.

70. Varner waived any rights to be free from the conduct alleged in the Complaint by virtue of entering into a consensual sexual affair with a co-employee. Varner has failed to mitigate her damges, if any.

7

71. Varner assumed the risk of the conduct described in the Complaint by entering into a consensual sexual affair with Defendant Graham. Varner's conduct throughout this proceeding is in retaliation for Graham having terminated their consensual sexual affair and, in itself, constitutes Varner's sexual harassment of Graham.

72. Varner has admitted that if a consensual sexual affair occurred she would not be entitled to any relief as a consequence of this law suit.

        Respectfully submitted,

        THOMAS, THOMAS & HAFER, LLP

By: *[signature]*

James K. Thomas, II, Esquire
Atty ID#: 45613
Paul J. Dellasega, Esquire
Atty. ID#: 23146
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA 17108
(717) 255-7602

Attorneys for the County of Cumberland

DATE: 10 14 02

:184611.1

8