IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| COMMONWEALTH OF PENNSYLVANIA | : **JURY TRIAL DEMANDED** |
| NINTH JUDICIAL DISTRICT, | : |
| CUMBERLAND COUNTY; CUMBERLAND | : |
| COUNTY; S. GARETH GRAHAM, | : |
| individually; JOSEPH OSENKARSKI, | : |
| individually | : NO. 1:01-CV-725 |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT, JOSEPH OSENKARSKI**

Pursuant to Fed. R. Civ. P. 7, Defendant Joseph Osenkarski (hereinafter "Osenkarski") hereby answers the Complaint of Plaintiff as follows, denying each and every averment thereof except as expressly admitted by the following:

1.  Admitted upon information and belief.

2.-4.  The averments of paragraphs 2-4 are not directed to Defendant Osenkarski and thus, no response is required. To the extent an answer is required, the allegations contained in paragraphs 2-4 of the Complaint are denied.

5.  Admitted.

6.-11.  The averments of paragraphs 6-11 are not directed to Defendant Osenkarski and thus, no response is required. To the extent an answer is required, the allegations contained in paragraphs 6-11 of the Complaint are denied.

12.  Defendant admits only that jurisdiction lies with the Middle District of Pennsylvania. The remaining averments of paragraph 12 are denied.

13.  Defendant admits only that Plaintiff was employed by the Cumberland County Probation Department. The remaining averments contained in paragraph 13 of the Complaint are denied.

14.-17.   The averments of paragraphs 14-17 are not directed to Defendant Osenkarski and thus, no response is required.  To the extent an answer is required, the allegations contained in paragraphs 14-17 of the Complaint are denied.

18.   Defendant denies the averments contained in paragraph 18.

19.   Defendant denies the averments contained in paragraph 19, including all sub-parts.

20.   Defendant denies the averments contained in paragraph 20, including all sub-parts.

21.   Denied.

22.   Denied.

23.   It is believed upon information and belief that an internal investigation was undertaken into Plaintiff's allegations; however, Osenkarski was not involved in the investigation and thus has no further information.

24.   The averments of paragraph 24 are not directed to Defendant Osenkarski and thus, no response is required.  To the extent an answer is required, the allegations contained in paragraph 24 of the Complaint are denied.

25.   The averments of paragraph 25 are not directed to Defendant Osenkarski and thus, no response is required.  To the extent an answer is required, Defendant is withour information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 25 of the Complaint and therefore these allegations are denied.

26.   The averments of paragraph 26 are not directed to Defendant Osenkarski and thus, no response is required.  To the extent an answer is required, the allegations contained in paragraph 26 of the Complaint are denied.  By way of further answer, Plaintiff has not, due to any actions or omissions of Osenkarski, been subjected to harassment, retaliation, hostile work environment or sex discrimination.

27. The averments of paragraph 27 are not directed to Defendant Osenkarski and thus, no response is required. To the extent an answer is required, the allegations contained in paragraph 27 of the Complaint are denied. By way of further answer, Plaintiff has not, due to any actions or omissions of Osenkarski, been subjected to harassment, retaliation, hostile work environment or sex discrimination.

28.-29. The averments of paragraphs 28 and 28(a)-(f) through 29 are not directed to Defendant Osenkarski and thus, no response is required. To the extent an answer is required, the allegations contained in paragraphs 28 and 28(a)-(f) through 29 of the Complaint are denied.

30. Admitted.

31. Denied.

32. The averments of paragraph 32, including sub-parts, of the Complaint are not directed to Defendant Osenkarski and therefore, no response is required. To the extent an answer is required, the allegations contained in paragraph 32 of the Complaint are denied.

33.-35. Denied.

36. Admitted.

37. Denied.

### COUNT I - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST THE COUNTY AND THE COURT

38.-47. The averments of paragraphs 38-47 are not directed to Defendant Osenkarski and therefore, no response is required. To the extent an answer is required, the allegations contained in paragraphs 38-47 of the Complaint are denied.

**WHEREFORE,** Defendant Joseph Osenkarski respectfully requests this Honorable Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

## COUNT II - PENNSYLVANIA HUMAN RELATIONS ACT AGAINST
## THE COUNTY AND INDIVIDUALS GRAHAM AND OSENKARSKI

48.    Denied.

49.-53.   The averments of paragraphs 49-53 are not directed to Defendant Osenkarski and thus, no response is required. To the extent an answer is required, the allegations contained in paragraph 49-53 of the Complaint are denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

**WHEREFORE,** Defendant Joseph Osenkarski respectfully requests this Honorable Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained adequate discovery from Plaintiff or third parties in connection with this action, and Defendant reserves the right to amend or otherwise supplement htis pleading on that basis. Without limiting the generality fo the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to set forth a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and for legitimate reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was not severe, outrageous, or pervasive.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her complaint was not timely filed after dismissal of her agency proceedings.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was welcome by her and not a violation of any law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged discriminatory, harassing or retaliatory conduct occurred more than 300 days prior to the filing of her agency complaints.

### TWELFTH AFFIRMATIVE DEFENSE

All actions taken by the answering Defendant were legitimate and non-discriminatory and unrelated to Plaintiff's sex or any alleged protected activity undertaken by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the answering Defendant never acted in a willful, wanton, reckless or malicious manner.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant never acted with any improper, discriminatory or retaliatory motive or animus.

**WHEREFORE,** Defendant Joseph Osenkarski respectfully requests this Honorable Court enter judgment in his favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

SWEENEY & SHEEHAN

BY: _____
Barbara A. O'Connell
Identification No. 46461
Paul Lancaster Adams
Identification No. 72222
Attorneys for Defendant,
Joseph Osenkarski
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| COMMONWEALTH OF PENNSYLVANIA : | **JURY TRIAL DEMANDED** |
| NINTH JUDICIAL DISTRICT, : | |
| CUMBERLAND COUNTY; CUMBERLAND : | |
| COUNTY; S. GARETH GRAHAM, : | |
| individually; JOSEPH OSENKARSKI, : | |
| individually : | NO. 1:01-CV-725 |

### CERTIFICATION OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Defendant's, Joseph Osenkarski, Answer and Affirmative Defenses to Plaintiff's Complaint, upon all interested counsel by United States Mail, First Class, on November 27, 2002.

Debra K. Wallet, Esquire
24 North 32nd Street
Camp Hill, Pennsylvania 17011

A. Taylor Williams, Esquire
Administrative Offices of
Pennsylvania Courts
1515 Market Street - Suite 1414
Philadelphia, PA 19102

David J. MacMain, Esquire
**Montgomery, McCracken, Walker
& Rhoads, LLP**
123 South Broad Street
Avenue of the Arts, 28th Floor
Philadelphia, PA 19109

Paul J. Dellasega, Esquire
**Thomas, Thomas & Hafer, LLP**
305 North Front Street
Sixth Floor
P.O. Box 999
Harrisburg, PA 17108

SWEENEY & SHEEHAN

BY: _____
Barbara A. O'Connell
Identification No. 46461
Paul Lancaster Adams
Identification No. 72222
Attorneys for Defendant,
Joseph Osenkarski
1515 Market Street, 19th Floor
Philadelphia, PA 19102
(215) 563-9811