## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA E. VARNER, | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:CV-01-725** |
| v. | : | **(Judge Kane)** |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, NINTH JUDICIAL | : | |
| DISTRICT, CUMBERLAND | : | |
| COUNTY, et al., | : | |
| **Defendants** | : | |



### MEMORANDUM AND ORDER

Before the Court is Defendant Commonwealth of Pennsylvania, Ninth Judicial District's

motion for summary judgment (Doc. No. 19), filed with the Court on October 30, 2001. The

issue has been fully briefed and is ripe for disposition. For the reasons discussed below, the

motion will be denied.

**I.    Background**

This is a sex discrimination case brought by an employee of the Cumberland County

Probation Department under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

and the 1991 amendments, Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Title VII") (Count I);

and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA") (Count II).  Plaintiff

brought Count I of this action against Cumberland County and the Commonwealth of

Pennsylvania, Ninth Judicial District ("Court Defendant"), alleging that both are her employers.

Compl. ¶¶ 10-11, 13.    Count II was brought against the County as well as against Gareth

Graham and Joseph Osenkarski, two of Plaintiff's supervisors at the time of the alleged conduct.

The Court Defendant is not named in Count II of the complaint.  Plaintiff has alleged sex

discrimination in the form of discriminatory treatment on the basis of her sex, sexual harassment,

and a hostile work environment. She alleges that the harassment discrimination began around November 20, 1996 and that she suffers ongoing retaliation and discrimination on the basis of her sex.

On October 30, 2001, Court Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, claiming that Plaintiff's Title VII claim against it is time-barred. The facts relevant to the instant motion, in a light most favorable to Plaintiff, are as follows.

Plaintiff first contacted the Pennsylvania Human Relations Commission ("PHRC") sometime before May 13, 1997, when she completed a PHRC questionnaire and named "Cumberland County Juvenile Probation" as the respondent. Pl. Br. Exh. 4. On June 16, 1997, Plaintiff received a letter from the PHRC stating that they did not have jurisdiction over her complaint since she was an employee of the court system. Def. Br. Exh. D. As directed by the PHRC, Plaintiff then contacted the Equal Employment Opportunity Commission ("EEOC") on June 18, 1997. Pl. Exh. 2. The EEOC responded to Plaintiff on July 11, 1997, indicating receipt of her correspondence and enclosing questionnaires. Id. On July 21, 1997, Plaintiff completed the questionnaires and returned them to the EEOC. Pl. Exh. 3. Plaintiff listed "Cumberland County" as the respondent and named President Judge Harold Sheely several times in the questionnaires, including a statement that the judge was her boss. Id. The EEOC acknowledged receipt of the questionnaires on September 4, 1997. Pl. Br. Exh. 5. It is not clear exactly when Plaintiff retained an attorney, but it appears that the original correspondence and questionnaires with the EEOC were completed by Plaintiff without the assistance of counsel. However, as early as August 6, 1998, Plaintiff had retained an attorney and the EEOC had contacted Plaintiff's attorney. See Def. Br. Exh. E (case log for charge No. 170981689).

2

The EEOC delayed in drafting a charge against the County for nearly a year. Def. Br. Exh. E. On August 7, 1998, Plaintiff's counsel wrote to the EEOC in reference to the draft charge and stated that "'Cumberland County' is the employer." Def. Br. Exh. G. The revised charge was docketed as number 170981689 on August 26, 1998 and subsequently forwarded to the enforcement division. Def. Br. Exh. E. On November 3, 1998, the charge was sent to the Personnel Director for Cumberland County and the EEOC sent Plaintiff a letter acknowledging the charge and stating that she needed to do nothing further at that time. Pl. Br. Exhs. 1 and 6.

On December 14, 1998, the EEOC sent a new draft charge to Plaintiff. Def. Br. Exh. C. On January 7, 1999, the EEOC received a signed charge naming the Court of Common Pleas as Respondent. Def. Br. Exhs. B and C. This charge was docketed as number 170990490 and was sent to the President Judge, George E. Hoffer, on February 26, 1999. Def. Br. Exh. A. The form lists the earliest date of discrimination as November 20, 1996, the latest date of discrimination as May 26, 1998 and indicates that this is a continuing action. Id. Other than the name of the respondent, the charge of discrimination appears to be identical to charge number 170981689. Id. and Pl. Br. Exh. 7. In the EEOC's case log notes, it is noted that "this is a replacement charge for 170981689, which was docketed [against] incorrect [Respondent] and has been dismissed for [lack of jurisdiction]." Def. Br. Exh. C. The last case notation for this charge is dated March 3, 1999, indicating that the case was forwarded to an enforcement supervisor. Id.

On March 18, 1999, the first charge (number 170981689) was reviewed and the EEOC noted "dismiss, [Charging Party] is not employed by Resp[ondent]." Def. Br. Exh. E. On September 15, 2000, a determination letter was issued by the EEOC under charge number 170981689, listing "Cumberland County" as Respondent. Def. Br. Exh. F. The letter states that "there is evidence to show that Charging Party was a victim of sexual harassment, and was later

3

subjected to retaliatory treatment in the form of demeaning treatment in front of staff, as well as denial of change in position." Id. at Bates 910174. The letter also states that conciliation proceedings would begin. Id. On November 20, 2000, the EEOC sent Plaintiff a notice of conciliation failure. Pl. Br. Exh. 8. This letter referenced charge number 170981689 but lists the Respondent as "Cumberland County Probation Dept." Id.

