# ● ORIGINAL ●

1 to cl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

APR 25 2003

MARY E. D'ANDREA, CLERK

Per _____

| | |
|---|---|
| BARBARA E. VARNER, | : |
| *Plaintiff* | : CIVIL ACTION |
| | : NO. 1:CV 01-0725 |
| v. | : |
| | : |
| COMMONWEALTH OF PENNSYLVANIA, | : JURY TRIAL DEMANDED |
| NINTHE JUDICIAL DISTRICT, CUMBERLAND | : |
| COUNTY; S. GARETH GRAHAM, individually; | : JUDGE YVETTE KANE |
| and JOSEPH OSENKARSKI, individually, | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE COMMONWEALTH
## OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT

**NOW COMES DEFENDANT**, The Commonwealth of Pennsylvania, Ninth Judicial

District, Cumberland County (hereinafter, "Court Defendant"), and responds to the allegations of

Plaintiff's Complaint, in accordance with the numbered paragraphs thereof, as follows:

1. Admitted on information and belief.

2. Admitted.

3. Admitted on information and belief.

4. Admitted on information and belief.

5. Admitted on information and belief.

6. Admitted on information and belief.

7. Admitted on information and belief.

8. Admitted.

9. Denied.

10. Denied.  Under applicable law, Plaintiff is an employee of Court Defendant.  It is

admitted only that Plaintiff is subject, through the authority of Court Defendant and its president

1

judges, to County personnel policies. It is specifically denied that Plaintiff "has been referred to the County's personnel office to make her complaints of discrimination.

11.    Denied.  Plaintiff states a conclusion of law requiring no further answer. To the extent that any allegations contained in Paragraph 11 are deemed factual, such allegations are denied.

12    Denied.  Plaintiff states a conclusion of law requiring no further answer.  To the extent that any allegations contained in Paragraph 12 are deemed factual, such allegations are denied.

13.    Denied.  Plaintiff states a conclusion of law requiring no further answer.  To the extent that any allegations contained in Paragraph 13 are deemed factual, such allegations are denied.

14.    Admitted in part; denied in part. It is admitted, on information and belief, that Plaintiff was hired by the County on or about December 4, 1989, as a caseworker.  The implication that Plaintiff was "first" hired by the County is denied, because answering Court Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff implies, intends or means by "first hired by the County."

15.    Denied as stated.  It is admitted, on information and belief, that on or about February 7, 1994, Plaintiff became a probation officer. The remaining allegations of Paragraph 15 are denied.

16.    Denied. Paragraph 16 and its subparagraphs a-j are denied on information and belief. Strict proof is demanded at trial.

17.    Denied. Paragraph 17 and its subparagraphs a-e are denied on information and belief. Strict proof is demanded at trial.

18.     Denied on information and belief.  Strict proof is demanded at trial.

19.     Denied.  Paragraph 19 and its subparagraphs a-e are denied as stated.  Strict proof is demanded at trial.

20.     Denied.  Paragraph 20 and its subparagraphs a-h are denied as stated.  Strict proof is demanded at trial.

21.     Admitted on information and belief.  By way of further answer, Court Defendant's knowledge of Plaintiff's complaint was not contemporaneous with that complaint, and the existence of said complaint became known to Court Defendant several months after said complaint was made.  Plaintiff never submitted said complaint to Court Defendant.

22.     Denied as stated.  It is admitted only that Plaintiff did write a document relating to alleged harassment and discrimination. By way of further answer, Court Defendant's knowledge of said document was not contemporaneous with the filing of that complaint, and such knowledge was discovered only after a considerable time following the writing of said document.  Plaintiff never submitted said document to Court Defendant.

23.     Denied as stated.  It is admitted only that a solicitor from the County interviewed various employees.  The conclusion that the County conducted an "investigation" is denied as a conclusion of law. By way of further answer, Court Defendant's knowledge of the County's interviews was not contemporaneous with the filing of that complaint, and the interviews became known to Court Defendant several months after said interviews.

24.     Denied on information and belief.

25.     Denied as stated.  The conclusion that the County conducted an "investigation" is denied as a conclusion of law.  To the extent this allegation is deemed factual, it is denied.

26.    Denied.  Plaintiff states conclusions of law requiring no further answer. To the extent any of the allegations of Paragraph 26 are deemed factual, said allegations are denied.

27.    Denied.  Plaintiff states conclusions of law requiring no further answer.  To the extent any of the allegations of Paragraph 27 are deemed factual, said allegations are denied.

28.    Denied.  Paragraph 28 and its subparagraphs a-f are denied as stated. Strict proof is demanded at trial.

29.    Admitted on information and belief.  By way of further answer, Court Defendant's knowledge of Plaintiff's complaint was not contemporaneous with that complaint, and such knowledge was not known to Court Defendant until a considerable time after said complaint was made. Plaintiff did not submit said complaint to Court Defendant.

30.    Admitted.

31.    Denied.

32.    Denied.  Plaintiff states a conclusion of law requiring no further answer.

    a.    Denied.

    b.    Denied.

    c.    Admitted.

    d.    Denied.

    e.    Denied.

    f.    Denied.

    g.    Denied.

    h.    Denied as stated.  The events described in paragraph 32 h are misstated.

