IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,           :
               Plaintiff      :
                             :
       v.                 :   CIVIL ACTION
                             :   NO: 1:CV 01-0725
COMMONWEALTH OF PENNSYLVANIA, :
NINTH JUDICIAL DISTRICT,      :
CUMBERLAND COUNTY;            :   JURY TRIAL DEMANDED
CUMBERLAND COUNTY; S. GARETH  :
GRAHAM, individually; and JOSEPH :
OSENKARSKI, individually,     :   Judge Yvette Kane
               Defendants     :

**FILED**
HARRISBURG, PA
APR 25 2003
MARY E. D'ANDREA, CLERK
Per_____

## PLAINTIFF'S MOTION
## TO COMPEL PRODUCTION OF DOCUMENTS AND
## TO COMPEL THE DEPOSITION OF DAVID W. DELUCE

     The Plaintiff, by her counsel, Debra K. Wallet, Esq., requests that the Court compel

the production of an investigative report prepared by David W. DeLuce, Esq. and all

supporting documentation, including interview notes coincident to this report, and to compel

the deposition of David W. DeLuce, Esq., and states in support of her request as follows:

     1.     Plaintiff commenced this action on April 26, 2001 by filing a complaint.

     2.     All defendants filed motions to dismiss the complaint by July 5, 2001, which

motions were decided by this Court on September 30, 2002.

3.     All defendants except the Court Defendant filed answers to the complaint by November 27, 2002.

4.     The Court Defendant has served and filed an answer on April 24, 2003.

5.     The Cumberland County defendant alleged in paragraph 69 of its Answer of Cumberland County to Plaintiff's Complaint as an affirmative defense that "the County has met its obligations under the Supreme Court's decisions of Faragher [Faragher v. City of Boca Raton, 524 U.S. 775 (1998)] and Ellsworth [believed to be a typo for Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998)]. . .."

6.     The Court defendant has alleged in its Fourth Affirmative Defense contained in the Answer and Affirmative Defenses of the Commonwealth of Pennsylvania, Ninth Judicial District that "the Court Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and is therefore insulated from liability under applicable law, including Faragher and Ellerth."

7.     On December 3, 2002, the Court issued a Scheduling Order providing, *inter alia*, that discovery shall be completed by April 30, 2003 and that any dispositive motions, as well as supporting briefs, be filed on or before June 18, 2003.  The Order also provided that the case be listed for trial in October, 2003.

8.     On July 3, 2002, Plaintiff requested that both the Court and County Defendants produce "a copy of the investigative report given to Judge Harold E. Sheely in or about July, 1997 concerning the investigation of Varner's allegations of sexual harassment and sex discrimination." [hereinafter referred to as the DeLuce Report].  [A copy of the relevant pages of this discovery are contained in the separately bound Documents in Support of Plaintiff's

Motion to Compel Production of Documents and Deposition of David W. DeLuce as Exhibit A.]

9.      In the same request, Plaintiff asked both defendants to produce "a copy of all interview notes or other documents which constitute the investigation of Varner's allegations of sexual harassment and sex discrimination." [A copy of the relevant pages of this discovery are also contained in the separately bound Documents in Support of Plaintiff's Motion to Compel Production of Documents and Deposition of David W. DeLuce as Exhibit A.]

10.     For reasons unrelated to this motion, discovery was stayed for a considerable period of time.

11.      On October 29, 2002, the County defendant objected to the requested production on the basis of attorney client privilege, confidentiality, and work product. [A copy of the relevant pages of this discovery are contained in the separately bound Documents in Support of Plaintiff's Motion to Compel Production of Documents and Deposition of David W. DeLuce as Exhibit B.]

12.      On November 18, 2002, the Court Defendant objected to the production requests on the basis that the DeLuce Report is "privileged and confidential in accordance with the objection previously asserted by Cumberland County." [A copy of the relevant pages of this discovery are contained in the separately bound Documents in Support of Plaintiff's Motion to Compel Production of Documents and Deposition of David W. DeLuce as Exhibit C.]

13.     At the time of the report, David W. DeLuce, Esq. served as county solicitor. [Sheely Depos, p. 9].

14.    During the February 25, 2003 deposition of Judge Harold Sheely, the Judge stated that he did not conduct his own independent investigation of Plaintiff's claims of sexual harassment and discrimination [Sheely Depos, p. 81], that he did not consider DeLuce to be his attorney [Sheely Depos, p. 9], that he did not hire or assign anyone to investigate the allegations that were made by Mr. Varner against Mr. Graham [Sheely Depos, p. 81], but that he first learned of Varner's allegations against Graham from DeLuce. [Sheely Depos, p. 7]. Judge Sheely also testified that he felt no obligation to investigate the claims of Ms. Varner against Graham "any further than the information I already had." When asked what information he had, this information included "what you had gotten from Mr. DeLuce." [Sheely Depos, p. 81-82]. [A copy of the relevant pages from the deposition of Judge Sheely are contained in the separately bound Documents in Support of Plaintiff's Motion to Compel Production of Documents and Deposition of David W. DeLuce as Exhibit D].

