# ORIGINAL



FILED
HARRISBURG, PA
MAY 23 2003
MARY E. D'ANDREA, CLERK
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA E. VARNER, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO: 1:CV 01-0725 |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| NINTH JUDICIAL DISTRICT, | : | |
| CUMBERLAND COUNTY; | : | JURY TRIAL DEMANDED |
| CUMBERLAND COUNTY; S. GARETH | : | |
| GRAHAM, individually; and JOSEPH | : | Judge Yvette Kane |
| OSENKARSKI, individually, | : | |
| Defendants | : | |

## PLAINTIFF'S REPLY BRIEF REGARDING
## MOTION TO COMPEL

### Introduction

Only the Defendant County filed a brief in opposition to the pending motion to compel.

Therefore, Varner assumes that the Court no longer opposes the motion to compel the

production of the DeLuce report and to compel the deposition of David W. DeLuce.

Defendant County appears to raise only two new legal arguments which were not

addressed by Varner's initial brief:  (1) that the labeling of the DeLuce memorandum as

"Confidential Attorney Impressions Not For Discovery" provides some additional work

product protection to the document; and (2) because Varner has alleged that Defendants Court

and County are both employers for purposes of liability under Title VII that the sharing of the

DeLuce documents by the County with the Court does not constitute a waiver.  Only those two

additional arguments are addressed herein.  Varner stands on the arguments made in her

previous brief.


Argument

### A.    ATTEMPTING TO LABEL A DOCUMENT AS SUBJECT TO ATTORNEY-CLIENT PRIVILEGE DOES NOT GIVE IT ADDED PROTECTION.

Without directly distinguishing those cases cited by Plaintiff in support of her argument

that the use of the Faragher-Ellerth defense constitutes a waiver of the DeLuce investigation,

Defendant County relies only upon those cases explaining in general the attorney-client

privilege and the work product doctrine.  Plaintiff has no doubt that DeLuce reviewed the facts

and provided advice and opinion to the County regarding Varner's allegations.  [Affidavit of

David W. DeLuce, Esq., ¶ 4].  However, the action of finding the facts by interviewing

witnesses is not inconsistent with the role of an investigator rather than the role of an attorney

providing legal advice based entirely upon the facts as presented by the client.

It is the collection of facts, along with the recommendations supported by those facts,

that Varner seeks to discover.  Here, DeLuce interviewed numerous employees[1] in order to

determine the facts.  This is what an investigator of employee complaints is customarily

---

[1] Plaintiff does not know exactly who was interviewed by DeLuce.

assigned to do.  DeLuce then summarized those facts and recommended to the County, his client, a course of action designed to remedy the claims of sexual harassment.  The results of the investigation and the recommendations are "highly relevant" to Varner's sexual harassment claim and to both the County's and the Court's defense to liability.  *See* Payton v. New Jersey Turnpike Authority, 148 N.J. 524, 537, 691 A.2d 321(1997).  Plaintiff continues to assert that the attorney-client privilege does not apply because the purpose of DeLuce's efforts was to enforce the County's anti-harassment policy and/or to comply with the County's legal duty to investigate and to remedy Varner's allegations; but DeLuce had no legal duty or legal relationship to the Court defendant.

The County provides no citation to support its allegations that the disclaimer "Confidential Attorney Impressions Not for Discovery" somehow provides added protection under the work product privilege.  Neither does Plaintiff have citation for the contrary position.  Nevertheless, it makes logical sense that calling an investigation a "report of attorney impressions" does not make it so.  One may call an apple an orange but that does not necessarily make the piece of fruit an orange.

Plaintiff is entitled to discovery of the DeLuce report and the underlying documents because DeLuce was acting in an investigative role (i.e. the attorney-client criteria described in In re Grand Jury Investigation, 599 F.2d 1224 (3d Cir. 1979) do not apply) and because Plaintiff can overcome the work product doctrine by establishing necessity for the information in a Title VII case.  *See* Harding v. Dana Transport, Inc., 914 F. Supp. 1084, 1099 (D.C. N.J. 1996).

