# THOMAS, THOMAS & HAFER LLP

### ATTORNEYS AT LAW



www.tthlaw.com

305 North Front Street, P.O. Box 999, Harrisburg, PA 17108
Phone: (717) 237-7100   Fax: (717) 237-7105

*Paul J. Dellasega*
*(717)255-7602*
*pjd@tthlaw.com*

June 11, 2003

**FILED**
**HARRISBURG**

JUN 1 9 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Honorable Yvette Kane
Middle District Court
Federal Building
228 Walnut Street
Harrisburg, PA 17108

     **RE:**    **Barbara E. Varner v. Commonwealth of Pennsylvania, et al.**
             **No.: 1: CV 01-0725**
             **Our File No.: 610-81525**

Dear Judge Kane:

       We are attorneys for Cumberland County in the above-captioned action. This letter is written in response to your order of June 9, 2003, which requires the County to "produce the 1997 investigative report of David W. DeLuce referenced in this Motion to the Court for in camera review.

       The DeLuce report, broadly construed, consists of two separate documents. The first is a memorandum entitled "Confidential Attorney Impressions not for Discovery". This memorandum is addressed to Mr. DeLuce's superior, Horace Johnson, Esquire, at that time the County Solicitor. The memorandum is dated April 30, 1997, and references the "Cumberland County Personnel Barbara E. Varner Harassment Complaint". The memorandum consists of 25 type written pages. The second document is Mr. DeLuce's handwritten notes presumably taken at the time he interviewed various probation department personnel thought to have information relevant to the Varner Complaint. This document is completely handwritten and consists of 56 pages of notes prepared by Mr. DeLuce contemporaneous with his interviews.

       With the Court's indulgence, the County will state its position regarding what materials, if any, should be redacted in the event the Court orders disclosure. Of course, it is the County's position, as previously stated in its brief, that the entire report is privileged, is attorney work product, and should not be produced.

       To the extent Mr. DeLuce can be considered as a mere investigator of facts and not an attorney engaged to provide counsel to the County regarding the correct handling of the Varner Complaint, the County believes that any obligation to disclose would require the production of DeLuce's handwritten notes and nothing else. Those notes will provide the Plaintiff with the factual information available to the County at the time it made its recommendations to the Court regarding the merits of the Varner

---

Lehigh Valley Office: 3400 Bath Pike, Suite 3021, Bethlehem, PA 18017 • Phone: (610) 868-1675 • Fax: (610) 868-1702

Case 1:01-cv-00725-YK    Document 63    Filed 06/19/2003    Page 2 of 3

Complaint. What the Court did in response to those recommendations is already a part of the record, since Judge Sheely, Hoffer and Guido have been deposed.

Alternatively, should the Court believe that the 25 page "Confidential Attorney Impressions Not for Discovery" memorandum dated April 30, 91997, must be produced in whole or in part, Cumberland County submits the appropriate ruling would be as follows:

(1)    The County would not oppose the production of sections one and two of the report entitled "Background " and "Employment Law Summary". These sections are actually covered by the privilege but without waiving its privilege and in the interest of full disclosure the County would not object to their being including in the court's order.

(2)    Section four of the report entitled "Recommendations" clearly constitutes the work product of Mr. DeLuce and provides to his superior, the County Solicitor, advice to extend to the County regarding the handling of the anticipated litigation. Section four therefore should not be the subject of any production order.

(3)    Section three is entitled "Statement of Facts". Section three summarizes and organizes the facts obtained by Mr. DeLuce outlined in his handwritten notes. Although it does not explicitly state his attorney impressions of fact, the manner in which it is presented clearly suggests to some degree who was found credible or not credible and what facts were deemed important enough to disclose and which facts were deemed irrelevant.

(4)    If the Court is going to order any disclosure of the confidential memorandum the County, with reservation, does not oppose the disclosure of section three with a single exception. That exception is the first sentence of the second paragraph on page fourteen of the memorandum. That sentence clearly states a speculative opinion authored by Mr. DeLuce, clearly states attorney credibility resolutions, and clearly is within the ambit of what would be considered a confidential communication between attorney and client. The County would request that single sentence be redacted from Section three.

Although the Court's Order does not so require, the County wishes to identify for the Court the existence of a letter from Mr. DeLuce's superior, County Solicitor Horace Johnson, addressed to Daniel Hartnett, the County's then Personnel Director, and dated June 26, 1997. Mr. Johnson was clearly not an investigator nor has he been identified by any of the multifold deponents in this case as someone by whom they were interviewed. Mr. Hartnett summarizes his conclusions regarding the facts set forth by DeLuce in his confidential memorandum and makes clear and specific recommendations as to what actions the County should take with regard to Varner's anticipated lawsuit.

Unlike the DeLuce report which was mentioned by both Judge Sheely and Hoffer, none of the Judges who have testified have identified this letter or indicated they relied on it in any way. Therefore, the letter would appear to be squarely within the attorney client privilege and not producible.

Nonetheless, should the Court desire an in camera review of Solicitor Johnson's letter to the County Personnel Director, it will be promptly provided to you at your request.

As evidenced by the attached Certificate of Service, copies of this letter are being sent to all other counsel in this case. Consistent with your Order, however, the "DeLuce report" is not being produced to other counsel but only to the Court for in camera inspection.

Very truly yours,

**THOMAS, THOMAS & HAFER, LLP**

By: _____
James K. Thomas, II

JKTII/slh

Enclosure

cc:    Debra K. Wallet, Esquire (w/enc.)
       Barbara Varner (w/enc.)
       Taylor Williams, Esquire (w/enc.)
       David J. MacMain, Esquire (w/enc.)
       Paul Adams, Esquire (w/enc.)