IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA E. VARNER, **Plaintiff** : | |
| : | No.: 1:CV 01-0725 |
| v. : | |
| COMMONWEALTH OF PENNSYLVANIA, NINTH JUDICIAL DISTRICT, CUMBERLAND COUNTY, : | JURY TRIAL DEMANDED |
| and : | |
| CUMBERLAND COUNTY, : | Electronically Filed |
| and : | |
| S. GARETH GRAHAM, Individually : | JUDGE YVETTE KANE |
| and : | |
| JOSEPH OSENKARSKI, Individually **Defendants** : | |

## BRIEF IN SUPPORT OF MOTION TO EXTEND LENGTH OF SUMMARY JUDGMENT BRIEF

I. PROCEDURAL HISTORY

This case was brought by the Plaintiff, Barbara E. Varner, alleging violations of Title VII by the named Defendants. At the time of the alleged violations which gave rise to her Title VII claims, Plaintiff was an employee of the Juvenile Probation Department of the Cumberland County Court

System. The Ninth Judicial District and the County were sued in their capacities as her employers, although it is disputed under the facts that the County is in fact an employer of the Plaintiff.

A scheduling order was issued in this matter, directing that all dispositive motions, including motions for summary judgment, are due to the Court on or about December 19, 2003. Defendant Cumberland County has filed a motion to extend the length of their brief in support of their summary judgment motion in light of the number of witnesses, facts, and legal issues involved in this matter. Because all counsel did not concur, or at least provided no response to our request for concurrence, this brief is filed in support thereof.

II.   ARGUMENT

As indicated above, this case involves a claim under Title VII of the Civil Rights Act of 1964. The claim was brought by an employee of the Juvenile Probation Department of the Cumberland County Court System, where she worked for Defendant S. Gareth Graham. As an employee of the Juvenile Probation Department, Plaintiff is deemed an employee of the Unified Judicial System, although there is a question as to whether or not

she is also an employee of Cumberland County, which pays her salary in the absence of state legislation funding the Court positions.

Ultimately, Plaintiff complained that Defendant Graham and Defendant Joseph Osenkarski had sexually harassed her. An investigation of the compliant was undertaken, and the termination of Graham and Osenkarski was recommended by the investigator and by County officials. However, the Court refused to discharge either of the Defendants. As a result of this, Plaintiff brought suit under Title VII against Graham and Oseknkarski individually and against the Court and County as her "employers".

Defendant Cumberland County is currently prepared to submit a Motion for Summary Judgment and Brief in Support thereof. However, the facts and legal issues presented by this case are extensive and cannot properly be covered in a fifteen page brief as provided by the Local Rules. By way of example, Defendant Cumberland County has compiled a set of Undisputed Material Facts that number 232 and encompass 55 pages in and of themselves. This lengthy document is the result of the fact that more than 20 depositions have been taken in this matter, and extensive discovery has otherwise been undertaken.

In addition to the extensive number of facts presented by this case, the issues presented require thorough examination. First and foremost is the issue of whether or not the Defendant County can be deemed an employer of the Plaintiff in light of the fact that all of the indicia of control necessary to establish the employer-employee relationship lies solely in the hands of the Court rather than the County.

Secondly, and just as importantly, is whether or not the County has satisfied its burden under <u>Faragher</u> and <u>Ellsworth</u>, if it can be properly deemed the Plaintiff's employer for purposes of Title VII liability in that they investigated the Plaintiff's complaints and recommended the termination of the Defendants Graham and Oseknarski to the Court, who had the ultimate power to hire or fire employees such as the Plaintiff.

Under these circumstances, a 15 page limit for a brief in support of a motion for summary judgment would barely scratch the surface of the issued presented. It is noted that Counsel for the Defendant Court and for Defendant Graham have concurred in this request, and are in fact expected to seek leave to extend the page limit for their briefs as well.

- 5 -

III.  CONCLUSION

WHEREFORE, Defendant prays the Court to grant its Motion to Extend the Length of its Brief.

                        Respectfully submitted,

                        **THOMAS, THOMAS & HAFER, LLP**

                        By: **/s/ Paul J. Dellasega**
                              Paul J. Dellasega, Esquire
                              Attorney ID#:  23146
                              305 North Front Street
                              P.O. Box 999, Sixth Floor
                              Harrisburg, PA  17108-0999
                              (717) 255-7602

                              Attorneys for Defendants

Date: December 11, 2003
:269566.1

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the foregoing document to the following counsel of record, by placing a copy of same in the United States, first class mail, postage prepaid, addressed as follows:

Debra K. Wallet, Esquire
24 North 32nd Street
Camp Hill, PA  17011

A. Taylor Williams, Esquire
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102

David J. MacMain, Esquire
Montgomery, McCracken,
 Walker & Rhoads, LLP
123 South Braod Street
Avenue of the Arts
Philadelphia, PA  19109

Paul J. Adams, Esquire
SWEENEY & SHEEHAN, P.C.
1515 Market Street, 15th Floor
Philadelphia, PA  19102

        THOMAS, THOMAS & HAFER, LLP

By:
DATED:    December 11, 2003        **/s/ Paul J. Dellasega**_____
        Paul J. Dellasega, Esquire