V-H




**COMMONWEALTH OF PENNSYLVANIA**
COURTHOUSE
1 COURTHOUSE SQUARE
CARLISLE, PA.
17013-3387

HAROLD E. SHEELY
PRESIDENT JUDGE

(717) 240-6290

July 11, 1997

TO: John Ward, Chief Clerk
    David W. Deluce, Esquire

FROM: The Honorable Harold E. Sheely, P.J. *HES*

SUBJECT: Varner, Graham in Juvenile Probation

    I have read the detailed report submitted by the County solicitor concerning the investigation on matters involving the above two parties. I had planned to transfer Mr. Graham to Adult Probation and previously told Dan Hartnett of this decision. However, I have recently received information, that if true, would nullify in my judgment any sexual harassment claim involved in this relationship. I do not wish to publicly reveal the details of what I have been told at this time.

    Ms. Varner and Mr. Graham were the best of friends for a long time, since Ms. Varner transferred from Children's Services to Probation. Both have been excellent employees in their duties as probation officers. I believe with better supervision in the Juvenile Probation Office, both parties can continue their good

210007

work in the office, even though at this time, the personal relationship between them is not good. I will continue to have Sam Miller work with Ms. Varner on her work assignments until further notice.

I do find disturbing from the report the bad language used by Mr. Graham in some conversations with Ms. Varner. This involved using the "F" word and also loud and abusive language. This cannot be condoned. Mr. Graham is suspended three days without pay for the use of this language, the days being July 25, 26, and 27.

I cannot make a decision on all aspects of the report. I am not in a position to hold a hearing with witnesses under oath. I can and am now saying that on business matters in the office, any conduct between the two parties must be carried out in a respectful manner.

Unfortunately, from my standpoint, I never had the opportunity initially to meet with the two parties in my chambers and try to resolve the matter. I first heard about the allegations from the County solicitor after he had been designated to look into the case. I became aware that both parties had counsel and therefore I would not be justified in conducting any type of meeting with the parties.

I have never spoken to Ms. Varner about the allegations until today. I never spoke to Mr. Graham until Wednesday, July 9, 1997, when he came to my office, and he wanted to speak about some aspects of the case. I also spoke with Mr. Graham and his attorney on Thursday, July 10, 1997, at their request.

210008

Upon consideration, I have changed my mind about a transfer of Mr. Graham to Adult Probation, and as of now he will remain in his present position. I direct his supervisor, Mr. Osenkarski, to pay better attention to matters taking place in the office. I will take more severe action if conduct of any employee warrants it.

cc: Daniel Hartnett

    Debra Wallet, Esquire
    For Ms. Varner

    David Foster, Esquire
    For Mr. Graham

    Joseph Osenkarski
    Chief of Probation - Juvenile Division

    John Roller
    Chief of Probation - Adult Division

210009