# V10

February 28, 2000

To:   Joseph L. Osenkarski, Chief
Fr:   Thomas A. Boyer, Supervisor
Re:   Juvenile Probation Department Seniority Policy

This memo is to address the issue concerning staff member Barbara Varner's questions relating to our department's seniority roster.

I am attaching previous memos relating to this topic, dating back as far as 1985.

It is most important to realize that the former probation department chief retired in July, 1996; this was the time when the Court supported the creation of two separate probation departments, adult and juvenile. The dividing of professional staff, to the adult and juvenile departments, began to take place (informally) beginning in July, 1996. By January 1, 1997, separate county budgets were in place concerning both adult and juvenile probation departments.

Generally, seniority was used to determine staff joining either department.

Mr. Osenkarski was appointed Chief Juvenile Probation Officer, and Mr. Roller was appointed Chief Adult Probation Officer.

When I elected to join the Juvenile Probation Department, along with Chief Osenkarski and Supervisor S. Gareth Graham, and prior to the exact professional staff members of the juvenile department known, the issue of a department seniority policy was discussed, relayed and understood by all members who might have become affected by any change from prior seniority policies.

Mrs. Varner was informed, by me, during this time period (July – August 1996) of the exact reasons for the seniority policy being changed for the juvenile probation department. She indicated that she understood the reasoning and fairness behind the change, and acknowledged her agreement with the policy. This meeting would have occurred prior to any probation officer knowing officially which department they would be joining.

The basic change, for the juvenile department, simply created a fair system whereas staff members would be given seniority credit, for department purposes only, based upon full-time probation department service. It did not, and does not, affect county benefits afforded personnel in any employment status category.

The difficulty with the former policy concerning seniority for the department was that it allowed equal credit for part-time service and for county service in departments other than probation; therefore, in an extreme example, a nurse could bring county service to the probation department, and jump in front of a veteran probation officer for seniority related matters.

The policy of seniority comes into play very rarely; however, any department needs to have the issue written out, in order to prevent any misunderstandings. A seniority list is necessary for those rare occasions where a decision needs to be made



Osenkarski
DEPOSITION
EXHIBIT
#12

210291

as to the granting of permission for certain requests made by staff, for example, a training session, vacation time off, on-call duty assignment sign-ups, etc.

As it turned out, Mrs. Varner was assigned to the Juvenile Probation Department, and would be the only person affected by the change in the department's seniority policy, specifically placing her behind one other staff member who had more probation department employment but less county employment. Other probation officers who could have been affected ended up joining the adult probation department. The Adult Probation Department did not change their policy concerning the seniority issue for existing adult professional staff.

After acknowledging her understanding of the new policy in 1996, Mrs. Varner has never addressed the issue with me since.

To this date, February 2000, Mrs. Varner's single involvement with the department's seniority list includes her signing up for our on-call duty roster, which covers weekend duty for the department. She was granted fifth (5th) choice to select a weekend out of a sixteen week cycle schedule, or 5th out of 16 probation officers who signed up for on-call duty.

I am attaching a number of marked exhibits:

Exhibit # 1: This September 1995 memo addresses the issue of seniority, pointing out the problems with the county policy in regard to fairness surrounding the seniority topic.

Exhibit # 2: This February 1996 memo from the former chief addresses his policy concerning seniority, and has attached to it an additional 1995 memo; these statements were when the probation department was a single department.

Exhibit # 3: This October 1996 memo addresses the seniority policy for members of the Juvenile Probation Department.

Exhibit # 4: This June 1997 memo lists the current members (based upon our seniority roster for the Juvenile Probation Department).

Exhibit # 5: This January 1998 memo presents the current seniority roster of the Juvenile Probation Department.

Exhibit # 6: This August 1999 memo presents the current seniority roster of the Juvenile Probation Department.

*1983 Seniority Policy*

*Copy to all POs + Barry*

## MEMO

TO:     Probation Officers

FROM:   Ken

DATE:   February 12, 1996

RE:     Seniority
==========================================================

The attached is <u>still</u> the seniority policy of our office, and will remain so until and unless you get something further <u>in writing</u> from me.

