V15

March 31, 1998

To Joe Osenkarski Chief P.O.

From Barbara Varner

RE: Promotions / Juvenile Dept.



I am putting my complaint in writing as per our conversation on March 31, 1998. On March 31, I spoke to you about the guidelines you were following in regard to promotions within our department. You provided me with a copy of which I will make reference to.

As per your written guidelines, promotions are based on possessing a bachelors' degree and eight(8) years experience in probation, parole, or social work. I have eight years experience in probation/social work with Cumberland County as of December, 1997. I also have ten(10) years of experience with the C.A.I.U.( Capital area Intermediate Unit) which is considered social work as per civil service criteria. I will have my Masters' degree in Administration of Criminal Justice in May.

A masters' degree is to count for two years experience.

As for other relevant training for the job, I am a D.U.I. instructor, was hired as a Family Preservation Specialist P.O.(I helped to train the workers in the pilot progam at the Stevens' Center). I have Specialty training in M.R. (special needs), as I am trained as a Brailler and am familiar with basic sign language, special education training, adaptive procedures and adpated physical education.

I was arbitrarily demoted on the probation seniority list when the departments split. Judge Sheely had told Ken Bolze (former

920063

chief) and myself in 1997 that the staff was to be grandfathered in regard to seniority( based on time in county which was honored by the adult dept.) and that new staff seniority was based on probation time. I was the only one in either department that lost seniority. Mr. Graham, former supervisor told me that if I didn't like the new seniority procedure, I could take it up with the judge (Sheely) which I did and he agreed with me. He stated he wanted my seniority reinstated, but he failed to follow through before he retired.

In the adult department, several staff have been promoted based on county time not probation time. I was also told by Mr. Graham that you consider whether the officer has a family (children) to raise as to who gets promoted, is this still a consideration?

The officer who was promoted does not have eight(8) years of official service till November, 1998.

I await your response.

Barbara Varner
Probation Officer

c.c.

President Judge Hoffer

Debra Wallet,esq.

Dan Hartnett,Personnel Director