# V-XIII



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 451-5800
TDD: (215) 451-5814
FAX: (215) 451-5804/5767

Barbara Varner
5 Maple Drive
Etters, PA 17319

      Charging Party,

CHARGE NO.: 170990490

Court of Common Pleas of Cumberland County
One Courthouse Square
Carlisle, PA 17013

      Respondent.

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

All requirements for coverage have been met. Charging Party alleged that Respondent discriminated against her by subjecting her to sexual harassment and later retaliated against her for protesting the harassment in violation of Title VII of the Civil Rights Act of 1964, as amended and further harassed her because of her age, 48 in violation of the Age Discrimination in Employment Act.

Charging Party was hired on December 4, 1989, as a Caseworker and became a Probation Officer I on February 7, 1995. Charging Party currently works in Respondent's Juvenile Probation Division.

Charging Party alleges that between January 1996 and December 1996, she was subjected to sexual harassment by her former supervisor. The sexual harassment consisted of lewd comments such as "Jesus Christ, do I need to get a peter meter in my office," and descriptions of his wife's masturbation habits as well as inappropriate touching. During this period, Charging Party first protested these actions to the alleged harasser who told her to leave if she was uncomfortable with his demeanor, and then to the harasser's supervisor, who informed her that he was not going to address the problem because he had no intentions of jeopardizing his position with Respondent.

910013

From December 1996 through May 1997, Charging Party was subjected to retaliatory treatment by the harasser, and indirectly by his supervisor. Her supervisor began to belittle her and yell at her in front of staff as well as in full view of his supervisor.

Charging Party submitted a formal complaint to Personnel on April 8, 1997. The former Judge reprimanded the harasser in July 1997, by suspending him but allowed him to remain in the department. The supervisor was demoted by the new judge in the Spring of 1998.

Charging Party continues to be subjected to retaliatory treatment by management. Recently Respondent offered to give Charging Party a position she had requested, provided she rescind her charges against Respondent. Charging Party refused and was informed that her application could not be seriously considered because of the charges she filed against Respondent.

Charging Party alleges three other issues: denial of seniority due to her previous complaints of harassment, intimidation by the harasser's wife, denial of access to parts of the building where the alleged harasser's wife worked and age discrimination in the form of derogatory comments about age which the supervisor made in Charging Party's presence.

Respondent agrees that in March 1998, Charging Party's supervisor was removed from his position by the new judge. Respondent admitted that Charging Party accused the harasser's wife of harassment, but does not believe the wife's actions were equivalent to harassment. Respondent asserts Charging Party is not restricted in her movements.

Regarding the seniority issue, Respondent asserted that Charging Party's alleged denial of seniority was the result of a reorganization and was not intended to effect Charging Party's seniority.

Witness testimony confirms that Charging Party was subjected to sexual harassment and hostile treatment thereafter by her supervisor.

Regarding the move to another position, Respondent has not officially commented on Charging Party's assertions, but maintains that the best candidate, suited for the position, will be selected. There is evidence that Respondent stated that Charging Party's obtaining the position is contingent upon her dropping the pending charges.

Based on the foregoing, there is evidence to show that Charging Party was a victim of sexual harassment, and was later subjected to retaliatory treatment in the form of demeaning treatment in front of staff, as well as denial of change in position. There is no evidence to suggest that any of this treatment was motivated by age discrimination.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise

910014

them of the court enforcement alternatives available to aggrieved persons and the Commission.

A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission,

09/14/00
DATE

*[signature: Marie M. Tomasso]*

Marie M. Tomasso
District Director

910015