V-i

LAW OFFICES
# JOHNSON, DUFFIE, STEWART & WEIDNER
A Professional Corporation

JERRY R. DUFFIE
RICHARD W. STEWART
C. ROY WEIDNER, JR.
EDMUND G. MYERS
DAVID W. DELUCE
RALPH H. WRIGHT, JR.
DAVID J. LANZA
JOSEPH L. HITCHINGS
MARK C. DUFFIE

301 MARKET STREET
P. O. BOX 109
LEMOYNE, PENNSYLVANIA 17043-0109

TELEPHONE 717-761-4540
FACSIMILE 717-761-3015

HORACE A. JOHNSON
OF COUNSEL



June 26, 1997

Daniel J. Hartnett
Personnel Department
Cumberland County Courthouse
1 Courthouse Square
Carlisle, PA 17013-3387

Dear Dan:

This letter contains my impressions as an attorney of facts and issues regarding Varner's claim of discrimination and harassment by Osenkarski and Graham. You requested that I supply you with a summarization of what the investigator found and concluded. I attempted to do that and soon found that my summarization was going to be about as long as Mr. DeLuce's confidential report. Recognizing this, I stopped this summarization midway through the report. Nevertheless, enclosed is a copy of that initial summarization.

I will in this letter attempt to briefly and in an outline form summarize attorney impression and give you my recommendations:

1. Osenkarski does not run the office, Graham does. Osenkarski admits this and others confirm it.

2. It is clear that Graham lacks professional qualities. Language is atrocious, rants and raves. You either bow to what he wants or suffer punishment. This is confirmed by several people in the office.

3. Graham has stated "he has no plans to hire anymore women or middle aged people". This is confirmed and known generally throughout the office.

4. Graham has treated Varner differently than others in the Probation Office regarding seniority.

5. There are numerous incidents of Graham's language and conduct which a fact finder could find to be inappropriate sexual advances or harassment. There are at least seven or eight such instances, some of which were confirmed by others and some which were not. Osenkarski disagrees as to all of this, but many confirm it.

6. Graham and Osenkarski play favorites. This is the perception probably held by most people in the office.

Daniel J. Hartnett
June 26, 1997
Page 2

7. With respect to each allegation of V, where third party confirmation was possible said confirmation was obtained.

8. Graham and Osenkarski are neither cooperative nor truthful. Osenkarski very uncooperative and clearly not truthful. Graham somewhat more cooperative, but was also less than truthful. He probably would not do well on cross-examination.

9. Osenkarski's and Graham's attitude reflects desire for retaliation against Varner. Opinions of some Probation Officers are that that Graham will retaliate against Varner when this is over.

10. Cooperation by third persons is definitely adversely impacted by their fear of retaliation. This has been stated by some of the Probation Officers and the conduct of others evidence that. People have stated they will not work for Osenkarski or Graham and will do anything to avoid it, including males taking demotions and going to the adult side in order to avoid Osenkarski and Graham.

11. There is a basis for finding that Graham does treat Varner differently than others. Others have stated that Graham treats Varner differently and they believe that this will continue unless Graham is removed.

12. People generally concede that Varner works hard, that her work is good. Graham does not concur. Varner does have the highest case load.

13. Varner and Green in getting their necessary continuing education are doing it on weekends and do not get paid expenses. Other people in the department go during the week and get paid for all their expenses. This was discussed with Graham and Osenkarski by Varner and Green who were told that they are entitled to reimbursement. Perhaps Graham and Osenkarski are correct on this - it should be checked

14. Clearly the conduct of Osenkarski and Graham can be described as that unbecoming supervisors. I think such conduct could be found by a fact finder to constitute a "quid pro quo" sexual harassment of Varner. There is also a basis for liability because of hostile environment sexual harassment.

This problem will not go away. Varner will probably file a lawsuit.

At a minimum Osenkarski should retire and Graham should be removed from any supervisory position. Such action will mitigate the County's damages. Unless the recommended action is taken, the County's knowledge of the allegations and the facts

Daniel J. Hartnett
June 26, 1997
Page 3

surrounding same will probably expose the County to liability for damages and punitive damages claims.

Since the alleged conduct of Osenkarski and Graham is in violation of County policy, any liability imposed on them, including punitive damages, will probably not be covered by County insurance. Clearly punitive damages imposed upon them would not be covered nor would the County be responsible to pay same. The probabilities are that both Osenkarski and Graham would have to get their own attorneys.

We believe it is imperative that the recommended action be taken.

Because it is the Court that hires, fires, and manages the Probation Office, it is incumbent upon the County to provide the Court with a copy of this letter, a copy of the confidential Attorney Impressions Memorandum and a copy of the summary that I started to prepare. By doing this we have provided the Court with all the information and recommendations. Given the fact that no action has been taken by the Court to date, failure of the County to provide said information to the Court could be deemed a negligent act by the County.

Very truly yours,

JOHNSON, DUFFIE, STEWART & WEIDNER

Horace M. Johnson

HAJ:par:64771
Enclosure

1. On April 8, 1997, Varner ("V") orally informed Dan Hartnett of complaints.

2. On April 25, 1997, Varner memo to Hartnett identifying acts of discrimination or harassment by Osenkarski ("O") and Graham ("G"), which have escalated since Bolze retired.

