IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA E. VARNER,<br>   Plaintiff | : <br> : <br> : | |
| | : | No.: 1:CV 01-0725 |
| v. | : <br> : | |
| COMMONWEALTH OF PENNSYLVANIA,<br>NINTH JUDICIAL DISTRICT,<br>CUMBERLAND COUNTY, | : <br> : <br> : | JURY TRIAL DEMANDED |
| | : <br> : | |
| and | : <br> : | |
| CUMBERLAND COUNTY, | : <br> : | |
| and | : <br> : | |
| S. GARETH GRAHAM, Individually | : <br> : | JUDGE YVETTE KANE |
| and | : <br> : | |
| JOSEPH OSENKARSKI, Individually<br>   Defendants | : <br> : | |

**DEFENDANT S. GARETH GRAHAM'S RESPONSE TO VARNER'S STATEMENT OF FACTS MATERIAL TO GRAHAM'S MOTION FOR SUMMARY JUDGMENT**

  Defendant S. Gareth Graham ("Graham") hereby responds to Plaintiff's Statement of Facts Material to Graham's Motion for Summary Judgment. Each and every Statement is denied unless expressly admitted below and Graham reserves the right to dispute any of Plaintiff's Statements at trial. Graham does not concede that any of the Statements below are material for purposes of summary judgment. Graham responds as follows:

  V-G-1. It is admitted that Varner testified that she and another female worker were docked <u>one</u> hour overtime pay for not leaving for <u>one</u> trip by 8:00 a.m. It is admitted that Green

testified that she was docked pay. It is denied that on the pages cited by Plaintiff, Green testified that she was docked pay for failing to leave for a commitment trip by 8:00 a.m.

V-G-2. Denied as stated. It is admitted only that Darby Christlieb and William Brandt testified that they were not instructed to leave for commitment trips prior to 8:00 a.m. (N.T. Christlieb[1] at 51-52; N.T. Brandt at 78). However, Brandt testified that, "as a rule," he left for all of his commitment trips prior to 8:00 a.m., "so I know that no one could have told me [to leave earlier than 8:00 a.m.]". (N.T. Brandt at 78). Moreover, when asked about whether he was instructed to leave before 8:00 or 8:30 a.m. for commitment trips, Miller testified, "I don't remember specific incidents. It was discussed that we needed to be conscientious and efficient ... I do remember conversations in the office where there were times you might not take off till noon or 1:00 and the gist was you needed to have a good reason for that." (N.T. Miller at 73-74).

V-G-3. Admitted.

V-G-4. It is admitted only that Plaintiff "alleges" that she has received more difficult assignments in response to her "rebuffing" Graham. It also is admitted only that documentary evidence dated April, 1997, shows that Plaintiff had the second highest number of cases at that time. It also is admitted only that the April 30, 1997, DeLuce report "quotes statistics of 4/29/97 showing [Plaintiff] with the most cases." It is denied that any of the above substantiates in any way Plaintiff's claim that she received the "most difficult" cases or that the "statistics" quoted in the DeLuce Report were accurate. It further is denied that Plaintiff's "allegations" are sufficient for purposes of defeating a motion for summary judgment.

V-G-5 – V-G-6. Admitted.

---

[1] Unless attached hereto, all deposition pages cited herein were attached to Graham's Motion for Summary Judgment, filed with the Court on December 19, 2003, or to Plaintiff's Brief in Opposition to S. Gareth Graham's Motion for Summary Judgment, which was filed on January 21, 2004.

1000506v1

V-G-7.  It is admitted only that Plaintiff "testified" that she "believes" that she is given more difficult cases or cases in which she supervises large males.  It is denied that this is an undisputed fact or that Plaintiff's "belief" is a "fact" for purposes of summary judgment or trial.

V-G-8.  Admitted.  By way of further response, there has been no evidence produced, and Plaintiff has not alleged, that Graham participated, or played any role, in Osenkarski's use of the term "cunt club."  Moreover, Plaintiff was not even employed by the Probation Department at the time of Osenkarski's use of the term "cunt club."

V-G-9. – V-G-15.  Admitted.

V-G-16.  Denied.  This is a misrepresentation of Osekarski's testimony.  To the contrary, Osenkarski testified that Plaintiff was not negatively impacted.  (N.T. Osenkarski at 156).

V-G-17.  Admitted.

V-G-18.  Denied as stated.  To the contrary, Osenkarski's testimony was as follows:

> Q.  And is it accurate to say you agreed to do one thing, the chief of the Adult Probation Department chose to do something else?
>
> A.  Yes.

(N.T. Osenkarski at 157).

V-G-19.  Admitted.

V-G-20.  It is denied that "several" probation officers confirmed that they were not aware of any prior promotions that had not been made based upon seniority.  To the contrary, only two out of the 20 witnesses deposed were not aware of such a situation.  Moreover, one of the witnesses, Kerry Houser, testified that during her time with the County, there have been no promotions because "there aren't many promotions to be promoted to."  (N.T. Houser at 67).

V-G-21. - V-G-22.  It is admitted that this is Brandt's testimony.

V-G-23. Denied as stated. Judge Hoffer's testimony on this matter was as follows:

> Q. Did you promote Sam Miller?
>
> A. I think I did.
>
> Q. Did you promote Denny Drachbar?
>
> A. I think so, I'm not sure.
>
> Q. Did you promote Debra Green?
>
> A. I don't remember anymore, ma'am. I'd have to look at the records.
>
> Q. Are you aware of anyone who you promoted or you approved for promotion who is not the most senior individual?
>
> A. I don't remember, ma'am.

(N.T. Hoffer at 78-79).

V-G-24. Admitted.

V-G-25. Denied as stated. To the contrary, Osenkarski testified that he "think[s]" that Gary Graham was one of the individuals. (N.T. Osenkarski at 136).

V-G-26. Admitted.

V-G-27. It is admitted that Plaintiff was promoted on June 7, 1998. It is denied that the document cited by Plaintiff supports her contention that her promotion was "held up."

V-G-28. It is admitted that the document cited by Plaintiff in support of this contention indicates that Plaintiff was "dropped one slot lower on a seniority list that was created after the split occurred between adult and juvenile probation." It is denied that the document indicates that Plaintiff was "demoted" below Brandt or that Plaintiff "would have been next in line for a promotion to Senior Probation Officer slated to go before the Salary Board on April 6, 1998."

-5-

V-G-29.  It is admitted that the documents cited by Plaintiff in support of this contention show that Plaintiff was "dropped one slot lower on a seniority list that was created after the split occurred between adult and juvenile probation" and that she was promoted on June 7, 1998.  It is denied that the documents cited by Plaintiff support her contention that she should have been promoted instead of Brandt or that she lost a salary increase that she otherwise would have earned on April 6, 1998.

                                                  Respectfully submitted,

                                                  /s/David J. MacMain

Date: February 9, 2004                By:_____
                                                  David J. MacMain, Esquire
                                                  Montgomery, McCracken, Walker & Rhoads, LLP
                                                  123 South Broad Street
                                                  Philadelphia, PA  19103
                                                  (215) 772-7413

                                                  Attorney for Defendant,
                                                  S. Gareth Graham

1000506v1