## II.    **Discussion**

Court Defendant moves for summary judgment solely on the grounds that Plaintiff did not file her discrimination claim against the court with the EEOC within 180 days. Court Defendant argues that Plaintiff had 180 days, and not 300 days, to file her EEOC complaint since the PHRC does not have subject matter jurisdiction over claims against the judiciary. See First Judicial Dist. v. PHRC, 727 A.2d 1110, 1112 (Pa. 1999) (holding that due to the separation of powers doctrine, the PHRC cannot hear complaints against the judicial branch). Since Plaintiff signed the EEOC charge of discrimination against the court 226 days after the last alleged incident, Court Defendant asserts that she is time-barred from bringing her claim before this Court.

In response, Plaintiff argues that: (1) she in fact had 300 days to file the complaint against the Court Defendant because state law on PHRC jurisdiction was not settled at the time of her filing; (2) her complaint and questionnaire submitted to the EEOC naming "Cumberland County Juvenile Probation" and including charges against the Court Defendant were filed within the 180 period and thus satisfy the filing requirement; (3) the second charge should relate back to the filing date of the first charge since her second complaint was intended to amend the first complaint; and (4) equitable tolling should apply because she filed a timely complaint mistakenly in the wrong forum, and because the EEOC delayed in docketing a formal charge and naming the

Court as Respondent.

This Court has federal question jurisdiction over the Title VII claim against the Court Defendant under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

A.    Standard for Summary Judgment

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56. A factual dispute is material if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 249. The nonmoving party receives the benefit of all reasonable inferences. Sempier v. Johnson and Higgins, 45 F.3d 724, 727 (3d Cir. 1995).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in the complaint. Instead, [it] must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Id. at 322.

B.    Timeliness of Complaint Naming Court Defendant

Title VII provides that a plaintiff must file a discrimination charge "within one hundred

5

and eighty days after the alleged unlawful employment practice occurred . . . except that in a case

of an unlawful employment practice with respect to which the person aggrieved has initially

instituted proceedings with a State or local agency with authority to grant or seek relief from

such practice," the aggrieved person has 300 days to file a complaint.  42 U.S.C. § 2000e-5(e)(1).

In Pennsylvania, the state fair employment practices agency is the PHRC.  29 C.F.R. § 1601.74.

However, the Pennsylvania Supreme Court has ruled that the PHRC lacks jurisdiction to hear

any complaints against the judiciary due to separation of powers concerns.  First Judicial Dist. v.

PHRC, 727 A.2d 1110, 1112 (Pa. 1999).  Thus, a court employee bringing a grievance would not

bring it to the PHRC first but would bring it directly to the EEOC within 180 days.  29 C.F.R. §

1601.13(a)(2) ("A jurisdiction having a FEP agency without subject matter jurisdiction over a

charge . . . is equivalent to a jurisdiction having no FEP agency"); see also Benn v. First Judicial

District of Pa., No. 98-5730, 2000 WL 1236201 (E.D. Pa. April 26, 2000) (explaining that since

the PHRC does not have authority to grant or seek relief over court employees' claims, plaintiffs

are only entitled to 180 days to file a charge with the EEOC).

 The First Judicial District case was decided after Plaintiff originally filed her complaint

and Plaintiff argues that she had 300 days to file her complaint against the Court Defendant since

the law was uncertain at that time.[1]  Nevertheless, the PHRC wrote to Plaintiff in June of 1997

---

[1]The Pennsylvania Supreme Court had ruled prior to Plaintiff's original complaint that
the PHRC did not have jurisdiction to hear claims against the court which implicated the court's
power to discharge its personnel.  Court of Common Pleas of Erie County v. PHRC, 682 A.2d
1246 (Pa. 1996).  However, the court left open the possibility for jurisdiction over claims against
the courts that would not violate the separation of powers doctrine such as in County of
Allegheny v. Wilcox, 465 A.2d 47, 52 (Pa. Commw. Ct. 1983), "where the PHRC did not direct
the court to hire or fire anyone and thus did not encroach upon the court's independence."  682
A.2d at 1248.

6

after she attempted to file a complaint with the agency and informed her that it could not take her case since Plaintiff is "an Officer of the Court" and the PHRC does "not have jurisdiction over the employees of the various court systems of Pennsylvania due to a court ruling." Def. Br. Exh. D.  Court Defendant argues that the jurisdiction of the PHRC over Plaintiff's claims was not in dispute "because Plaintiff admits that she was so told in a telephone conversation and in the letter memorializing the telephone conversation on June 16, 1997." Def. Reply Br. at 1.  However, the Court need not reach the issue of whether Plaintiff had 180 or 300 days to file her complaint against the Court Defendant because this Court finds that Plaintiff timely filed with the EEOC even under the stricter 180 day requirement.