In fact, the parties attempted to reach a *bona fide* settlement.

   i.  Denied.  It is denied that Plaintiff was the best qualified candidate.  By

way of further answer, Judge Guido was willing to accept Plaintiff for the position as part of a

*bona fide* settlement offer.

   j.  Denied.

  33.  Denied.

  34.  Denied.

  35.  Denied.

  36.  Denied as stated.  It is admitted only that Plaintiff filed a charge with the EEOC.

It is specifically denied that said charge was timely filed.

  37.  Denied.  Plaintiff states a conclusion of law requiring no further answer. To the

extent the allegations of Paragraph 37 are deemed factual, said allegations are denied.

## COUNT I

  38.  Denied.  Plaintiff states a conclusion of law requiring no further answer. To the

extent the allegations of Paragraph 38 are deemed factual, said allegations are denied.

  39.  Denied.

  40.  Denied.

  41.  Denied.

  42.  Admitted in part, denied in part.  It is admitted that a right to sue letter was issued

on or about January 29, 2001.  It is denied that such letter gave Plaintiff a "right" to bring a civil

action based on the allegations set forth in Plaintiff's Complaint.

  43.  Denied.

  44.  Denied.

  45.  Denied.

46.    Denied.

47.    Denied.

**WHEREFORE**, Court Defendant requests this Court to enter judgment in its favor and against the Plaintiff.

## COUNT II

48-57   The allegations of paragraphs 48-57 are not directed to answering Court Defendant, and therefore no answer to these paragraphs is required.

**WHEREFORE**, Court Defendant requests this Court to enter judgment in its favor and against the Plaintiff.

## <u>AFFIRMATIVE DEFENSES</u>

Court Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims.  Court Defendant further reserves the right to amend or otherwise supplement the instant pleading as facts are obtained in discovery.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint in whole or in part fails to state a claim against Defendant upon which relief can be granted.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

Court Defendant, at all times alleged in the Complaint, acted in good faith, both objectively and subjectively, and without any intent to deny the plaintiff any rights, and in full

accord with the Constitution of the United States and the laws of the United States and the
Commonwealth of Pennsylvania.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities
provided by the applicable complaint policies and procedures.

### FOURTH AFFIRMATIVE DEFENSE

Court Defendant exercised reasonable care to prevent and correct promptly any sexually
harassing behavior, and is therefore insulated from liability under applicable law, including
Faragher and Ellerth.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no adverse tangible employment action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff sustained no damages and is not entitled to damages as a matter of law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages and is therefore not entitled to relief as a
matter of law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint against Court Defendant was not timely filed with the EEOC, and
Plaintiff has not exhausted administrative remedies as required by law.

## NINTH AFFIRMATIVE DEFENSE

Any actions of Court Defendant alleged in Plaintiff's Complaint were the result of sound business decision exercised in good faith, both objectively and subjectively, and based on reasonable factors other than the unlawful reasons alleged by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of retaliation is a bona fide settlement agreement not cognizable as a claim of retaliation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was consensual and/or welcome by plaintiff, and is not a violation of any law.

**WHEREFORE**, Defendant, Commonwealth of Pennsylvania, Ninth Judicial District, Cumberland County respectfully requests this Honorable Court to grant judgment in its favor and against the plaintiff.

Respectfully submitted,

**A. TAYLOR WILLIAMS, ESQUIRE**
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102
(215) 560-6300

*Attorney For Defendant,*
*Commonwealth Of Pennsylvania*
*Ninth Judicial District, Cumberland County*

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA E. VARNER, | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | NO. 1:CV 01-0725 |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | JURY TRIAL DEMANDED |
| NINTHE JUDICIAL DISTRICT, CUMBERLAND | : | |
| COUNTY; S. GARETH GRAHAM, individually; | : | JUDGE YVETTE KANE |
| and JOSEPH OSENKARSKI, individually, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certify that on April 24, 2003, she served a true and correct copy of the attached *Answers and Affirmative Defenses of the Commonwealth of Pennsylvania, Ninth Judicial District,* by first class U.S. postage prepaid mail, to:

Debra K. Wallet, Esquire
24 North 32nd Street
Camp Hill, PA 17011
*Attorney for Barbara E. Varner*

Paul Lancaster Adams, Esquire
*Sweeney & Sheehan*
1515 Market Street, 15th Floor
Philadelphia, PA 19102

James K. Thomas, II, Esquire
Paul J. Dellasega, Esquire
*Thomas, Thomas & Hafer, LLP*
305 North Front Street, 6th Floor
Harrisburg, PA 17108

David MacMain, Esquire
*Montgomery McCracken,*
*Walker & Rhoads, LL,*
123 South Broad Street
Philadelphia, PA 19109

A. TAYLOR WILLIAMS, ESQUIRE
Attorney I.D. No. 33149
Administrative Office of PA Courts
1515 Market Street
Suite 1414
Philadelphia, PA 19102-1921
215-560-6300