15.    At the time Judge Sheely was deciding whether or not to act on Varner's allegations of sexual harassment, he specifically referenced the information which he obtained from the DeLuce Report in his memorandum of July 11, 1997: "I have read the detailed report submitted by the County solicitor concerning the investigation on matters involving the above two parties [Varner, Graham]." In addition, Judge Sheely stated that "I do find disturbing from the report [DeLuce Report] the bad language used by Mr. Graham in some conversations with Ms. Varner." [A copy of this July 11, 1997 Memorandum is contained in the separately bound Documents in Support of Plaintiff's Motion to Compel Production of Documents and Deposition of David W. DeLuce as Exhibit E.]

16.    During the April 4, 2003 deposition of Judge George Hoffer, the Judge stated that he examined and made reference to the DeLuce Report [Hoffer Depos, pp. 7-8; 13; 62-

63; 68-71], that he "drew upon the DeLuce Report" [Hoffer Depos, p. 69], that he did not

consider Mr. DeLuce to be his attorney [Hoffer Depos, p. 14], that he did not hire or assign

anyone to investigate the allegations that were made by Mr. Varner against Mr. Graham except

examining the DeLuce Report [Hoffer Depos, p. 7-8], and that he knew nothing about

Varner's allegations against Osenkarski "except what was contained in the report." [Hoffer

Depos, p. 26-27]. Judge Hoffer also testified that he based his decision, in part, on the

contents of the DeLuce Report and that he made up his mind about what to do with Graham

based upon "the report and the interviews with the various PO's I talked to." [Hoffer Depos,

pp. 77-78]. [A copy of the relevant pages from the deposition of Judge Hoffer are contained in

the separately bound Documents in Support of Plaintiff's Motion to Compel Production of

Documents and Deposition of David W. DeLuce as Exhibit F].

17.    During the depositions of Judges Hoffer and Sheely, the defendants objected to

any questions about the information contained in the DeLuce Report and refused to allow the

two judges to answer questions about the information obtained from DeLuce. [Sheely

Deposition, pp. 7-9; Hoffer Deposition, pp. 13-15]. The reason given was "attorney-client

privilege" and "attorney work product." [A copy of the relevant pages from the depositions of

Judges Sheely and Hoffer are contained in the separately bound Documents in Support of

Plaintiff's Motion to Compel Production of Documents and Deposition of David W. DeLuce as

Exhibits D and F.]

18.    According to the deposition testimony, neither Judges Hoffer nor Sheely

conducted their own investigations of the Varner complaints of sexual harassment or

discrimination but relied, at least in part, upon the information provided to them by DeLuce.

19.     Plaintiff is entitled to discovery of the information on which Judges Hoffer and Sheely based their decision-making to determine if this information was accurate, complete, and otherwise reliable.

20.     Plaintiff cannot assess or otherwise rebut the affirmative defenses of the employer defendants, namely their duty under Faragher and Ellerth or the Court Defendant's asserted defense that it "exercised reasonable care to prevent and correct promptly any sexually harassing behavior," unless she is given access to the DeLuce Report and the supporting documentation.

21.     The Court Defendant cannot assert attorney-client privilege when neither Judge considered DeLuce to be serving as his attorney.

22.     Any attorney-client privilege running between DeLuce and the County Defendant has been waived when facts and opinions were shared with Judges Hoffer and Sheely, individuals who were not DeLuce's clients.

23.     The investigation conducted by DeLuce and the information he gathered was relied upon by the Court Defendant decision-makers, both Judges Sheely and Hoffer.  Neither Judge spoke directly to Varner about her specific charges of sexual harassment and neither received all of Varner's written complaints.  Consequently, the DeLuce investigation was the source of the information about Varner's actual complaints against Graham.  This investigative information is both relevant and discoverable.  This information may lead to other witnesses who would be helpful to prove Plaintiff's case.  At a minimum, Plaintiff is entitled to the report and information about how the investigation was conducted in order to rebut the

affirmative defense that the defendants complied with their duty of reasonable investigation under <u>Faragher</u> and <u>Ellerth</u>.