3

The Plaintiff has been precluded from finding out what either Judge knew about Varner's claims of harassment and discriminatory treatment, what they relied upon as far as the facts are concerned, and what witnesses supplied those facts.  Each Judge states that he relied on what was in the DeLuce Report [See Motion, ¶¶ 14, 15 (with citations to materials in support)], but Plaintiff has been prohibited from learning anything about the report or the underlying documentation because of the assertion of privilege.  Many of the interviewed witnesses no longer remember what they were asked by DeLuce or what they told him during the investigation.  Plaintiff does not even know the scope of the investigation.  Therefore, there are no acceptable alternatives to the production of the DeLuce investigative report.  To prevent Varner access to the investigation is to prevent her from assessing the reasonableness of the investigation by either the County or the Court or to argue at trial the inadequacy of the investigations done by each of these two defendants.

This case is not like the situation in McIntyre v. Main Street and Main Inc., 2000 U.S. Dist. LEXIS 19617 (N.D. Ca., 2000), in which defendant conducted an in-house investigation into Plaintiff's complaint and provided information about the in-house investigation, but refused to produce a second, separate investigation conducted by a law firm, which investigation was conducted after counsel had entered an appearance and made a demand regarding the plaintiffs' allegations of sexual and other class-based harassment. The Court protected the second investigation from discovery because the defendant claimed that it would rely upon the first, but not the second, investigation with respect to its Faragher-Ellerth defense.

4

**B.     WHO IS THE EMPLOYER UNDER TITLE VII IS A
        DISTINCT LEGAL ISSUE FROM THE ATTORNEY-
        CLIENT WAIVER ARGUMENT.**

Defendant County seems to confuse the concept of two "employers" acting with respect

to one plaintiff under Title VII with the argument that the same two employers may be

separately represented by counsel.  As stated by this Court in its September 30, 2002 order

resolving the motion to dismiss filed by the County, the Third Circuit has recognized that both

a county and a court may be "employers" under Title VII where the salaries of statutory court

employees are paid by county governments and where the county exercises control over the

employees by virtue of general personnel policies.  Graves v. Lowery, 117 F. 3rd 723 (3d Cir.

1997).  That case was similar in many respects to this one where the County controls the purse

strings and issues broad personnel policies to which probation officers are subject and the

Court retains the statutory authority to hire, fire, and take disciplinary action against probation

officers.

Who is the employer under Title VII is a totally distinct issue from an analysis of the

attorney-client waiver issue.  The concept of "joint employers" is borrowed from labor law

under the National Labor Relations Act.  *See* the discussion of this concept in N.L.R.B. v.

Browning-Ferris Industries of Pennsylvania, Inc., 691 F.2d 1117, 1122 -1123 (3d. Cir. 1982).

The "joint employer" concept recognizes that the business entities involved *are in fact separate*

but that they share or co-determine those matters governing the essential terms and conditions

of employment.  *Id.*  The concepts of the totality of the circumstances set forth in Graves,

*supra*, do not impact at all on the need for an attorney to protect his alleged work product from

5

disclosure to individuals *other than* his client. The County and the Court may be "joint employers" under Title VII but that does not mean that they are any less separate for purposes of independent legal representation.

The County's attorney shared allegedly confidential and privileged documents with the Court, a separate entity. Plaintiff does not dispute that the County is entitled to have its attorney provide it with legal advice. Unless otherwise waived, legal advice and core attorney work product is subject to privilege. Similarly, the Court is entitled to its own legal representation. However, when the County's lawyer shares the very memorandum which it claims represents privileged information with two judges who are not employees of the County, that privilege has been waived.