The description for "PO II Positions" also applies to other titles on a hoped for career ladder, such as "Senior PO".

The seniority policy was in effect for County employees in 1984 when President Judge Sheely, based on recommendations from Joe, John and me, approved same for our office (as up until then we had <u>no</u> policy - and we <u>all</u> wanted one); although the County no longer has a written seniority policy per se, the Employee Manual refers to length of service when speaking to lay offs (p. 27 of the 1990 Manual), and therein refers to length of service <u>in the department</u> affected by the lay offs, <u>and</u> to the affected job titles.

Also, the County recognizes seniority as length of County employment (regardless of department) in the longevity bonus program.

I had considered modifying our seniority policy for the On-Call system <u>only</u>, in order to recognize longevity in the Probation Office; this would have alleviated the situation of several (4) of our less senior staff having even less seniority than a PO hired since they were, but with "time" in another County department. Conversely, this would have also adversely affected several of our senior PO's who had worked in other County offices before coming to our office.

<u>BOTTOM LINE</u>:
    Current Seniority Rank of PO I:

    Baker

    Boyer

    Varner, M

    Thielemann

    Herr

210293

Memo

- 2 -

**Current Seniority Rank of PO I, Cont'd:**

    McKenrick

    Miller, S.

    Drachbar

    Gorman-Vohs

    Miller, G.

    Piper

    Christlieb

    Varner, B.

    Brandt

    Madison

    Horick

    Galbraith

    Green

    Barrelet

**However:**

    Seniority is only <u>one</u> consideration for re-classification to higher level positions, and carries no more weight than the other factors mentioned in the section "PO II Positions" (thus any senior PO positions also).

    Attachment:  Memo dated 4/25/85, incl. KB note 10/5/95.

P.S.

    In many areas of office procedures and functions, consideration of factors other than seniority takes precedence. Just one example would be use of our Office cars, where justification for use is the prime consideration.

210294

*ALL STAFF*

*This has been (since '84) and still is our Office's seniority policy. If we adopt any modifications, they will not be retroactive. Also, not all things are or will be determined by seniority alone.*

April 25, 1985

*Ken 10-5-95*

## P.O. II Positions
### Cumberland County Juvenile - Adult Probation

Refer to attached descriptions as provided by the Penna. Board of Probation and Parole and by the Juvenile Court Judges' Commission, which apply to county departments who participate in the Grant-In-Aid programs.

Requirements (in addition to those in the above mentioned):
Advanced level "line" P.O., based on experience and supervisors' annual evaluations; versatile.

Have the respect and confidence of fellow staff as far as advice and expertise, and of superiors.

Willing to give priority to "getting the job done", and done well and expeditiously.

Nomination Criteria

I ----- Seniority, based on Cumberland County Personnel Policy Manual - 1984, as stated below:

### SENIORITY

Section 1: Seniority is defined as the length of continuous service an employee has with the County from his last recent date of hire. Seniority shall accrue during absence due to illness and other authorized leaves of absence, provided it is not terminated in accordance with Section 2 below.

Section 2: An employee's seniority shall cease for the following reasons:

A. Voluntary termination of employment
B. Discharge
C. Acceptance of other employment while on authorized leave of absence, including sick leave, unless said other employment is authorized by the county.

Section 3: If an employee whose continuous service has been broken by any of the above causes is again hired, he shall begin as a new employee of the County, unless otherwise approved by the Commissioners and Salary Board.

Section 4: Absence due to sickness or accident disability or other approved leave of absence shall not constitute an interruption of continuous service, except as provided in Section 2 hereinabove.

Date of Employment: The date an employee began continuous employment for the County, regardless of whether it was full-time or part-time.

II -- Performance evaluations by superiors.

Selection Process
Appointment is made by the President Judge from those recommended, based on the preceding criteria, by the Chief and Supervisors.

010020 KWB/cl

September 15, 1995

Fr: Thomas A. Boyer

To: Charles McKenrick        William Brandt

Samuel Miller              Dirk Madison

Greg Miller                Nicole Horick

Darby Christleib           Mark Galbraith

Re: Seniority List For Probation Department

On September 14, 1995, Darby Christleib shared with me a copy of a hand written Seniority List of POIs reportedly effective for our department.