O admits burned out and leaves day to day operations to G. O said "Fucking 35 years in and now G is in charge. G confirms this. O denies knowledge regarding allegations. G denies or has different versions.

Credibility wherever confirmation by a third party was possible the third party confirmed V's allegations.

G and O not being cooperative nor truthful.

G's attitude evidences retaliation is desired.

Cooperation of third persons adversely impacted by their fear of retaliation.

O has relinquished his authority to G. O refuses to employ corrective actions (CONFIRMED).

V and others in office fear reprisal for doing anything v. O and G. CONFIRMED that all employees concerned about this, "If you don't keep Joe and Gary happy, they will punish you".

Age discrimination/sex discrimination. G stated several time to V and coworkers, "he has no plans to hire anymore women or middle aged people (CONFIRMED). G stated to V and others "divorced women are angry at men".

Age and sex discrimination (seniority): V's seniority status lowered pursuant to Sheely/Bolze policy. Adult department did not make retroactive, but juvenile department applied retroactively. V only one affected. Several times G told V promotions not based on time alone, other things are to be considered and then would wink in V's direction (CONFIRMED).

Sexual harassment (satisfy community). G reviewed "Balanced Approach" policy (all involved must be satisfied) and stated to V that V has to satisfy the victim and the community. G told V he could take care of him by satisfying him - alone with suggestive smile to V. (No confirmation), but G admits has had discussions about his marital sex problems.

Sexual harassment (peter meter). G said "Jesus Christ, do I need a Peter Meter in my office" regarding female juvenile with premenstrual problems. V found this degrading and humiliating. G admitted he may have said this.

Discrimination/harassment - G called V a liar regarding mileage and hours regarding commitment trip. Deducted one hour overtime. Treats V differently by requiring that all commitment trips begin at 8:00 A.M. Male officers leave at any time during the day (not confirmed).

G screams at V and moves aggressively toward her desk with fingers pointed in V's face as he approaches her desk. V says G screams at her and uses foul language for all to hear in describing her abilities. G uses "F" word frequently (CONFIRMED). V fears physical assault by G.

G had stated he and the Chief punish" people who don't comply with what they demand or who have fallen out of favor with them. G instructed V not to talk to another female probation officer who brought sexual harassment charges against O.

G slapped V on butt while at prison. G denies but others confirm. V has been harassed and admonished by G because of taking issues to O when G refuses to deal with them. V told to get out of his office. O refused to intercede.

G told explicit stories about sexual problems with his wife and how he punished her.

G has opined to V about how dark a young female's bush is. O has commented about intern's nice set of "jaboobs".

Chastised and harassed by G for allegedly revealing information regarding G and O's out of office activities - use of County phones while hunting - information about Reno trip.

Language - G has repeatedly said V has "no fucking sense, no fucking brain, no fucking ability".

-2-

V suffers humiliation, degradation.

Threats - V informed that O said he punished a male probation officer who testified against him in a previous sexual harassment case "He will punish other people who do the same to him".

Additional Problems Via Investigation.
G told V that drove by V's ex-husband's home and saw him outside and later said "I can take care of your ex, don't worry about him".

Last year G sent V a birthday card which he denies. Card is in file.

G went to V's home unannounced and called her from his cellular phone while in her front yard after he rang doorbell and she didn't answer. G left message, "I know you're in there, please let me in". I know your husband is away and you are alone. V went outside and got rid of G by saying expecting company. G denies ever went unannounced, but has been there frequently on job- related matters.

G told V how G's wife plays with herself, etc. G denies such discussions (not confirmed).

G treats V differently. Rude to her. Tough on her. For all to hear degrades her work and ability. (CONFIRMED).

G claims V initiates sexual discussions.

V claims at DUI Seminar at State College G pleaded with V to join him at the bar. This upset her and she left early, i.e. didn't stay next night. Reportedly G was furious.

Bill Brandt scared because was punished by O for Bill's testimony regarding Kerry Houser v. O.

G treats V differently. Screams at her frequently in loud, rude and abusive manner, but not at others. (CONFIRMED).

-3-

OCT-21-2003 12:57  THOMAS THOMAS & HAFER  717 237 7105  P.08
Case 1:01-cv-00725-YK  Document 105-10  Filed 01/30/2004  Page 8 of 8

Mark Galbraith wanted to get away from O and G. Confirms G's loud, rude, abusive language and demeanor. Claims G plays favorites. Bill Brandt concurred, but scared because life hell since his confirmation that O said Kerry Howser a member of the "cunt club".

Attitude of O and G such that investigator believes retaliation may be forthcoming.

G Miller refused to work for O and G taking a transfer from juvenile to adult even though lost about $8,000 as a result. G Miller confirms the allegations of G regarding favorites, language, etc. Miller feels G will get V for complaining.

Green says V treated very badly. Green believes G wants sexual relationship with V and since not getting it he is punishing her. Green says G grabbed V's behind at prison. Green says G treats V differently than others.

Sam Miller told V who asked Sam to review a petition "that her petition was done as he would do it, but I do not believe G would want you to do it this way".

Perception of other Probation Officers is that V has highest case load.d Records confirm this.

Perception by some Probation Officers is that unfair treatment will continue unless G removed and retaliation will follow unless something done.

Perception V works hard and does good work.

64668

-4-