> Under the regulations of the EEOC, a charge
>
> may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b).  Plaintiff contends that the second EEOC charge specifically naming the Court Defendant as Respondent constitutes an amendment which, pursuant to this regulation, relates back to the first charge.  She further argues that since the original EEOC charge contained allegations against the Presiding Judges and the EEOC file contained her PHRC questionnaire naming "Cumberland County Probation Department" as Respondent, the scope of the original charge should include the Court Defendant and the EEOC could reasonably have been expected to investigate the actions of the Court Defendant.

The United States Court of Appeals for the Third Circuit has explained that "the parameters of the civil action in the district court are defined by the scope of the EEOC

investigation which can reasonably be expected to grow out of the charge of discrimination."
Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976). In Ostapowicz, the
plaintiff filed the original timely charge against her employer's shipping department. Two years
later, the plaintiff brought two additional charges relating to another division within the
company, to which the EEOC assigned different docketing numbers. After all three charges had
been filed, the conciliation process began. Id. Although the new charges named new
respondents, the Circuit Court held that "[t]he additional charges filed during the pendency of the
administrative proceedings may fairly be considered explanations of the original charge and
growing out of it." Id. The Third Circuit later elaborated that in Ostapowicz, "[b]ecause the
EEOC had cognizance of the full scope of the situation during its settlement efforts, the purpose
of the notification requirement had been served." Anjelino v. New York Times Co., 200 F.3d
73, 93 (3d Cir. 1999).

     The Third Circuit further explained the purpose of the filing requirement in Hicks v. ABT
Associates, Inc. by stating that "the effect of the filing requirement is essentially to permit the
EEOC to use informal, non-judicial means of reconciling the differences between the charging
party and an employer." 572 F.2d 960, 963 (3d Cir. 1978) (citing Ostapowicz). The Hicks Court
addressed a factual dispute about whether the plaintiff had attempted to amend his complaint to
include a sex discrimination claim which the EEOC refused, and noted that if the EEOC violated
its own regulations allowing amendment, "the individual employee should not be penalized by
[that] improper conduct[.]" Id. at 964-65. Even if the plaintiff had not attempted to amend the
complaint, explained the Court, additional claims "reasonably within the scope of the charge
filed with the EEOC" would be allowed even if the EEOC did not actually investigate those
claims. Id. at 966-67. The Court analogized the case to one where the EEOC had not given

defendant notice of the charge but the civil action was allowed to proceed and noted that "[i]f the EEOC's investigation is unreasonably narrow or improperly conducted, the plaintiff should not be barred from his statutory right to a civil action." Id. at 966.

The Plaintiff here is much like the plaintiff in Ostapowicz. Her original charge referred only to Cumberland County as her employer, but a subsequent and identical charge, filed prior to the conciliation process, named the Court Defendant. From the outset, Plaintiff clearly intended to file a charge of discrimination against her employer, although there was unquestionably some confusion as to which governmental entity was her employer. Plaintiff's counsel mistakenly noted that "Cumberland County is the employer," despite a letter from the PHRC expressing the view that Plaintiff was a court employee.[2]  Regardless, the EEOC treated the second charge as if it was an amendment to the original charge[3] and, as in Ostapowicz, it had "cognizance of the full scope of the situation during its settlement efforts . . . ." Anjelino, 200 F.3d at 94 (discussing Ostapowicz).

As was the case in Hicks, this case "is not one in which there was no charge filed with the EEOC." Hicks, 572 F.2d at 965. Plaintiff diligently pursued her claims and provided the EEOC with all of the information she had, and the EEOC delayed considerably in filing the charge of discrimination. Plaintiff should not be penalized by the agency's delay, particularly where if the process had been expedited by only 46 days, there would now not be a question as to the timeliness of Plaintiff's second charge. See Id. (stating that the aggrieved employee "should not

---

[2]Plaintiff now contends that both the County and the Court were her employers. Compl. ¶¶ 10, 11 and 13.

[3]The fact that the EEOC gave different docket numbers to the charge is not significant "since they all related to the same general charge originally filed." See Ostapowicz, 541 F.2d at 399, n. 7.

be penalized by the improper conduct of the Commission).  Very shortly after the notice of

discrimination was finally sent to the County, a new draft charge naming the Court was

submitted to Plaintiff's counsel, signed by Plaintiff, and served upon the Court.  This all occurred

over a year prior to the EEOC's eventual determination and attempt at conciliation, therefore, the

EEOC had notice of all claims and an opportunity to resolve them.  See Anjelino, 200 F.3d  at

93; Hicks, 572 F.2d at 966; Ostapowicz, 541 F.2d at 399.  Therefore, the filing requirement is

satisfied and Plaintiff's second charge naming the Court Defendant will relate back to the date

which the first charge was originally received.


**III.    ORDER**

Therefore, for the reasons discussed above, **IT IS HEREBY ORDERED THAT** Court

Defendant's Motion for Summary Judgment (Doc. No. 19) is **DENIED**.


Yvette Kane
United States District Judge

Date: _____ , 2002

10