24.     The attorney work-product doctrine does not apply in this case, particularly where DeLuce was acting in an investigative or human resources capacity, rather than as an attorney.

25.     Both the Court and County Defendants apparently assert that the actions of DeLuce complied with the legal duty to investigate and remedy Varner's allegations of sexual harassment, a duty intrinsic to the <u>Faragher</u> and <u>Ellerth</u> affirmative defenses.

26.     The County Defendant initially noticed the deposition of County Human Resources Director Daniel Hartnett for Tuesday, April 30, 2003.  That deposition has now been canceled by the County Defendant.

27.     Plaintiff has not rescheduled the deposition of Daniel Hartnett and cannot effectively conduct his deposition without the information contained in the DeLuce Report and the supporting documentation.

28.     Plaintiff has not noticed the deposition of David W. DeLuce, Esq.

29.     It is believed that if the Plaintiff noticed the deposition of DeLuce that these same privileges would be asserted, that DeLuce would be prohibited from answering questions about his investigation, and that the deposition would be an exercise in futility without access to the written DeLuce Report and the supporting documentation.

WHEREFORE, the Plaintiff requests that the Court compel the production of the documents described above and compel the deposition of David W. DeLuce.  Coincident with this motion, a joint motion is being filed requesting that the Court extend the discovery

deadline so that all discovery shall be completed no later than sixty (60) days after the Court's ruling on the instant motion for production of the documents.

Respectfully submitted,

Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA  17011
I.D. #23989
(717) 737-1300
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,                          :
           Plaintiff                          :
                                     :
                                     :
          v.                          :     CIVIL ACTION
                                     :     NO: 1:CV 01-0725
COMMONWEALTH OF PENNSYLVANIA, :
NINTH JUDICIAL DISTRICT,                    :
CUMBERLAND COUNTY;                          :     JURY TRIAL DEMANDED
CUMBERLAND COUNTY; S. GARETH                :
GRAHAM, individually; and JOSEPH            :     Judge Yvette Kane
OSENKARSKI, individually,                   :
           Defendants                          :

## CERTIFICATE OF NON-CONCURRENCE

I, Debra K. Wallet, Esq., hereby certify that on April 8, 2003, Paul J. Dellasega, Esq. (Attorney for Cumberland County), and A. Taylor Williams, Esq. (Attorney for Commonwealth of PA, Ninth Judicial District) stated their non-concurrence in the attached motion.

On April 25, 2003, David J. MacMain, Esq. (Attorney for Defendant Graham) stated his non-concurrence, and Paul Lancaster Adams, Esq. (Attorney for Defendant Osenkarski) stated his non-concurrence.

The undersigned counsel further certifies to the Court that this discovery matter cannot be resolved without Court intervention and formal ruling upon the Plaintiff's entitlement to the DeLuce Report and the supporting documentation.

_Debra K. Wallet_
Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA 17011
(717) 737-1300
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,                         :
           Plaintiff                :
                                :
         v.                          :   CIVIL ACTION
                                :   NO: 1:CV 01-0725
COMMONWEALTH OF PENNSYLVANIA, :
NINTH JUDICIAL DISTRICT,                   :
CUMBERLAND COUNTY;                         :   JURY TRIAL DEMANDED
CUMBERLAND COUNTY; S. GARETH               :
GRAHAM, individually; and JOSEPH           :   Judge Yvette Kane
OSENKARSKI, individually,                  :
           Defendants               :

## PROOF OF SERVICE

I, Debra K. Wallet, Esq., hereby certify that on April 25, 2003, I served a copy of the

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO
COMPEL THE DEPOSITION OF DAVID W. DELUCE** by first class mail, postage
prepaid, addressed to:

    James K. Thomas, II, Esq.
    Paul J. Dellasega, Esq.
    THOMAS, THOMAS & HAFER, LLP
    305 North Front St., 6th Floor
    P.O. Box 999
    Harrisburg, PA  17108
    Attorney for Cumberland County


    A. Taylor Williams, Esq.
    Administrative Office of Pennsylvania Courts
    1515 Market Street, Suite 1414
    Philadelphia, PA  19102
    Attorney for Commonwealth of PA, Ninth Judicial District

David J. MacMain, Esq.
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA  19109
Attorney for Defendant S. Gareth Graham

Paul Lancaster Adams, Esq.
SWEENEY & SHEEHAN
1515 Market Street, 15th Floor
Philadelphia, PA  19102-1983
Attorney for Defendant Joseph Osenkarski

_____
Debra K. Wallet, Esquire
24 North 32nd Street
Camp Hill, PA  17011
(717) 737-1300
I.D. No. 23989
Attorney for Plaintiff Barbara E.
   Varner