Even if this Court were to find that there was no waiver by the sharing of this memorandum with Judges Sheely and Hoffer, Varner continues to assert the compelling argument that waiver occurs when the County and the Court raise the Faragher-Ellerth defense. This defense is essentially that the employer received allegations of sexual harassment, timely investigated those allegations, and implemented reasonable actions to remedy the alleged harassment. Once this defense has been raised, the Plaintiff must have every opportunity to evaluate the reasonableness of the investigation and the reasonableness of the recommended actions.

For the first time, after reading the County's brief, the Plaintiff has learned that the DeLuce report recommended the firing of both Defendant Graham and Defendant Osenkarski. (County Brief in Opposition to Plaintiff's Motion to Compel, p. 12). The County argues that it

6

states that he lied to Investigator DeLuce.  Varner is certainly entitled to argue that irregardless of the alleged lack of truthfulness of Graham, DeLuce must have had evidence of substantial wrongdoing on the part of Graham's supervisor, Osenkarski, to warrant a recommendation of dismissal for both of these employees.  Plaintiff is entitled to discover the information DeLuce obtained which caused him to make this recommendation with respect to Osenkarski.  Even if the investigation into the allegations against Graham were somehow "flawed" by the statements of Graham, it is indeed difficult to understand how these statements would impact upon the recommendation that Osenkarski himself engaged in harassing conduct or that he failed in his supervisory responsibility to stop the harassment once brought to his attention.

Whether or not the County intends to rely on the DeLuce report *at this time* is irrelevant.  The County relied on the DeLuce report at the time it made its recommendations for disciplinary action.  More important, *the Court* claims that it relied on the DeLuce Report when *the Court* was deciding what action to take.  There was no other investigation conducted by Judge Sheely [Sheely deposition, p. 81] so it is the DeLuce investigation which *must* be the basis for the Court's Faragher-Ellerth defense.

Conclusion

For all of the reasons set forth here and in the prior brief, Varner is entitled to the production of the DeLuce Report and to the interview notes and other communications relating

to the DeLuce Report.  Varner is also entitled to depose DeLuce to supplement all of this information and to address matters not clear from the written materials.

Respectfully submitted,

_Debra K. Wallet_

Debra K. Wallet, Esquire
24 N. 32nd Street
Camp Hill, PA  17011
(717) 737-1300
I.D. #23989

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARBARA E. VARNER,               :
                    Plaintiff    :
                                 :
          v.                     :     CIVIL ACTION
                                 :     NO: 1:CV 01-0725
COMMONWEALTH OF PENNSYLVANIA, :
NINTH JUDICIAL DISTRICT,          :
CUMBERLAND COUNTY;               :     JURY TRIAL DEMANDED
CUMBERLAND COUNTY; S. GARETH     :
GRAHAM, individually; and JOSEPH :     Judge Yvette Kane
OSENKARSKI, individually,        :
                    Defendants   :

## PROOF OF SERVICE

I, Debra K. Wallet, Esq., hereby certify that on May 23, 2003, I served a copy of the

**PLAINTIFF'S REPLY BRIEF REGARDING MOTION TO COMPEL** by first class mail,

postage prepaid, addressed to:

James K. Thomas, II, Esq.
Paul J. Dellasega, Esq.
THOMAS, THOMAS & HAFER, LLP
305 North Front St., 6th Floor
P.O. Box 999
Harrisburg, PA  17108
Attorney for Cumberland County


A. Taylor Williams, Esq.
Administrative Office of Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102
Attorney for Commonwealth of PA, Ninth Judicial District

David J. MacMain, Esq.
MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109
Attorney for Defendant S. Gareth Graham

Paul Lancaster Adams, Esq.
SWEENEY & SHEEHAN
1515 Market Street, 15th Floor
Philadelphia, PA 19102-1983
Attorney for Defendant Joseph Osenkarski


Debra K. Wallet, Esquire
24 North 32nd Street
Camp Hill, PA 17011
(717) 737-1300
I.D. No. 23989
Attorney for Plaintiff Barbara E.
    Varner