This issue, seniority, has for a number of years been discussed, debated and thought about by members of our staff. Like so many other important topics within this department, it has been a gray-colored, unresolved issue that has been fumbled, delayed and never fully and professionally addressed, fairly established or adequately thought through.

This memo is written specifically to each of you because it is my belief that this issue is a very important one, not only for our department as a whole, but for you as individual officers. There is a tremendous chance that if the reportedly hand-written seniority list is going to be the policy for our department, then each of you must be aware that you stand more than a very good chance to be victimized, sooner or later, not only in small matters, but in large areas, also, concerning your future with this department.

Allow me to comment on some facts and information concerning this important matter.

### FACTS

1. Our employer (presently President Judge Harold E. Sheely) has the sole authority to determine the Cumberland County Probation Department's seniority list.

2. Our department's seniority list should be determined upon fair, just, sound, logical and reasonable criterion.

### HISTORY

1. A former President Judge clearly determined that the Commissioners of Cumberland County had some authority over Probation Department personnel (concerning some areas and

-2-

topics); however, he made it known that there were other areas where the Commissioners had <u>no</u> authority.

2. The former (prior to 1990) Cumberland County Personnel Policy Manual mentioned, concerning seniority, that "Seniority is defined as the length of continuous service an employee has with the County from his last recent date of hire." That written policy was both unclear, and contrary to all other items that the manual addressed concerning employee benefits. I wrote a March, 1989 memo to the Commissioners pointing out the necessity to further look into this definition, pointing out to them that their policies concerning all other important matters clearly differentiated between full-time and part-time benefits given to employees, and they needed to include seniority in their pattern. Areas where the county deals differently between full-time and part-time employees include (for both the former and current employee personnel policy manuals):

   1. longevity
   2. probationary periods
   3. hospitalization
   4. vacation
   5. personal days
   6. holidays
   7. sick leave
   8. life insurance
   9. pension

3. Before I ever got a response from the Commissioners, a new Personnel Policy Manual came out, effective 1990. In the current (1990) manual, seniority is not mentioned!

4. Keep in mind, that <u>neither</u> the old or current county policy manuals <u>PERTAIN</u> to our department in certain areas, and a strong contention can be made that the issue of "seniority" for the Cumberland County Probation Department is outside the authority of the county commissioners; therefore, to be determined by our (Court) employer.

REASON

1. There is a need for a seniority list policy for our probation department. However, the established policy must be as fair as is possible. The policy must take into account the weight of several factors, and the policy must <u>exclude</u> subjectivity, personalities and favoritism.

2. We need to look at the Cumberland County Probation Department as a single entity, as it in fact is - different from any other "entity" in county government.

3. The single and most <u>fair</u> common denominator (and equalizer) able to be identified in this department is the starting date

-3-

when each of us began FULL-TIME employment as a Cumberland County Probation Department Probation and Parole Officer.

4. There are many on this probation department staff who have prior experience either in the law enforcement field, or in county government outside of direct, relevant, and full-time Cumberland County Probation Department service. Fairness and justice demand that we acknowledge the fact that on the day each of us began full-time service in this specific department is the day we made a real commitment to this specific career, and is the day when we established our full-time loyalty, full-time commitment and professional full-time efforts. It is this day when all our staff started their important employment with this department, therefore, a most reasonable date to use for the making up of a seniority list for the Cumberland County Probation Department.

5. Although we do not need to acknowledge the County's Personnel Policy Manual in regard to seniority, I again point out that the full-time benefits for employees within the county begin on the date of full-time service.

6. The preponderance of weight, when and after all factors are considered, clearly dictates that seniority for out department be determined by the date when each of us started full-time service in the Cumberland County Probation Department.

7. Our probation department co-workers who hold prior Cumberland County employee service, and who joined our probation department staff after leaving another county department, are entitled to, and are deserving of, any benefit listed in the personnal policy manual for county employees; they are not losing a single earned benefit mentioned in the current county manual. But, concerning seniority for the Cumberland County Probation Department, they know, or should have realized, that when they joined this staff, full-time, they came in at the end - there should have been no doubt about that, in regard to seniority.

*****

I am aware that years ago, when seniority was mentioned, Judge Sheely was approached, although I doubt he wanted to be, about "his" feelings. At that time, having been asked, he replied something to the effect of "following the county policy". In fairness to Judge Sheely, he was not afforded warning or privy to the "entire" picture involved in this important issue. He was put in a spot, given "partial" information, and gave his best answer. As before mentioned, there is not a county policy written, today, addressing seniority; therefore, we need to create our own, and make sure it is the most fair policy as is possible to have.

Concerning a seniority policy, written justifications should

210298

-4-

be presented, and the logic and reasoning behind the final decisions should be shared, with all staff members.

This issue is important, and it's important for every member of this staff, whether the member is a potential victim or not.

Below I have listed two seniority lists, the first is a list showing Probation Officer Is by continuous, full-time Cumberland County Probation Department service; the second list is the "reported" seniority list ranking Probation Officer Is by giving credit for part-time (5 minutes this week, 12 hours next, etc.) county service and prior county service in departments other than Probation.

| SENIORITY LIST DETERMINED BY CONTINUOUS FULL-TIME CUMB. CO. PROBATION DEPARTMENT SERVICE. (lists mo/yr starting full-time Prob. Dept. service) | | SENIORITY LIST GIVING CREDIT FOR PART-TIME EMPLOYMENT WITH COUNTY AND PRIOR COUNTY SERVICE IN OTHER (NON-PROBATION DEPT.) COUNTY DEPARTMENTS. |
|---|---|---|
| 1. Boyer | 10/78 | 1. Baker |
| 2. Baker | 03/79 | 2. Boyer |
| 3. Varner, M. | 08/79 | 3. Varner, M. |
| 4. Thielemann | 10/80 | 4. Thielemann |
| 5. McKenrick | 02/83 | 5. Herr |
| 6. Miller, S. | 12/83 | 6. McKenrick |
| 7. Herr | 01/84 | 7. Miller, S. |
| 8. Drachbar | 12/84 | 8. Drachbar |
| 9. Miller, G. | 09/86 | 9. Vohs |
| 10. Vohs | 04/88 | 10. Miller, G. |
| 11. Christleib | 07/89 | 11. Piper |
| 12. Brandt | 10/90 | 12. Christleib |
| 13. Piper | 03/91 | 13. Varner, B. |
| 14. Madison | 07/92 | 14. Brandt |
| 15. Horick | 11/93 | 15. Madison |
| 16. Galbraith | 02/95 | 16. Horick |
| 17. Varner, B. | 02/95 | 17. Galbraith |
| 18. Green | 02/95 | 18. Green |
| 19. Barrelet | 08/95 | 19. Barrelet |

*****

I have heard it spoken in the past, by probation department personnel in decision-making positions, that, "well, seniority doesn't make that much difference". But, a quick review concerning the history of this department (dating back forty-seven (47) years) shows that only <u>six</u> people have ever been given a promotion above Probation Officer I, and in <u>five</u> of the six promotions, the recipient was the <u>most senior</u> probation Officer I on staff at the time the promotion was given. Seniority, important? You bet it is, and always has been a very important issue, and will always be an important issue for this department.

210299

-5-

While I acknowledge that we have a long history of unwritten policies and procedures, and that often it appears that decisions are made by the "flip of a coin" or decided via the game "fifty-two card pick-up" - is this something that we can be proud of? Can we do better? Is the past our future?

I am giving a copy of this memo to both Joe Osenkarski and John Roller - because - in their promoted positions they possess the authority to create debate and carry a voice in this important topic. And, they share an obligation to assure that total, well thought out factors are included into any finished and established policy affecting the futures of our staff members. With a promoted position comes the authority and power of not only being permitted to make decisions, but the responsibility to make good, clear, proper, correct and _fair_ decisions.

cc:   Joe Osenkarski
      John Roller

210300